**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard Street, Suite 780
Woodland Hills, CA 90212
Telephone:   (877) 206-4741
Facsimile:    (866) 633-0228

[ADDITIONAL PLAINTIFFS' COUNSEL ON SIGNATORY LINE]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCURLEY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL SEAS CRUISES, INC.,<br><br>Defendant. | **Case No.:** 17-cv-1988 AJB (AGS)<br>*consolidated with*<br>17-cv-986 AJB (AGS)<br><br>**CLASS ACTION**<br><br>**CONSOLIDATED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO:** |
| DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL SEAS CRUISES, INC.,<br><br>Defendant. | **1.) TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.; AND,**<br><br>**3.) CALIFORNIA'S INVASION OF PRIVACY ACT, CAL. PENAL CODE § 632.7**<br><br>**JURY TRIAL DEMANDED** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

## INTRODUCTION

1.   Plaintiffs JOHN MCCURLEY ("McCurley"); and, DAN DEFOREST ("DeForest"), bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant ROYAL SEAS CRUISES, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting  Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiffs' privacy.

2.    DeForest also brings class action claims for damages, injunctive relief, and any other available legal or equitable remedies, in connection with Defendant's practice of recording calls to consumers without having first notified said consumers or obtaining their consent to have the call recorded, in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7.

3.   Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### THE TELEPHONE CONSUMER PROTECTION ACT

4.   The TCPA was designed to prevent calls and messages like the one described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."  TCPA, Pub.L. No. 102-243, § 11.  Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

6.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]."  *Id*. At §§ 12-13.  *See also, Mims*, 132 S. Ct. at 744.

7.    As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions.  A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call.  An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## CALIFORNIA'S INVASION OF PRIVACY ACT

8.  The California State Legislature passed the California Invasion of Privacy Act ("CIPA") in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

9.  California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone.

10.  Unlike California Penal Code § 632, there is no requirement under California Penal Code § 632.7 that the communication be confidential.

11.  Plaintiff DeForest alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

12.  Jurisdiction is proper under 47 U.S.C §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (2012), because Plaintiffs allege violations of the TCPA, a federal law.

13.  This Court also supplemental jurisdiction over the State Law claim pursuant to 28 U.S.C. § 1637.

14. Jurisdiction for the CIPA claim, a California State Law, is also proper under 28 U.S.C. § 1332(d)(2) because DeForest, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a headquartered in the State of Florida and operating nationwide.

15. DeForest also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

16. Therefore, both minimal diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

17. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because McCurley lives in San Diego, CA, the events giving rise to Plaintiff McCurley's causes of action against Defendant occurred in the State of California within the Southern District of California and Defendant conducts business in the area of San Diego, California. Plaintiff McCurley was physically in San Diego County when he received both telephone calls from Defendant.

**PARTIES**

18. McCurley is, and at all times mentioned herein was, an individual citizen and resident of the County of San Diego, in the State of California, who received the telephone calls which are subject of this complaint, while he was physically in the County of San Diego.

19. DeForest is, and at all times mentioned herein was, an individual citizen and resident of the County of Orange, in the State of California, who received the telephone calls which are subject of this complaint, while he was physically in the County of Orange.

20. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, an individual and a "person," as defined by 47 U.S.C. § 153 (39).

21. Plaintiffs are informed and believe, and thereon allege, that Defendant is a Florida corporation, with offices in Ft. Lauderdale, Florida.

22. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS RE: MCCURLEY

23. At all times relevant, McCurley was a citizen of the State of California.

24. McCurley is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C § 153 (39).

25. Defendant is, and at all times mentioned herein was,  a "person" as defined by 47 U.S.C. §153 (39).

26. Sometime prior to January 1, 2013, McCurley was assigned, and became the owner of, a cellular telephone number from his wireless provider.

27. On or about May 3, 2017, at 1:37 PM, McCurley received a call on his cellular telephone from Defendant, in which Defendant utilized an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

28. The call to McCurley's cellular telephone number, (925) XXX-1321, from Defendant, came from phone number: (925) 318-5700.

29. McCurley let this call go to his voicemail as he was not able to answer at the time.

30. A few minutes later, McCurley called the number back to see who had called him.

31. Someone answered indicating that this was an opportunity to go on a free cruise on Grand Celebration Cruise lines.

32. The person indicated that the cruise was free and the reason they were giving away the cruise was for marketing purposes.

33. The person said if McCurley enjoyed the cruise he would tell all of his friends about their company.

34. To verify the company, McCurley asked what company the caller worked for.

35. The caller did not respond appropriately, and McCurley realized it was actually a recorded voice and not a live person.

36. He terminated the call.

37. McCurley then immediately received another call from Defendant, who utilized an ATDS in calling his cellular telephone.

38. This call also came from phone number (925) 318-5700, and it came at 1:42 PM on May 3, 2017.

39. This time McCurley answered the phone.

40. The caller's voice was different than the last call, but was saying the exact same script at the exact same pace.  At the end of the recording, the voice asked three questions:  1) are you at least 21 years old?;  2) can you travel within the next 18 months?;  and 3) do you have a major credit card?

41. McCurley answered "yes" to all three questions and was connected to a live person.   The live person identified himself as David from Royal Seas Cruises.

245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

42. David told Plaintiff that he was from Royal Seas Cruises which is located in Ft. Lauderdale, Florida.

43. He explained that the free cruise was for two travelers on the Grand Celebration cruise ship.

44. McCurley asked David what company had called him with the recorded voice and David responded that Royal Seas Cruises did.

45. David told McCurley that Royal Seas did not contract with telemarketers and the call came from a different department at Royal Seas.

46. McCurley told David that he was not interested in the cruise and asked to be placed on a do not call list.

47. David asked why he was not interested and McCurley terminated the call.

48. The calls to McCurley were for marketing purposes as Defendant was trying to sell McCurley a cruise vacation.

49. McCurley has no business relationship with Defendant.

50. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

51. The ATDS used by Defendant also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.

52. The telephone number Defendant called was assigned to a cellular telephone service for which McCurley incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

53. McCurley at no time provided "prior express consent," written or otherwise, for Defendant to place telephone calls to McCurley's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

54. McCurley had not provided his cellular telephone number to Defendant. McCurley was not a customer of Defendant.

55. McCurley had no "established business relationship" with Defendant, as defined by 47 U.S.C. § 227 (a)(2).

56. These telephone calls made by Defendant were in violation of 47 U.S.C. § 227(b)(1).

### FACTUAL ALLEGATIONS RE: DEFOREST

57. Beginning in or around May of 2017, Defendant contacted DeForest on DeForest's cellular telephone number ending in -7192, in an attempt to solicit DeForest to purchase Defendant's services.

58. On information and belief, Defendant hired HELPING HANDS to generate leads and place calls on Defendant's behalf.

59. That is, Defendant hired HELPING HANDS to place calls to telephones numbers of potential leads with whom HELPING HANDS and Defendant might solicit services.

60. Under this arrangement, HELPING HANDS placed calls utilizing pre-recorded voice messages to Plaintiffs and others similarly situated by using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

61. HELPING HANDS would call Plaintiffs and others similarly situated and then, when someone such as DeForest or McCurley answers, transfer the call to Defendant.

62. Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to DeForest seeking to solicit its services.

63. Defendant contacted or attempted to contact DeForest from telephone numbers confirmed to belong to Defendant, including without limitation (844) 313-4816 and (714) 905-5832.

**CONSOLIDATED CLASS ACTION COMPLAINT**

245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

64. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

65. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which DeForest incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

66. During all relevant times, Defendant did not possess DeForest's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

67. On information and belief, Defendant utilizes web scraping tools to pull lists of phone numbers from public sources, and compile said numbers into a list, from which Defendant's ATDS randomly or sequentially dials numbers, utilizing automated means, and with a pre-recorded voice.

68. On information and belief, Defendant does not employ scrubbing technology to scrub/screen either for phone numbers that appear on the National Do Not Call List, or for cellular phone numbers, prior to dialing these "scraped" numbers *en-masse*.

69. Defendant placed multiple calls soliciting its business to DeForest on his cellular telephone ending in -7192 beginning in or around May of 2017.

70. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

71. DeForest received numerous solicitation calls from Defendant within a 12-month period.

72. During each conversation between DeForest and Defendant, DeForest maintained a reasonable expectation of privacy.

73. That is, DeForest had a reasonable expectation during his phone conversations with Defendant that the conversations would neither be recorded nor overheard.

74. Defendant intentionally recorded their calls with DeForest through the use of an electronic device without having first obtaining DeForest's consent to be recorded or otherwise notifying DeForest that the call was being recorded, thereby violating the CIPA, Cal. Penal Code § 632.7.

75. Upon information and belief, and based on DeForest's experiences of being called by Defendant despite having no prior relation to DeForest whatsoever, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ACTION ALLEGATIONS

76. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated.

77. Plaintiffs represent, and are a member of, the TCPA Class, consisting of:

> All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one telephone call using an ATDS and/or an artificial or prerecorded voice from Royal Seas Cruises, Inc., or their agents calling on behalf of Royal Seas Cruises, Inc., between the date of filing this action and the four years preceding, where such calls were placed for the purpose of marketing, to non-customers of Royal Seas Cruises, Inc., at the time of the calls.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

78. DeForest represents, and is a member of, the CIPA Class, consisting of:
    All persons in California whose inbound and outbound telephone conversations were recorded without their consent and without notification that the calls were being recorded by Defendant or its agent(s) within the one year prior to the filing of this action.

79. The TCPA Class and CIPA Class shall be referred to jointly as "The Classes".

80. Defendant and their employees or agents are excluded from the Classes. Plaintiffs do not know the number of members in the Classes, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

81. Plaintiffs and members of the TCPA Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and the TCPA Class members via their cellular telephones thereby causing Plaintiffs and the TCPA Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the TCPA Class members previously paid, by having to retrieve or administer messages left by Defendant or its agents, during those illegal calls, and invading the privacy of said Plaintiffs and the TCPA Class members. Plaintiffs and the TCPA Class members were damaged thereby.

82.   DeForest and members of the CIPA Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded inbound and outbound cellular telephone conversations without their consent and without giving them prior notice of the recording within the one year prior to the filing of this action, thereby running afoul of CIPA Class members' reasonable expectations of privacy and causing them damage.

83.   This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

84.   The joinder of the Classes members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.

85.   The Classes can be identified through Defendant's records and/or Defendant's agent's records.

86.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the TCPA Class predominate over questions which may affect individual TCPA Class members, including the following:

i. Whether, within the four years prior to the filing of the Complaint, Defendant made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the TCPA Class members using any ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

ii. Whether Defendant called non-customers of Defendant for marketing purposes;

iii. Whether Plaintiffs and the TCPA Class members were damaged thereby, and the extent of damages for such violation(s); and

iv. Whether Defendant should be enjoined from engaging in such conduct in the future.

87. As persons who received calls from Defendant in which Defendant used an ATDS or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are each asserting claims that are typical of the TCPA Class. Plaintiffs will fairly and adequately represent and protect the interests of the TCPA Class in that Plaintiffs have no interests antagonistic to any member of the TCPA Class.

88. Common questions of fact and law exist as to all members of The CIPA Class which predominate over any questions affecting only individual members of The CIPA Class. These common legal and factual questions, which do not vary between CIPA Class members, and which may be determined without reference to the individual circumstances of any CIPA Class members, include, but are not limited to, the following:

i. Whether Defendant has a policy of recording incoming or outgoing calls;

ii. Whether Defendant has a policy of recording incoming or outgoing calls initiated to or from a cellular telephone;

iii.Whether Defendant discloses to callers or obtains their consent that their incoming or outgoing telephone conversations were being recorded;

iv.Whether Defendant's policy of recording incoming or outgoing calls to cellular telephones constitutes a violation of the CIPA, Cal. Penal Code § 632.7;

v.Whether DeForest and The CIPA Class were damaged thereby, and the extent of damages for such violations; and

vi.Whether Defendant should be enjoined from engaging in such conduct in the future.

89.   As a California resident whose telephone communications from Defendant were recorded without consent or notice, DeForest is asserting claims that are typical of The CIPA Class because every other member of The CIPA Class, like DeForest, was a person in California who was exposed to practically identical conduct, and they are entitled to the greater of either $5,000 in statutory damages or three times the amount of actual damages for each violation.

90.   Plaintiffs and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  The size of Classes member's individual claims causes, few, if any, Classes members to be able to afford to seek legal redress for the wrongs complained of herein.

91.   Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the TCPA and CIPA.

92. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Classes members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

93. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION:**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**
**PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

94. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

95. The foregoing acts and omissions of Defendant constitutes multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

96. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and the TCPA Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

97. Plaintiffs and the TCPA Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**SECOND CAUSE OF ACTION:**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

98.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

99.   The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

100.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and each of the TCPA Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

101.  Plaintiffs and the TCPA Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT**
**CAL. PENAL CODE § 632.7**

102.  DeForest incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

103.  Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted).

104. Thus, DeForest believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

105. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

106. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

107. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

108. DeForest is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

109. Said recording equipment was used to record the telephone conversations of DeForest and the members of the CIPA Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

110. Based on the foregoing, DeForest and the members of the CIPA Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

111. Because this case is brought for the purposes of enforcing important rights affecting the public interest, DeForest and the CIPA Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

112. Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and the Classes members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

113. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each TCPA Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

114. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

115. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

116. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each TCPA Class member treble damages, as provided by statute, up to $1,500.00 for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

117. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

118. Any other relief the Court may deem just and proper.

### THIRD CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA'S INVASION OF PRIVACY ACT, CALIFORNIA PENAL CODE § 632.7

119. For statutory damages of $5,000 per violation of Cal. Penal Code § 632.7 for DeForest and each member of The CIPA Class pursuant to Cal. Penal Code § 637.2(a).

120. Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.

121. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The CIPA Class, without their prior consent, as required by Cal. Penal Code § 630, et seq., and to maintain the confidentiality of the information of DeForest and The CIPA Class.

122. Any other relief the Court may deem just and proper.

1
2
3

**TRIAL BY JURY**

4    123.   Pursuant to the seventh amendment to the Constitution of the United States

5    of America, Plaintiffs are entitled to, and demands, a trial by jury.

6

7    Dated: December 20, 2017                                    Respectfully submitted,

8                                                    **KAZEROUNI LAW GROUP, APC**

9
10                                       By:    ___/s/ Matthew M. Loker___
                                                MATTHEW M. LOKER, ESQ.
11                                               ATTORNEY FOR PLAINTIFFS

12   **[ADDITIONAL COUNSEL FOR PLAINTIFFS]**

13
14   **HYDE & SWIGART**
     Joshua B. Swigart, Esq. (225557)
15   josh@westcoastlitigation.com
     Kevin Lemieux, Esq. (225886)
16   kevin@westcoastlitigation.com
     2221 Camino Del Rio South, Ste 101
17   San Diego, CA 92108
     Telephone:   (619) 233-7770
18   Facsimile:    (619) 297-1022

19
20
21
22
23
24
25
26
27
28