**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard Street, Suite 780
Woodland Hills, CA 90212
Telephone:   (877) 206-4741
Facsimile:   (866) 633-0228

[ADDITIONAL PLAINTIFFS' COUNSEL ON SIGNATORY LINE]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN MCCURLEY, **INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

Plaintiff,

v.

**ROYAL SEAS CRUISES, INC.,**

Defendant.

_____

**DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

Plaintiff,

v.

**ROYAL SEAS CRUISES, INC.,**

Defendant.

**Case No.:** 17-cv-1988 AJB (AGS)
*consolidated with*
17-cv-986 AJB (AGS)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(B)(2) AND (B)(3) AND TO BE APPOINTED CLASS COUNSEL**

**Hon. Judge Cynthia Bashant**

**Date:   April 9, 2018**

**Time:  9:00 am**

**Place:  221 West Broadway Courtroom 4B, San Diego, CA 92101**

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................1

II.    PROCEDURAL BACKGROUND ........................................................1

III.   FACTUAL BASIS FOR CLASS CERTIFICATION...............................2

IV.    TELEPHONE CONSUMER PROTECTION ACT .............................3

V.     CALIFORNIA'S INVASION OF PRIVACY ACT................................5

VI.    RULE 23 STANDARDS AND CLASS CERTIFICATION ANALYSIS .. 6

    A.    The Proposed Class Are Adequately Defined and Clearly
        Ascertainable ...............................................................................8

    B.    Numerosity .................................................................................10

    C.    Commonality ............................................................................. 10

    D.    Typicality ....................................................................................13

    E.    Adequacy of Representation .............................................15

    F.    Hybrid Class Certification Under Rules 23(b)(2) and (b)(3)
        Should Be Granted.....................................................................16

        1. Rule 23(b)(2) ......................................................................16

        2. Rule 23(b)(2) ......................................................................17

    G.    A Class Action Is Superior To Numerous Individual Actions......19

VI.    CONCLUSION .......................................................................................20

1
2
3

# TABLE OF AUTHORITIES

4
**Cases**

5
6
*Abels v. JBC Legal Group, P.C.*,
    227 F.R.D. 541 (N.D. Cal. 2005).................................................................. 17

7
8
*Adams v. AllianceOne, Inc.*,
    No. 08-CV-248, 2011 WL 2066617 (S.D. Ca. May 25, 2011).............................. 4

9
10
*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ............................................................................... 17

11
12
*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. Cal. 2001) ........................................................ 11, 14

13
14
*Bellows v. NCF Fin. Sys.*,
    2008 U.S. Dist. LEXIS 114451 (S.D. Cal. Sept. 5, 2008) ................................. 20

15
16
*Bridgeview Health Care Ctr., Ltd. V. Clark*,
    2012 U.S. Dist. LEXIS 37310 (N.D. Ill. Mar. 19, 2013) ...................................... 4

17
18
*Brown v. Defender Sec. Co.*,
    2012 WL 5308964 (C.D. Cal. Oct. 2, 2012) ....................................................... 5

19
20
*Califano v. Yamaki*,
    442 U.S. 682 (1979) ................................................................................... 6

21
22
*Connelly v. Hilton Grand Vacations Co.*,
    2012 U.S. Dist. LEXIS 81332 (S.D. Cal. June 11, 2012) ...............................4, 18

23
24
*Crown, Cork, & Seal Co., v. Parking*,
    462 U.S. 345 (1983)................................................................................... 1

25
26
*Dunn v. City of Chicago*,
    231 F.R.D. 367 (N.D. Ill. 2005).................................................................... 10

27
28
*Eisen v. Carlisle & Jacquelin*,

iii

417 U.S. 156 (U.S. 1974) ...................................................................... 6

*Elliott v. ITT Corp.,*
150 F.R.D. 569 (N.D. Ill. 1992) ............................................................ 8

*Ellis v. Costco Wholesale Corp.,*
285 F.R.D. 492 (N.D. Cal. Sept. 25, 2012) ............................... 11, 15, 18

*Ellison v. Steve Madden, LTD,*
No. 11-CV-5935-PSG (AGRx) (C.D. Cal. Sept. 25, 2012) ................. 12

*Flanagan v. Flanagan,*
27 Cal. 4th 766, 776 (Cal. 2002) ......................................................... 5

*Franklin v. City of Chicago,*
102 F.R.D. 944 (N.D. Ill. 1984) .......................................................... 11

*General Telephone Co. of Southwest v Flacon,*
457 U.S. 147 (1982) ..................................................... 7, 10-11, 14, 17

*G.M. Sign, Inc. v. Franklin Bank, S.S.B.,*
2008 U.S. Dist. LEXIS 79827 (N.D. Ill. Aug. 20, 2008) ............... 14, 19

*Grant v. Capital Management Services, L.P.,*
2011 WL 3874877 (9th Cir. Sept. 2, 2011) ........................................... 4

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. Cal. 1988) ................................. 10, 15, 17, 19

*Hanon v. Dataproducts Corp.,*
976 F.2d 497 (9th Cir. 1992) ....................................................... 6, 13, 15

*Harris v. Circuit City Stores, Inc.,*
2008 U.S. Dist. LEXIS 12596 (N.D. Ill. Feb. 7, 2008) ...................... 14

*Holtzman v. Turza,*
2009 U.S. Dist. LEXIS 95620 (N.D. Ill. Oct. 14, 2009) ...................... 14

*In re Adobe Sys., Inc. Sec. Litig.,*
139 F.R.D. 150 (N.D. Cal. 1991) ........................................................ 6

*In re Jiffy Lube Int'l, Inc. v. Text Spam Litig.,*

879 F. Supp. 2d 1079 (C.D. Cal. 2012) ................................................ 4

*Karen S. Little, L.L.C. v. Drury Inns, Inc.*,
306 S.W.3d 577 (Mo. Ct. App. 2010) ................................................ 7

*Kearney v. Salomon Smith Barney, Inc.*,
39 Cal.4th 95, 118 (2006) ................................................ 5

*Kramer v. Autobytel, Inc.*,
759 F. Supp. 2d 1165 (N.D. Cal. 2010) ................................................ 3

*Kuschner v. Nationwide Credit, Inc.*,
256 F.R.D. 684, 688 (E.D. Cal. 2009) ................................................ 5

*LaDuke v. Nelson*,
762 F.2d 1318 (9th Cir. 1985) ................................................ 11

*Lee v. Stonebridge Life Ins. Co.*,
2013 U.S. Dist. LEXIS 19774 (N.D. Cal. Feb. 12, 2013) ................................ 4, 19

*Manno v. Healthcare Revenue Recovery Group, LLC*,
2013 U.S. Dist. LEXIS 52620 (S.D. Fla. Mar. 26, 2013) ................................ 7, 18

*McKenzie v. Fed. Express Corp.*,
275 F.R.D. 290 (C.D. Cal. 2011) ................................................ 7

*Meyer v. Portfolio Recovery Associates, LLC*,
2012 WL 4840814 (9th Cir. Oct. 12, 2012) ........................................ 14

*Mendoza v. Home Depot, U.S.A., Inc.*,
2010 U.S. Dist. LEXIS 13025 (C.D. Cal. Jan. 21, 2010) .............................. 10

*Messner v. Northshore Univ. HealthSystem*,
669 F.3d 802 (7th Cir. Ill. 2012) ................................................ 19=7

*Moore v. PaineWebber, Inc.*,
306 F.3d 1247 (2d Cir. N.Y. 2002) ................................................ 21

*Moreno v. Autozone, Inc.*,
251 F.R.D. 417 (N.D. Cal. 2008) ................................................ 8

*Montgomery v. Rumsfeld*,

v

572 F.2d 250 (9th Cir. 1978) ............................................................... 6

*Murray v. GMAC Mortgage Corp.*,
    434 F.3d 948 (7th Cir. 2006) ........................................................ 19

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
    238 F.R.D. 482 (C.D. Cal. 2006) .................................................... 9

*Santillan v. Ashcroft*,
    No. C 04-2686 MHP, U.S. Dist. LEXIS 20824 (N.D. Cal. Oct. 12, 2004) ........... 8

*Satterfield v. Simon & Schuster, Inc.*,
    569 F.3d 946 (9th Cir. 2009) ......................................................... 3

*Schwartz v. Upper Deck Co.*,
    183 F.R.D. 672 (S.D. Cal. 1999) .................................................... 8

*Shaw v. BAC Home Loans Servicing, LP*,
    2011 U.S. Dist. LEXIS 149416 (S.D. Cal. Dec. 29, 2011) ..................... 8

*Spencer v. Beavex, Inc.*,
    2006 U.S. Dist. LEXIS 98565 S.D. Cal. Dec. 15, 2006) ...................... 9

*Stanton v. Boeing Co.*,
    327 F. 3d 938 (9th Cir. 2003) ....................................................... 15

*Sullivan v. Kelly Servs.*,
    268 F.R.D. 356 (N.D. Cal. 2010) .................................................. 10

*Swanson v. Mid Am., Inc.*,
    2013 U.S. Dist. LEXIS 19774 (N.D. Cal. Feb. 12, 2013) ..................... 11

*Thompson v. Clear Channel Communs., Inc. (In re Live Concert Antitrust Litig.)*,
    247 F.R.D. 98 (C.D. Cal. 2007) ..................................................... 6

*Valentino v. Carter-Wallace, Inc.*,
    97 F.3d 1227 (9th Cir. 1996) .................................................. 17, 19

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (U.S. 2011) ........................................... 6, 11, 14, 16

*Westways World Travel, Inc. v. AMR Corp.*,

218 F.R.D. 223 (C.D. Cal. 2003) ....................................................19-20

*Wolin v. Jaguar Land Rover N. Am., LLC,*
    617 F.3d 1168 (9th Cir. 2010).................................................. 17

*Wolph v. Acer America Corp.,*
    272 F.R.D. 477 (N.D. Cal. 2011) ............................................... 8

*Yoshioka v. Charles Schwab Corp.,*
    2011 U.S. Dist. LEXIS 147483 (N.D. Cal. Dec. 22, 2011)................15

**Statutes**

47 U.S.C. § 227 ...............................................................passim

Cal. Penal Code §632.7 ....................................................passim

**Rules**

Fed. R. Civ. P. 23................................................................passim

Fed. R. Civ. P. 23(a) ...................................................6, 10, 15

Fed. R. Civ. P. 23(b) .................................................................16

Fed. R. Civ. P. 23(b)(3) .............................................................17

Fed. R. Civ. P. 23(g)(1)(B) .......................................................15

**Other**

1 Alba Cone & Herbert B. Newberg,
    *Newberg on Class Actions* § 3.3 (4th ed. 2002) .................10

5 James Wm Moore,
    *Moore's Fed. Prac.* § 23.21 (2001) ...................................8

7A Wright, Miller & Kane,
    *Fed. Prac. & Proc. Civil 3d* § 1760 (3 ed. 2005) ..............8

C. Wright, A Miller & M. Kane,

*Federal Prac. & Proc. Civil 2d* § 1754 (1986)......................................................6

H. Newberg,
    *Newberg on Class Actions* § 1115(b) (1st Ed. 1977) ................................... 13-14

*In Re Matter of Rules and Regulations Implementing the Telephone*
    *Consumer Protection Act of 1991,*
    Declaratory Ruling, 2013 WL 1934349, CG Docket No. 11-50,
    FCC 13-54 (May 9, 2013)......................................................................4

## Memorandum of Points and Authorities

### I. INTRODUCTION

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis. *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983). This putative class action centers on a few simple allegations which, if found to be true, constitute numerous violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (the "TCPA") and the California Invasion of Privacy Act, Cal. Penal Code §632.7 ("IPA"). Plaintiffs John McCurely and Dan Deforest allege that Defendant Royal Seas Cruises, Inc. made autodialed and/or prerecorded voice calls to the cellular telephones of Plaintiffs and putative class members without prior express consent, in violation of § 227(b)(1)(A)(iii) and recorded the telephone calls of Plaintiff Dan Deforest and putative class members without their consent in violation of cal. Penal Code § 632.7.  Claims under the TCPA and IPA make ideal class actions because the putative class members suffer the same injury in virtually the same manner.

### II. PROCEDURAL BACKGROUND

On May 12, 2017, Plaintiff John McCurley filed a Complaint against Defendant Royal Seas Cruises, Inc. alleging that Defendant violated various provisions of the Telephone Consumer Protection Act, 47 U.S.C. §227(b). Friedman Decl., ¶ 4. On June 7, 2017, Plaintiff Dan Deforest filed a Complaint against Royal Seas Cruises, Inc. alleging violations of California Penal Code §632.7. Friedman Decl., ¶ 5. On October 5, 2017, the Honorable Court issued a scheduling Order setting out dates, including Plaintiff John McCurley's Motion for Class Certification to be filed by February 9, 2018. Friedman Decl., ¶ 6. The Parties agreed to informally stay proceedings pending consolidation of the action filed by John McCurley and Dan Deforest. Friedman Decl., ¶ 7. On December 20,

1

2017, Plaintiffs filed a Consolidated Complaint in this action. Friedman Decl., ¶ 8. However, Plaintiffs need to conduct class discovery prior to moving for class certification. Friedman Decl., ¶ 9. Because Plaintiff has not received substantive responses to discovery in this case, Plaintiff respectfully requests the Court defer ruling on Plaintiff's Motion for Class Certification until after the parties have had the opportunity to complete pre-certification discovery. Friedman Decl., ¶ 9. With leave of Court, Plaintiff will file an amended Motion for Class Certification with information obtained during the discovery process to further support the prerequisites of Fed. R. Civ. P. 23(a). Friedman Decl., ¶¶ 10-11.

## III.   FACTUAL BASIS FOR CLASS CERTIFICATION

As alleged in the Complaint, Defendant made autodialed and/or prerecorded call/s to Plaintiffs' cellular telephone, and the  cellular telephone numbers of the Class members, without prior express consent, in violation of  § 227(b)(1)(A)(iii) of the TCPA. *See* Compl., ¶¶ 23-79. In addition, Defendant recorded calls to Plaintiff Dan Deforest and other members of the Class without their consent in violation of California Penal Code §632.7. *Id*. Based upon these factual allegations in the Complaint and evidence that may be produced during the pre-certification discovery process, Plaintiff believes that a 47 U.S.C. § 227(b)(1)(A)(iii) Class is justified here, consisting of:

> All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one telephone call using an ATDS and/or an artificial or prerecorded voice from Royal Seas Cruises, Inc., or their agents calling on behalf of Royal Seas Cruises, Inc., between the date of filing this action and the four years preceding, where such calls were placed for the purpose of marketing, to non-customers of Royal Seas Cruises, Inc., at the time of the calls..[1]

---

[1] The proposed Class Period is May 12, 2013 through the present.

Plaintiff further believes that a California Penal Code §632.7 Class is justified consisting of:

> All persons in California whose inbound and outbound telephone conversations were recorded without their consent and without notification that the calls were being recorded by Defendant or its agent(s) within the one year prior to the filing of this action.[2]

## IV.    TELEPHONE CONSUMER PROTECTION ACT

Congress enacted the TCPA in 1991. The TCPA combats the threat to privacy being caused by the automated calling practices at issue by declaring that:

> It shall be **unlawful** for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) **to make any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) **using any automatic telephone dialing system or an artificial or prerecorded voice**—. . .
>
> (iii) **to any telephone number assigned to a** paging service, **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added); *Kramer v. Autobytel, Inc*, 759 F. Supp. 2d. 1165, 1169-1171 (N.D. Cal. 2010).[3]

---

[2] The proposed Class Period is June 7, 2016 through the present.

[3] *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (The "TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls," and that

The TCPA's prohibition at issue requires the calls to be made with an automated telephone dialing system ("ATDS"), which Congress defines as "equipment which has the *capacity* (A) to store or produce telephone numbers to be called, using a random *or* sequential number generator; and (B) to dial such numbers" (47 U.S.C. § 227(a)(1) (emphasis added)), or with an artificial or prerecorded voice (*id.* at § 227(b)(1)(A)). "The TCPA violations, if any, occurred when the messages [or calls] were *sent* [or made]…" *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *9 (N.D. Cal. Feb. 12, 2013).

The Ninth Circuit has defined "express consent" to mean "clearly and unmistakably stated" (*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009)). Prior express consent is an affirmative defense for which the defendant bears the burden of proof. *See Grant v. Capital Management Services, L.P.,* 2011 WL 3874877, at *1, n.1. (9th Cir. Sept. 2, 2011) ("express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof") (emphasis added); *see also Connelly v. Hilton Grand Vacations Co.*, 2012 U.S. Dist. LEXIS 81332, *9 (S.D. Cal. June 11, 2012); *Adams v. AllianceOne, Inc.,* No. 08-CV-248, 2011 WL 2066617, at *1-2 (S.D. Cal. May 25, 2011).

The TCPA does not limit liability to the entity that actually makes the calls. *Bridgeview Health Care Ctr., Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *12 (N.D. Ill. Mar. 19, 2013) ("the TCPA creates a form of vicarious liability making an entity liable when a third party sends unsolicited communications on its behalf in violation of the Act.") (citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 F.C.C.R. 12391, 12407 (Aug. 7, 1995)); *In re Jiffy Lube Int'l, Inc. v. Text Spam Litig.*, 847 F. Supp. 2d 1253, 1258 (S.D. Cal. 2012); *In Re Matter of Rules and Regulations*

"consumers complained that such calls are a 'nuisance and an invasion of privacy.'").

4

*Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, CG Docket No. 11-50, FCC 13-54 (May 9, 2013).

## V. CALIFORNIA'S INVASION OF PRIVACY ACT

California's Invasion of Privacy Act, located in California Penal Code § 630 et seq., prohibits, among other things, the recording of telephone conversations without consent. "Section 632.7 makes unlawful the intentional, non-consensual recording of a telephone communication, where at least one of the phones is a cordless or cellular telephone." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 688 (E.D. Cal. 2009). Section § 632.7 "protect[s] against interception or recording of *any* communication." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776 (Cal. 2002) (Italics in original). *See also Brown v. Defender Sec. Co.*, 2012 WL 5308964, *2 (C.D. Cal. Oct. 2, 2012) (both § 632 and § 632.7 "prevent a party to a conversation from recording it without the consent of all parties involved," but "§ 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone," without the need for a "confidential"[4] communication). Importantly, the California Supreme Court has held that an advisory that the call is being recorded, must be given "at the outset of the conversation" and that the IPA prohibits the recording of any conversation "without first informing all parties to the conversation that the conversation is being recorded." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95, 118 (2006). Stated otherwise, consent, if it exists at all, **must** be present at the inception of the recorded call. *Friddle v. Epstein*, 16 Cal. App. 4th 1649, 1661-1662 (1993) (the Privacy Act is violated at the moment the party begins making a secret recording, and "[n]o subsequent action or inaction is of consequence to this conclusion."). Plaintiffs allege that it was Defendant's common policy and practice, applicable to each and every phone call it records with California consumers, violates this very standard.

## VI.   RULE 23 STANDARDS AND CLASS CERTIFICATION ANALYSIS

Rule 23 governs the certification of class actions and has as main objectives the efficient resolution of the claims or liabilities of many individuals in a single action as well as the elimination of repetitive litigation and possibly inconsistent adjudication. *See Califano v. Yamaki*, 442 U.S. 682, 700-01 (1979); C. Wright, A. Miller & M. Kane, Federal Prac. & Proc. Civil 2d at § 1754 (1986).   District courts are afforded broad discretion in determining whether an action should be certified. *Montgomery v. Rumsfield*, 572 F.2d 250, 255 (9th Cir. 1978).   Rule 23 outlines a two-step process for determining whether class certification is appropriate.   First, Rule 23(a) sets forth four conjunctive prerequisites that must be met for any class: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

These requirements are referred to as numerosity, commonality, typicality, and adequacy. *Thompson v. Clear Channel Communs., Inc. (In re Live Concert Antitrust Litig.)*, 247 F.R.D. 98, 105 (C.D. Cal. 2007). Once subdivision (a) is satisfied, the party seeking certification must demonstrate that the action falls into one of three categories under Rule 23(b). *In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 153 (N.D. Cal. 1991). A plaintiff must show compliance with the prerequisites of Rule 23(a) under a rigorous analysis. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 (U.S. 2011). "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (U.S. 1974) (emphasis added).

"[I]t is well established that for purposes of class certification, the moving party does not need to establish a likelihood of prevailing on the merits." *McKenzie v. Fed. Express Corp.*, 275 F.R.D. 290, 297 (C.D. Cal. 2011). "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim…" *General Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "[I]t remains relatively clear an ultimate adjudication on the merits of plaintiffs' claims is inappropriate, and any inquiry into the merits must be strictly limited to evaluating plaintiffs' allegations to determine whether they satisfy Rule 23." *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *7 (N.D. Cal. Feb. 12, 2013) (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011).

Class actions are essential to enforce laws protecting consumers. Indeed, the Ninth Circuit recently affirmed class certification of a TCPA claim similar to this one in the case of *Meyer v. Portfolio Recovery Associates, LLC*, 2012 WL 4840814 (9th Cir. Oct. 12, 2012). Other courts have recently certified TCPA class actions. *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *11-12 (N.D. Cal. Feb. 12, 2013); *Manno v. Healthcare Revenue Recovery Group, LLC*, 2013 U.S. Dist. LEXIS 52620 (S.D. Fla. Mar. 26, 2013). According to the court in *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577, 584 n. 5 (Mo. Ct. App. 2010), approximately fifty courts have certified TPCA class actions as of 2010.

///

///

///

///

///

**A.     The Proposed Classes of Persons Are Adequately Defined and Clearly Ascertainable**

"Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'" *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (quoting *Elliott v ITT Corp.*, 150 F.R.D. 569, 573-74 (N.D. Ill. 1992)). "The class definition 'must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member.'" *Shaw v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 149416, *4-5 (S.D. Cal. Dec. 29, 2011) (citing *Wolph v. Acer America Corp.*, 272 F.R.D. 477, 482 (N.D. Cal. 2011)).[5] "[T]he identity of class members must be ascertainable by reference to objective criteria." 5 James Wm Moore, Moore's Fed. Prac., § 23.21[1], p. 23-57 (2001).  A class may be certified even though the court cannot identify every potential member at the moment of certification. *See Santillan v. Ashcroft*, No. 04-CV-2686 MHP, 2004 U.S. Dist. LEXIS 20824 (N.D. Cal. Oct. 12, 2004).[6]

TCPA Class membership here may be readily determined by objective criteria, namely, whether (i) Defendant (ii) made any autodialed and/or prerecorded voice calls (iii) to the cellular telephones of (iv) persons throughout the United States (v) without their prior express consent (vi) between May 12,

---

[5] "A class is ascertainable if it identifies a group of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover based on the description." *Moreno v. Autozone, Inc.*, 251 F.R.D. 417, 421 (N.D. Cal. 2008).

[6] The class need not be "so ascertainable that every potential member can be identified at the commencement of the action." 7A Wright, Miller & Kane, Federal Practice & Procedure, Civil 3d § 1760 at 117 (3 ed. 2005). As long as "*the general outlines of the membership* of the class are determinable at the outset of the litigation, a class will be deemed to exist." *Id.* at 118 (Italics added.)

2017 and the present. Such objective information can be readily determined using Defendant's records and/or Defendant's agent's records.

To identify TCPA Class members, Plaintiff has sought the outbound dial lists of Defendant, which lists contain the telephone numbers of persons called by Defendant on their telephone (including cell phones) by means of an autodialer and/or prerecorded voice. Plaintiff's technology consultant will scrub the list for calls to cellular telephones only, thus leaving only actionable calls. These actionable calls will be cross-referenced with name and address information from Defendant's records, public records, and/or through use of a call center or other means. Such plausible methods will be used to identify Class members in this case, which is all that is required at the class certification stage. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 494-495 (C.D. Cal. 2006) ("plaintiffs need only show that their proposed methods are plausible.").

Similarly, IPA Class membership here may be readily determined by objective criteria, namely, whether (i) Defendant (ii) recorded (iii) its outbound and inbound telephone conversations with (iv) persons who rise in the United States. To identify IPA Class members, based off Defendant's practices and policies, it can be determined whether the call recordings themselves need to be examined or if it was a uniform policy not to inform individuals that calls were being recorded. These actionable calls will be cross-referenced with name and address information from Defendant's records, public records, and/or through use of a call center or other means.

Plaintiff has thus identified the general outlines of Class membership, and it is certainly administratively feasible for the parties to review Defendant's documentation (i.e., the outbound dial list) in electronic searchable format, which is a limited, basic inquiry made relatively simply through the use of technology. *See Spencer v. Beavex, Inc.*, 2006 U.S. Dist. LEXIS 98565, *19 (S.D. Cal. Dec. 15, 2006) ("[A] proposed class must be clearly defined so that it is administratively

feasible for a court to determine whether a particular individual is a member.") (internal quotations omitted)).

Therefore, the class definition is adequately defined.

## B. Numerosity

Under Rule 23(a), the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). *See Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 606 (C.D. Cal. 2005) (classes made up of fewer than 100 have satisfied the numerosity requirement); *Sullivan v. Kelly Servs.*, 268 F.R.D. 356, 362 (N.D. Cal. 2010) ("where the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied") (quoting 1 Alba Cone & Herbert B. Newberg, *Newberg on Class Actions* § 3.3 (4th ed. 2002)).

The Complaint alleges that there are thousands of class members. Therefore, the numerosity requirement is satisfied here because thousands of separate actions would be economically and judicially impracticable. *See Mendoza v. Home Depot, U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 13025, *13 (C.D. Cal. Jan. 21, 2010) ("Given the large number of potential plaintiffs, the Court finds that the numerosity requirement of Rule 23(a) is readily satisfied.").

## C. Commonality

Rule 23(a)(2) requires that there be at least one common question of law or fact to certify a class. A class has sufficient commonality "if there are questions of fact and law which are common to the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1988) (quoting Fed. R. Civ. P. 23(a)(2)). Commonality focuses on whether certification will offer a more economical approach to resolving the underlying disputes than would individual litigation. *General Tel.*

*Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982).[7] "Plaintiffs need not demonstrate that all questions are common to the class; [as there need only be]…'a common core of salient facts coupled with disparate legal remedies within the class' are present." *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 506 (N.D. Cal. 2012) (citing *Hanlon*, *supra*, *at* 1019-20).

Commonality requires that the "common contention is of such a nature that it is capable of classwide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (U.S. 2011). Where questions of law involve "standardized conduct of the defendants towards members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement…is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).[8] Class certification is appropriate where the "classwide proceeding [will] generate common answers apt to drive resolution of the litigation." *Dukes*, 131 S.Ct. at 2551.

Defendant here engaged in a common course of conduct towards Plaintiffs and the TPCA Class members by making autodialed and/or prerecorded voice calls[9] to their cellular telephones without prior express consent. Thus, there are

---

[7] Commonality exists where a "lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. Cal. 2001) (citing *LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985).

[8] "[A] lack of identical factual situations will not necessarily preclude certification where the class representative has shown sufficient common questions of law among the claims of the class…" *Franklin*, *supra*, 102 F.R.D. at 949.

[9] "To establish commonality, it is sufficient that Plaintiff allege that all class members received the same" call. *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999).

several questions of law and fact common to the Class members, such as Defendant's common practice of making automated and/or prerecorded voice calls to consumers' cellular telephones without their prior express consent to such type of calls. *See Ellison v. Steven Madden*, LTD, 11-CV-5935-PSG (AGRx) (C.D. Cal. Sept. 25, 2012) ("the material issue in the case, whether Defendant sent unsolicited, automated text message advertisements to class members, is a question that is common to the entire class. Therefore, the shared attributes of the claim would be the main focus of the litigation.")

The common questions of law and fact in for the TCPA class include, but are not necessarily limited to: (1) whether Defendant made "autodialed" and/or "prerecorded voice" calls to consumers; (2) whether Defendant made such calls to any telephone number assigned to a cellular telephone service on Defendant's outbound dial list during the class period. Approached differently, common answers to be produced by this proposed class action include, but are not limited to: (1) whether Defendant obtained "prior express consent" to make the autodialed and/or prerecorded voice calls; (2) whether Defendant made such calls to any telephone number assigned to a cellular telephone service included on Defendant's outbound dial lists during the class period; and (3) whether injunctive relief is necessary and appropriate to protect the privacy interests of the Class members.

Similarly, Defendant here engaged in a common course of conduct towards Plaintiff and the IPA Class members by recording calls without their permission or knowledge. Thus, there are several questions of law and fact common to the Class members, such as Defendant's common practice recording calls without Class members' permission or knowledge.

The common questions of law and fact in for the IPA Class include, but are not necessarily limited to: (1) whether Defendant has a policy of recording outgoing calls; (2) whether Defendant discloses to callers and/or obtains their

consent that outgoing telephone conversations were being recorded; and (3) whether Defendant should be enjoined from engaging in such conduct in the future

Certifying this case as a class action would reduce the burden on the courts that would arise from thousands of separate, yet nearly identical claims; would avoid duplicate discovery requests; would provide an efficient method for prompt resolution of the issue regarding the propriety of Defendant's conduct; and would likely result in a more expedient recovery for Class members who would not have to seek individual legal representation once they were to become aware of their rights against Defendant, if at all.

Since Plaintiffs' claims arise from Defendant's uniform practice all or substantially all of the issues of law and fact are common to the Class, and certifying this case as a class action will produce common answers sought by the parties, including Defendant. Further, discovery will permit Plaintiff to determine exactly how many autodialed and/or prerecorded calls Defendant made during the class period to any telephone number assigned to a cellular telephone service and how many calls Defendant recorded without the consent of the class members.

Therefore, the commonality prerequisite is easily satisfied here.

### D.   Typicality

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality refers to the *nature* of the claim or defense of the class representative and not on facts surrounding the claim or defense. *Id.* (Italics added.) A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [is] based on the same legal theory." H. Newberg, *Newberg on Class Actions* § 1115(b) (1st Ed. 1977). The burden imposed by the

typicality requirement is not great.[10] *See id.* at 1020. Typicality is met if the claims of each class member arise from the same "course of conduct" (*Armstrong v. Davis*, 275 F.3d at 869), and the defendant's liability turns on "similar legal argument" (*id.* at 868).  The typicality focuses on a comparison of the named plaintiff's claims with those of the class. *Id.* at 868-69. "[T]he injuries [must] result from the same, injurious course of conduct." *Id.* at 869.

"[W]hen the commonality prong is satisfied under Rule 23(a)(2), the typicality prong…generally follows suit." *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, *21 (N.D. Ill. Feb. 7, 2008). Typically is established in a TCPA class where the "plaintiff brings the same TCPA claim that will be advanced by the class." *Holtzman v. Turza*, 2009 U.S. Dist. LEXIS 95620, *13 (N.D. Ill. Oct. 14, 2009) (citing *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2008 U.S. Dist. LEXIS 79827 (N.D. Ill. Aug. 20, 2008)).

Plaintiffs' TCPA claim is typical of those of the Class members. Indeed, the harm suffered by the Plaintiffs is virtually identical to the harm suffered by the Class members, in that their privacy was invaded by Defendant when autodialed and/or prerecorded voice calls were made to their telephone number assigned to a cellular telephone service[11] without prior express consent. This case is similar to *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. Cal. 2012), where the Ninth Circuit affirmed provisional class certification of an autodialed TCPA case. Similarly, Plaintiff Dan Deforest's IPA claims are typical of those of the Class members. Indeed, the harm suffered by Dan Deforest is

---

[10] Typicality is a guidepost as to "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 131 S. Ct. at 2551 (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157-158, n. 13 (1982)).

[11]The telephone scrubbing process eliminates autodialed/prerecorded calls to "landlines," leaving only actionable calls to "cellular" telephones.

14

virtually identical to the harm suffered by the Class members, in that their privacy was invaded by Defendant when their calls were recorded by Defendant without their permission or information.

Here, each Class member claims statutory damages for invasion of privacy that resulted from Defendant's practices. Given Defendant's common practice during the Class Period, there is no danger the Class Representative will be preoccupied with a unique defense (*see Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. Cal. 1992)); *see also Ellis*, *supra*, at 501.

Thus, the typicality requirement is also satisfied.

### E.    Adequacy of Representation

The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Due process requires as much. *Hanlon*, 150 F.3d at 1020. Courts ask two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d at 957; Fed. R. Civ. P. 23(g)(1)(B) ("class counsel must fairly and adequately represent the interests of the class").

Plaintiffs' counsel will fairly, responsibly, vigorously, and adequately represent the interests of the Classes. *See* Friedman Decl., ¶¶3, 13. Plaintiffs share the same interests of the Classes, comprised of consumers who were all harmed in virtually the same way by Defendant's practices. Plaintiffs will fairly represent the interests of the Class. Plaintiffs' counsel is unaware of any conflict of interest in this case (Friedman Decl., ¶ 19) and it is highly unlikely that a conflict would exist in this case, given the common practice of Defendant, fixed statutory damages, and requested injunctive relief. *See Yoshioka v. Charles Schwab Corp.*, 2011 U.S. Dist. LEXIS 147483, *18 (N.D. Cal. Dec. 22, 2011) ("apart from [his] proposed incentive award, [plaintiff] will receive the same relief as the class…and there is no

apparent conflict of interest"). Plaintiffs have retained competent class counsel experienced in Class Action litigation to represent the Classes. Friedman Decl., ¶¶ 12-18.

Therefore, the adequacy prerequisite is satisfied.

## F.   Hybrid Class Certification Under Rules 23(b)(2) and (b)(3) Should Be Granted

Plaintiff seeks hybrid class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). The TCPA and IPA permit injunctive relief as well as statutory damages.

### 1.   Rule 23(b)(2)

Certification under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b). An order prohibiting Defendant from making autodialed and prerecorded calls to consumers' telephone numbers without prior express written consent and recording calls without knowledge or permissions would resolve the Plaintiffs' complaint in terms of injunctive relief.

Moreover, Plaintiffs and each Class member were harmed in the same manner, and may continue to be harmed, in the absence of an injunction, because Defendant would otherwise be free to continue their illegal practices.

Plaintiffs' requested remedy is the appropriate remedy for a class action under Rule 23(b)(2), which "applies only when a single injunction or declaratory judgment would provide relief to each member of the class" (*Dukes*, 131 S.Ct. at 2557), based upon Defendant's common practice of recording calls without knowledge or permission. Therefore, class certification under Fed. R. Civ. P. 23(b)(2) is necessary and appropriate here.

///

///

### 2.   <u>Rule 23(b)(3)</u>

Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.*, 150 F.3d at 1022 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)). "Individual questions need not be absent." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. Ill. 2012). "Court[s] looks at common factual link[s] between all class members and the defendants for which the law provides a remedy." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547 (N.D. Cal. 2005). "Implicit in…the predominance test is…that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). "Generally, when a class challenges a uniform policy or practice, the validity of the policy or practice tends to be the predominant issue in the ensuing litigation." *CE Design Ltd.*, 259 F.R.D. at 142 (citing *General Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 159 n.15 (1982)).

The principal legal issues in this case is whether Defendant's telephone calls violated the TCPA and whether Defendant's recording practices violated the IPA. The only individual issue is the identification of the Class members. This will be accomplished by a review of Defendant's records. The predominance of common legal and factual questions is evidenced in this case by the nature of Plaintiffs' claims against Defendant.

The question of "prior express consent" (an affirmative defense[12]) in this TCPA action does not present an individualized issue because Defendant is alleged to have failed to obtain prior express consent to make autodialed and/or prerecorded voice calls at issue. *Manno v. Healthcare Revenue Recovery Group, LLC*, 2013 U.S. Dist. LEXIS 52620, *39 (S.D. Fla. Mar. 26, 2013) (finding in a TCPA prerecorded call case that whether "class members consented *ipso facto* during the admissions process - is not an individualized issue defeating predominance, but is itself a question/defense common to the class as a whole.").

Importantly, Rule 23(b)(3) does not require that all issues of law and fact be subject to common proof, as even the rule itself recognizes that there may be some issues that are individualized. *See Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 539 (N.D. Cal. 2012) (recognizing that the predominance question is not one of scale; instead it is whether certification would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results); *see also Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. N.Y. 2002).

There is clear justification here for handling this dispute under the TCPA and IPA on a representative rather than individual basis. The issues that make up Plaintiffs' claims are common to the Class members, who have allegedly been injured in the same way and in virtually the same manner by Defendant's common practices. Through a class action, the Court may resolve at once important common

---

[12] "Consent" is an affirmative defense (*Connelly v. Hilton Grand Vacations Co.*, 2012 U.S. Dist. LEXIS 81332, *9 (S.D. Cal. June 11, 2012)), and since Defendant is alleged to have no evidence of prior express consent, Defendant cannot reasonably claim a class action is unmanageable here due to the issue of consent. *See also Dunn v. City of Chicago*, 231 F.R.D. 367, 375-76 (N.D. Ill. 2005) ("the existence of individualized defenses does not preclude class certification.").

questions to which all parties seek an answer, as explained above, thus serving the policy goal of judicial economy as explained by the Ninth Circuit (*Valentino*, *supra*, 97 F.3d at 1234).

Therefore, the common issues predominate in this TCPA action. *See Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *11-12 (N.D. Cal. Feb. 12, 2013) ("however strong [defendant's] arguments on the merits may be for avoiding liability, there is no reason those issues cannot be properly decided on a class-wide basis, and plaintiff has otherwise satisfied the prerequisites for certification…").

Hybrid certification under Rules 23(b)(2) and (b)(3) is therefore appropriate.

### G.    A Class Action Is Superior To Numerous Individual Actions

"Class actions were designed for these types of claims." *G.M. Sign, Inc. v. Group C Communs., Inc.*, 2010 U.S. Dist. LEXIS 17843, *16 (quoting *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("'Rule 23(b) was designed for situations … in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate.'"). This inquiry calls for a comparison of alternative methods for resolution of the dispute (*Hanlon*, 150 F.3d at 1023), such as the TCPA and IPA claims common to the Class.

Class certification here is superior to numerous individual TCPA and IPA actions and thus serves the efficient and appropriate resolution to Defendant's alleged violations, which implicates the rights of tens of thousands of persons throughout the nation, and will provide no difficulty in allocating fixed statutory damages. It would avoid a multiplicity of actions and possible inconsistencies in judgment. If multiple suits were filed, there would be a risk of inconsistent results arising from injunctive relief regarding the numerous consumers affected by Defendant's call practices. *See e.g.*, *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 236-37 (C.D. Cal. 2003) ("Where common questions

19

'predominate,' a class action can…avoid inconsistent outcomes…"); *see also Bellows v. NCO Fin. Sys.*, 2008 U.S. Dist. LEXIS 114451, *20 (S.D. Cal. Sept. 5, 2008) (holding in a TCPA action that the class action procedure is the superior mechanism for dispute resolution in such matter, as the alternative mechanism, permitting individual lawsuits for a small statutory penalty, would be costly and duplicative).

# VI.   CONCLUSION

For the foregoing reasons, Plaintiffs submit that Plaintiffs' Motion for Class Certification under Rule 23(b)(2) and (b)(3) against Defendant should be granted, but respectfully requests the Court defer ruling on such Motion until after Plaintiffs have had a reasonable opportunity to conduct pre-certification discovery and is able to supplement the Motion with information obtained during the discovery process. Plaintiffs also respectfully request leave to file an amended Motion for Class Certification at a later date after the parties have fully conducted discovery.

Dated: February 9, 2018

By:/s/ Todd M. Friedman
Todd M. Friedman

**[ADDITIONAL COUNSEL FOR PLAINTIFFS]**

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Kevin Lemieux, Esq. (225886)
kevin@westcoastlitigation.com
2221 Camino Del Rio South, Ste 101
San Diego, CA 92108
**Telephone:   (619) 233-7770**
Facsimile:    (619) 297-1022

## <u>CERTIFICATE OF SERVICE</u>

Filed electronically on this 9th day of February, 2018, with:

United States District Court CM/ECF system

Notification sent electronically on this 9th day of February, 2018, to:

Honorable Judge Cynthia Bashant
United States District Court
Southern District of California

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

<u>s/Todd M. Friedman</u>
Todd M. Friedman, Esq