**GREENSPOON MARDER LLP**
Richard W. Epstein, Esq. (Admitted *Pro Hac Vice*)
richard.epstein@gmlaw.com
Jeffrey A. Backman, Esq. (Admitted *Pro Hac Vice*)
jeffrey.backman@gmlaw.com
200 E. Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel: 954.527.2427
Fax: 954.333.4027

Attorneys for Defendant Royal Seas Cruises, Inc.
[additional Defendant's counsel on signatory line]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John McCurley, Individually and and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>        v.<br><br>Royal Seas Cruises, Inc.,<br><br>                Defendant.<br>---------------------------------------------<br>Dan DeForest, Individually and and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>        v.<br><br>Royal Seas Cruises, Inc.,<br><br>                Defendant. | Case No.:  3:17-cv-01988-AJB-AGS<br><br>*consolidated with*<br><br>Case No.:  3:17-cv-00986-BAS-AGS<br><br><br>**DEFENDANT ROYAL SEAS CRUISES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM PLAINTIFF JOHN MCCURLEY**<br><br>[*Filed concurrently with Notice of Motion and Motion to Compel*]<br><br>**Hearing**<br>Date:  May 21, 2018<br>Time:  4:00 p.m. PST<br>Judge: Hon. Andrew G. Schopler<br>Ctrm:  5C |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................i

TABLE OF AUTHORITIES ............................................................ii

I.   INTRODUCTION ........................................................................1

II.  BACKGROUND ...........................................................................3

III. ARGUMENT ...............................................................................5

    A. Plaintiff Raises Frivolous Objections to Avoid Answering
       Interrogatories, and Certain Interrogatory Answers
       Are Non-Responsive and Incomplete ....................................7

    B. Plaintiff Fails to Produce Any Documents or
       Provide Proper Responses to Requests for Production
       of Documents ...........................................................................12

    C. Plaintiff's Improper Use of Objections to Avoid
       Admitting or Denying Requests for Admission
       Must be Overruled ..................................................................16

    D. Plaintiff Must Provide Discovery in Response to
       RSC's Request for Inspection and Cannot Hide
       Behind Boilerplate Objections to Deny Discovery or
       Hide his Failure to Preserve Documents ...............................18

    E. Plaintiff Must Be Compelled to Provide, or Cooperate
       in Providing, Documents Reflecting Calling and
       Billing Records of his Cellular Telephone Carrier
       as Described in RSC's Proposed Subpoena ..........................20

Conclusion .......................................................................................21

Certificate of Service ......................................................................23

34539766.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

*A Farber and Partners, Inc. v. Garber*,
    234 F.R.D. 186 (C.D. Cal. 2006).............................................*passim*

*Asea, Inc. v. So. Pac. Transp. Co.*,
    669 F.2d 1242, 1245 (9th Cir. 1982) .......................................... 17

*Blankenship v. Hearst Corp.*,
    519 F.2d 418 (9th Cir. 1975) .......................................................5

*Lenard v. The Sherwin-Williams Co.*,
    2015 WL 854752 * 1 (E.D. Cal. Feb. 26, 2015)...........................5

*Schudel v. Searchguy.com, Inc.*,
    2008 WL 11337244 * 2 (S.D. Cal. Aug. 21, 2008).....................6

Telephone Consumer Protection Act, 47 U.S.C. §227 .........................3

Fed. R. Civ. P. 26(b) ...........................................................................5

Fed. R. Civ. P. 36 ............................................................................ 17

Fed. R. Civ. P. 37 ............................................................. 1, 3, 5, 12, 22

S.D. Cal. Civil Local Rule 7.1................................................................ 1

S.D. Cal. Civil Local Rule 26.1......................................................1, 3, 22

S.D. Cal. Civil Local Rule 83.1 ....................................................... 3, 22

California Public Utilities Code Ann. §2891-2994.10 *et seq.*5 ........ 7, 20

34539766.1

Defendant ROYAL SEAS CRUISES, INC. ("RSC"), pursuant to Fed. R. Civ. P. 37, and the Civil Local Rule 7.1[1], hereby files this Memorandum of Points and Authorities in Support of its Motion to Compel Discovery from Plaintiff JOHN MCCURLEY ("Plaintiff"), and states as follows:

## I.   **INTRODUCTION**

RSC reluctantly seeks court intervention to compel Plaintiff to correct incomplete and otherwise deficient discovery responses, withdraw meritless objections, and to fully and completely respond to Interrogatories, Requests for Production of Documents, Requests for Admission, and a Request for Inspection served by RSC on January 19, 2018.  RSC also seeks entry of an Order compelling Plaintiff to provide his express written consent for release of limited information from his cellular telephone carrier as described in RSC's proposed subpoena.

RSC has patiently endeavored to resolve these discovery issues since March 19, 2018, to no avail.  RSC sent an email to Plaintiff's counsel three days after the responses were served by the twice-extended deadline of March 16, 2018, describing disputed issues with specific responses and objections.  After sending a follow-up email on March 21, Plaintiff's counsel replied, stating "I will

---

[1] RSC files this motion only after complying with Local Civil Rule 26.1, as described in the Declaration of Brian Cummings (April 16, 2018) ("BC Decl.") that is being filed herewith.  Pursuant to Local Rule 26.1, RSC submits that this Motion is proper for consideration by the Court because Plaintiff has willfully failed and refused to meet and confer, despite multiple attempts by RSC's counsel by email and telephone to schedule a conference.  *See* BC Decl., at ¶¶8-15.

34539766.1

supplement."  BC Decl., at ¶9.  Plaintiff failed to supplement his responses. Moreover, Plaintiff's counsel has failed and refused to confer on these issues, despite five follow-up communications from RSC's counsel by email or telephone. Likewise, Plaintiff's counsel has failed and refused to identify what objections Plaintiff has to a proposed subpoena to his telephone carrier that RSC circulated on March 23, or to confer on that.  In fact, Plaintiff's counsel has completely ignored RSC's counsel since March 25, 2018.  As such, Plaintiff and his counsel have unjustifiably denied RSC relevant discovery relating to the claims and defenses in this action, necessitating Court intervention to compel Plaintiff's compliance.

By this Motion, RSC seeks an order compelling Plaintiff to:  (1) withdraw objections to Interrogatory Nos. 5, 6, 10, 12, 13, 14, 15, 16, and 17, provide full and complete answers to Interrogatory Nos. 3 and 11, and sign and verify his supplemental answers under oath; (2) produce all documents responsive to Requests for Production Nos. 1, 2, 3, 6, 8, 9, 10, 19, and 21, and withdraw objections to Requests for Production Nos. 5, 7, 11, 13, 14, 15, 16, 17, 20, 22, and 23, and produce all documents responsive to those requests; (3) withdraw meritless objections and admit or deny the statements in Requests for Admission Nos. 12 and 14; (4) withdraw objections to RSC's Request for Inspection and coordinate the requested inspection within thirty (30) days, at Plaintiff's expense; (5) provide his express written consent to RSC for release of information from his cellular telephone carrier as described in RSC's proposed subpoena; and (6) to pay RSC its

attorney's fees and costs associated with preparing this Motion, pursuant to Rule 37(a)(5)(A), and pay RSC's reasonable expenses, including attorney's fees, and imposing other appropriate sanctions under Civil Local Rules 26.1 and 83.1 for Plaintiff's counsel's willful failure and refusal to comply with or cooperate in the procedures for presenting discovery disputes to the Court, including striking his pleadings.

## II.   BACKGROUND

On May 12, 2017, Plaintiff filed his original Complaint [DE 1], asserting individual and putative class claims based upon alleged calls to his cellular telephone that he claims were made by or on behalf of RSC in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*  After an identical class alleged by Plaintiff Dan DeForest ("DeForest") was consolidated into this case, Plaintiff and DeForest filed a Consolidated Complaint [DE 31] on December 20, 2017.  On January 8, 2018, RSC filed its Answer and Affirmative Defenses [DE 32], including defenses asserting that Plaintiff consented to receipt of the alleged telephone calls and his claims are barred.  On January 19, 2018, RSC served discovery upon Plaintiff pertaining to his claims and RSC's defenses: Interrogatories, Requests for Production of Documents, Requests for Admission, and a Request for Inspection (of Plaintiff's electronic devices used to access the Internet).  BC Decl., at ¶3.  After two agreed-upon extensions of time, Plaintiff served responses and objections to the discovery on March 16, 2018.  *Id.*, at ¶6,

Comp. Exh. A.

RSC formally raised issues of dispute with specific discovery responses and objections in an email to Plaintiff's counsel on March 19, 2016, requesting a telephone conference to resolve or narrow the issues. *Id.*, at ¶8. After Plaintiff's counsel did not reply to the email, RSC's counsel followed up by email on March 21, 2018, and Plaintiff's counsel replied "I will supplement." BC Decl., at ¶9. On March 23, 2018, RSC's counsel inquired of Plaintiff's counsel about the status of his client's supplemental discovery responses and requested Plaintiff's consent to a proposed subpoena to his cellular telephone carrier, which was attached to an email along with a proposed consent form. *Id.*, at ¶10. Two days later, Plaintiff's counsel sent an email stating he would provide Plaintiff's supplemental discovery responses on March 28, 2018, and he objected to the subpoena. Id., at ¶11. Plaintiff did not serve supplemental responses as twice promised by his counsel, on May 28 or afterward. In fact, Plaintiff's counsel has completely ignored RSC's counsel since March 25, refusing to reply to four separate requests by email and telephone to meet and confer on Plaintiff's deficient discovery response or his unspecified objection to the proposed subpoena. *Id.*, ¶¶12-17.

As of the date of this Motion, Plaintiff's counsel has willfully failed and refused to confer with RSC's counsel on discovery disputes promptly brought to his attention, and Plaintiff has not provided any supplemental discovery responses as proposed by his counsel as an alternative to conferring on RSC's objections and has

4

not produced a single document to RSC.  Such deliberate refusal to participate in discovery should not be tolerated.  Plaintiff must be compelled to provide discovery and ordered to pay RSC's reasonable attorney's fees and costs associated with this Motion to Compel.

## I.   **ARGUMENT**

Federal Rule of Civil Procedure 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."   A party moving to compel discovery bears the initial burden of proving the relevance of the requested information.[2]  Discovery is relevant if it is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[3]  Upon a showing of relevance by the moving party or from the face of the discovery requests, "the party resisting discovery has the burden to show the discovery should not be allowed, and carries the 'heavy burden of clarifying, supporting, and explaining its objections.'"[4]

---

[2] *Lenard v. The Sherwin-Williams Co.*, 2015 WL 854752 * 1 (E.D. Cal. Feb. 26, 2015).

[3] Fed. R. Civ. P. 26(b)(1).

[4] *Lenard*, 2015 WL 854752 at * 1 (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

As demonstrated by RSC below and from the face of its discovery, RSC easily meets its burden of proving the relevance of the requested information. By contrast, Plaintiff cannot satisfy his burden of showing RSC's discovery is improper or his "heavy burden" of justifying his boilerplate objections. Many of his interrogatory answers are totally non-responsive, unanswered or obscured by improper objections, and are otherwise incomplete or evasive. "When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses."[5] Plaintiff has no excuse for failing to provide complete answers to RSC's interrogatories, and he cannot met his burden to justify his objections or incomplete answers. Likewise, many of his responses to RSC's requests for production of documents and for admission are non-responsive, contradictory, and buried under meaningless objections.

Of particular prejudice to RSC, Plaintiff has objected outright to RSC's request for inspection of his cellular telephone and other devices he may have used to access the internet to provide consent to receive the telephone calls for which he is suing. This request is crucial for RSC's discovery of facts supporting its defense that Plaintiff consented to receive the text messages he claims RSC sent to him in violation of the TCPA – facts only in the possession of Plaintiff. Lastly, Plaintiff is

---

[5]   *Schudel v. Searchguy.com, Inc.*, 2008 WL 11337244 * 2 (S.D. Cal. Aug. 21, 2008).

suing for telemarketing calls alleged received on his cellular telephone, and has claimed damages for charges assessed by his carriers for these calls. However, because Plaintiff has failed to produce any documents reflecting his telephone calling or billing records, RSC has proposed issuing a subpoena to his carrier for these basic documents. Without explanation, Plaintiff's counsel has objected to the subpoena and refused to have his client sign a proffered consent form, which RSC would need in order to obtain the documents in compliance with the Customer Right of Privacy under California Public Utilities Code Ann. §2891-2994.10 *et seq.*

Accordingly, RSC seeks entry of an Order requiring Plaintiff to provide full and complete answers or responses to the discovery requests complained of herein, overruling his objections, and requiring him to coordinate an inspection of his personal property sought by RSC's Request for Inspection and to provide his express written consent to RSC for release of information from his cellular telephone carrier as described in RSC's proposed subpoena, and awarding RSC its reasonable attorney's fees and costs associated with compelling his compliance with the Federal Rules of Civil Procedure and Civil Local Rules.

## A. Plaintiff Raises Frivolous Objections to Avoid Answering Interrogatories, and Certain Interrogatory Answers Are Non-Responsive and Incomplete

Plaintiffs entirely avoids providing any answers to 10 of the 17 interrogatories propounded by RSC, asserting objections that are either frivolous on their face or generalized "boilerplate" objections. For instance, as reflected in the following five

7

interrogatories and responses, RSC reasonably sought information from Plaintiff directly relevant to the claims and defense in this case, but Plaintiff used improper objections to avoid providing any answers:

**No. 8.   Describe, in specific detail, how it came about that you were selected to be a class representative on behalf of the TCPA Class alleged in the Complaint.**

RESPONSE:  Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous with regard to the term "selected."

**No. 12:  Please describe with specificity all instances during the last two (2) years in which you have provided your cellular telephone number over the internet in order to receive information from third parties for goods, services and/or to hear about potentially free promotional materials, including but not limited to, diabeteshealth.info.**

RESPONSE:  Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, and unlimited in scope. Plaintiff further objects on the ground that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

**No. 14:  Identify and describe in detail all charges you claimed to have incurred from incoming calls for the alleged calls to you described in the Complaint, as alleged in Paragraph 52 of the Complaint.**

RESPONSE:  Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, and unlimited in scope.

**No. 15:  Describe with specificity any facts or evidence showing that anyone other than you or DeForest received calls from RSC similar to the ones alleged in the Complaint.**

RESPONSE:  Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, and unlimited in scope. Plaintiff further objects on the ground that this Interrogatory calls for a legal conclusion from a lay witness.

**No. 17:   Have you ever been a plaintiff, defendant, or class representative in any other lawsuit in the last four years? If so, please provide the style of the case, the case caption, the case number, the jurisdiction, the nature of the dispute, and whether you were a plaintiff**

**or defendant.**

RESPONSE:  Plaintiff objects to this Interrogatory on the ground that this Interrogatory is overly broad, burdensome, harassing, and is unlimited in time and/or scope.

These interrogatories clearly seek discoverable information.   Interrogatory No. 12 is directly calculated to discover evidence in support of RSC's consent claim, asking Plaintiff to describe any instances in which he provided his cellular telephone number for the purpose of consenting to receive marketing calls.  RSC specifically asks Plaintiff to disclose if he provided his cellular telephone number at diabeteshealth.info, an opt-in consent website used by RSC's lead generator which has produced a consent record showing Plaintiff's number was provided at that website agreeing to receive the calls for which Plaintiff is now suing.  Interrogatory No. 8 merely asks Plaintiff to explain how he became a putative class representative, and his objection to the word "selected" as vague and ambiguous should not excuse him from answering the question.  Interrogatory Nos. 14 and 15 seeks discovery of information directly related to specific allegations in his Complaint, while Interrogatory No. 17 seeks information relevant to his adequacy as a putative class representative.

Plaintiff's objections have no merit.  General or boilerplate objections are improper and insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable. [6]   Boilerplate objections of unduly

---

[6] *A Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

burdensome, oppressive, and harassing are wholly improper, "especially when a party fails to submit any evidentiary declarations supporting such objections."[7] Plaintiff has provided no declaration to support his burdensome objections, which must be disregarded.  His overbreadth objection to RSC's interrogatories seeking a factual basis for the specific conduct underlying his claims or relating to RSC's consent defense is ridiculous.  His other objections lack specificity and must be wholly disregarded as improper boilerplate objections.

Plaintiff avoids answering another five interrogatories based solely on a single improper objection.  Plaintiff objects to each of the following interrogatories "on the grounds that it calls for a legal conclusion from a lay witness; and calls for expert testimony":

> **No. 5:  Please describe and quantify any economic damages or monetary loss that you claim to have suffered as a result of the alleged violation in the Complaint, if any, and identify with particularity any documents supporting such damages or loss.**
>
> **No. 6:  Describe and identify all facts evidencing that RSC's alleged conduct toward you, as well any and all members of the proposed "TCPA Class," was "knowing" and/or "willful" as alleged in the Complaint.**
>
> **No. 10:  Describe in specific detail the factual basis for your contention that RSC used an "ATDS" in allegedly calling your cellular telephone, as alleged in Paragraph 27 of the Complaint.**
>
> **No. 13:  Other than the economic damages or monetary loss, if any, described in your Answer to Interrogatory No. 5, describe with specificity any and all other injury or harm that you claim was caused to**

---

[7] *Id.*

**you by the telephone calls complained of in the Complaint, and identify with particularity any documents supporting such injury or harm.**

**No. 16:  Identify and describe in detail the facts and circumstances from which you base your belief that "class members number in the thousands, if not more," as stated in Paragraph 80 of the Complaint.**

His objection that these interrogatories seek a legal conclusion from a lay witness is incomprehensible.   These interrogatories asked Plaintiff to describe the factual basis for specific allegations in his pleading or any damages or harm caused by the telephone calls complained of in the Complaint.  Plaintiff either has a factual basis for these allegations and knows what he is claiming as damages, or he does not.  While he may need an expert to prove his claims or damages, that is no excuse to avoid answering interrogatories describing his factual basis for assertions and damages he has already alleged.  His objections must be overruled.

Lastly, Plaintiff provided incomplete answers to two of the interrogatories that he actually answered, as follows:

**No. 3.   Provide the names, addresses, telephone numbers, places of employment and job title, if available, of any person you believe may have knowledge of the facts and issues set forth in the Complaint or who you claim may be a member of the purported classes alleged in the Complaint and identify the specific knowledge that each person may have.**
RESPONSE:  Plaintiffs. Each Plaintiff may be contacted through Plaintiffs' respective counsel.

**No. 11.   Identify and describe the following all information relating to your telephone service for the cellular telephone number (925) XXX-1321: the name of the subscriber, the name of the carrier(s) (e.g., AT&T, Verizon, etc.), the date(s) of service (for each carrier), whether the telephone number is associated with a residential line or some other type**

34539766.1

**of phone, and whether the carrier assesses a specific charge for incoming calls.**

RESPONSE:   Plaintiff's cellular telephone is with AT&T. Plaintiff makes payments on said telephone each month.

Plaintiff deliberately evades answering Interrogatory Nos. 3 and 11 and instead gives over-simplified, incomplete answers that convey no useful information.  In answering No. 3, Plaintiff merely identifies himself and DeForest as persons with knowledge of the facts and issues in this case but fails to identify what specific knowledge they have, as requested.  In answering No. 11, Plaintiff deliberately avoids disclosing whether or not he is the subscriber of the cellular telephone account for which he has asserted claims, cryptically stating that he "makes payment" on the telephone each month.  Additionally, Plaintiff fails to disclose whether his telephone carrier assesses a specific charge for incoming calls, which he has expressly alleged as damages in his Complaint.  Plaintiff's incomplete and evasive answers to Interrogatory Nos. 3 and 11 constitute a failure to answer, pursuant to Fed. R. Civ. P. 37(a)(4).

Accordingly, RSC seeks an Order compelling Plaintiff to provide full and complete answers to Interrogatory Nos. 3 and 11, and to withdraw all objections to Interrogatory Nos. 5, 6, 8, 10, 12, 13, 14, 15, 16, and 17 and provide complete supplemental answers to those interrogatories, all signed and verified under oath.

**B.    Plaintiff Fails to Produce Any Documents or Provide Proper Responses to Requests for Production of Documents**

In his responses to RSC's Request for Production of Documents, Plaintiff

falsely claims to have already produced documents, and states documents will be produced. In fact, Plaintiff has not produced a single document in this case. Nonetheless, in response to Request No. 21, Plaintiff responded that documents "have been produced," while in his responses to Request Nos. 6, 8, 9, and 10, he stated that "all responsive documents relevant to these proceedings have been produced by Plaintiff."  Then, contradictorily, Plaintiff responded that "Plaintiff will produce the documents in Plaintiff's possession and/or control" to Request Nos. 1, 2, 3, and 19.  Plaintiff must be compelled to produce all documents responsive to these requests.

Plaintiff has refused to respond to eleven requests, or produce documents, based upon improper and boilerplate objections, including the following eight interrogatories that he objected to "on the grounds that it calls for a legal conclusion from a lay witness; and calls for expert testimony":

**No. 20:  Any and all documents that represent or evidence the number of putative class members that may fall within the proposed "TCPA Class," including all documents that support or provide a source for your belief stated in Paragraph 80 of the Complaint that "class members number in the thousands, if not more."**

**No. 22:  Any and all documents evidencing any damages and/or harm caused to any potential members of the proposed "TCPA Class" as a result of alleged telephone calls from RSC or a party acting on its behalf.**

**No. 23:  All documents that may be used to support Plaintiff's claims, including but not limited to, pages from the Internet, and/or documents and court pleadings from other lawsuits against RSC, or any related entities.**

**No. 5:  All documents reflecting economic damages and/or actual harm caused to Plaintiff as a result of his receipt of alleged telephone calls as described in the Complaint.**

**No. 7:  Any and all documents evidencing that RSC's alleged conduct toward you was "knowing" and/or "willful" as alleged in the Complaint.**

**No. 14:   Any and all documents that support your contention, in paragraph 37 of the Complaint, that RSC used an "ATDS" in allegedly calling your cellular telephone.**

**No. 15:  All documents that support your contention that the proposed classes are capable of being certified, including but not limited to, documents supporting that the class are numerous enough for certification, have common issues that will predominate over individual issues, have typical issues, and have adequate representation.**

**No. 16:   Any and all documents which represent or evidence your contention that a class action for both proposed classes is superior to other available methods for fairly and efficiently adjudicating this controversy as alleged in paragraph 92 of the Complaint.**

These objections, like similar ones Plaintiff raised to avoiding answering five interrogatories, are frivolous and should be overruled.  None of these requests seek a legal conclusion; rather, they all seek documents that provide factual support for Plaintiff's claims or damages.

Plaintiff avoids providing responses, or producing documents, to three other requests based on a collection of boilerplate objections, as follows:

**No. 11:  Any and all documents relating to your involvement in any other TCPA proceeding in which you were a witness or party.**
RESPONSE:  Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, harassing, and is unlimited in time and/or scope.

**No. 13:  Any and all documents related to any testimony you have provided under oath, including, but not limited to, affidavits,**

14

**depositions, discovery responses, or in-court testimony, in the last 10 years.**

RESPONSE:  Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, harassing, and is unlimited in scope.

**No. 17:  All documents relating to you providing any of your telephone numbers to receive telephone calls or text messages for commercial purposes, including all electronic-stored information reflecting your Interest browsing history from January 1, 2017, through May 31, 2017, on an electronic device with an IP address of 173.236.101 or 128.136.162.221 as of the referenced time period.**

RESPONSE:   Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, harassing, invades Plaintiff's privacy and is unlimited in scope. Furthermore, Plaintiff objects to this Request on the ground that it is not reasonably calculated to lead to the discovery of relevant evidence.

As stated above, boilerplate objections of unduly burdensome, oppressive, and harassing are wholly improper, "especially when a party fails to submit any evidentiary declarations supporting such objections,"[8] and these objections must be overruled.  Plaintiff offers no such explanation for his other objections that would justify not responding to these requests at all.   His improper relevancy objection to Request No. 17 must also be overruled.   "Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper."[9]   Plaintiff offers no such explanation or argument for his bare relevancy objection.  Request No. 17 is directly relevant to the issue of consent: RSC's lead generator has produced a record showing

---

[8] *A. Farber*, 234 F.R.D. at 188.

[9] *Id.*

15

Plaintiff's number was furnished on an opt-in website consenting to receive the calls for which Plaintiff is now suing.

Accordingly, RSC seeks an Order compelling Plaintiff to provide full and complete responses to Requests Nos. 5, 7, 11, 13, 14, 15, 16, 17, 20, 22, and 23, withdraw all objections to these requests, and produce all responsive documents.

**C.    Plaintiff's Improper Use of Objections to Avoid Admitting or Denying Requests for Admission Must be Overruled**

Plaintiff has failed to respond to two valid requests for admission by asserting improper objections, which must be overruled:

**No. 12:   Admit that you are not seeking any damages in this lawsuit for harm or injury from having to pay anything for the alleged calls as described in Paragraphs 27 through 47 of the Complaint.**

RESPONSE:  Plaintiff objects to this request on the grounds that it calls for a legal conclusion from a lay witness; and calls for expert testimony.

**No. 14:   Admit that you have no evidence to support your allegations that anyone other than you or DeForest received telephone calls from RSC similar to the ones described in the Complaint.**

RESPONSE:  Plaintiff objects to this request on the grounds that it calls for a legal conclusion from a lay witness; calls for a legal conclusion; is unduly burdensome; and unlimited in time and/or scope. Furthermore, after making a reasonable inquiry, the information known or readily obtainable to Plaintiff is insufficient to enable Plaintiff to admit or deny this request. Since discovery is continuing, Plaintiff reserves Plaintiff's right to amend Plaintiff's response.

Plaintiff's objection to Request Nos. 12 is ridiculous.   It simply asked Plaintiff to admit or deny that he is not suing RSC for any actual out-of-pocket costs as a result of the telephone calls he claims to have received.  Whether or not he incurred a charge for these alleged calls is a factual matter within his personal

16

knowledge that he obviously can admit or deny.  His assertion that the request calls for a legal opinion or expert testimony is absurd.

Similarly, Plaintiff's objection that Request No. 14 calls for a legal conclusion makes no sense – the request simply asks him to admit or deny that he has no evidence that anyone other than the plaintiffs in this case received calls like the ones described in the Complaint.  Plainly, Plaintiff knows what evidence he has and does not have.  His further explanation offered to avoid responding to this request – that he "lacks personal knowledge" after making a "reasonable inquiry" – is wholly disingenuous.  "A party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him."[10]  If, after a reasonable inquiry, Plaintiff has no personal knowledge of any evidence that anyone other than the plaintiffs in this case received calls like the ones described in the Complaint, then Request No. 14 must be admitted.  His other boilerplate objections that Request No. 14 is unduly burdensome and unlimited in time and/or scope lack merit, as RSC's inquiry is limited to asking about his evidence of a putative class he claims exists.

Accordingly, RSC requests that this Court overrule Plaintiff's frivolous objections and compel him to respond to these requests in accordance with Rule 36(a)(4), without objection.

---

[10] *Asea, Inc. v. So. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982).

17

**D.  Plaintiff Must Provide Discovery in Response to RSC's Request for Inspection and Cannot Hide Behind Boilerplate Objections to Deny Discovery or Hide his Failure to Preserve Documents**

As noted above, RSC's lead generator has produced a record showing Plaintiff's cellular telephone number was furnished on an opt-in website consenting to receive the calls for which Plaintiff is now suing.  Therefore, to discover whether or not Plaintiff furnished his cellular telephone number on the Internet and consented to receive the calls underlying his claims, RSC propounded the following Request for Inspection:

> **Defendant, ROYAL SEAS CRUISES, INC. ("RSC"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests permission to enter Plaintiff JOHN MCCURLEY's property/premises and to inspect, copy and/or take custody of his cellular telephone with the number (925) XXX-1321 and any computer or electronic device that was capable of accessing the Internet and was located at Plaintiff's home in San Diego County, California, or otherwise in Plaintiff's control from January 1, 2017, through May 31, 2017, including but not limited to any computer or electronic device with the IP address of 173.236.101.2 or 128.136.162.221 (the "Systems"), for the purpose of examining the Systems for files reflecting the browsing history and/or internet access on the Systems from January 1, 2017, through May 31, 2017.**

In response, Plaintiff has objected outright to any inspection, as follows:

RESPONSE:  Plaintiff hereby objects to Defendant's Request for Inspection on the grounds that it is overbroad with regard to time and scope; invades Plaintiff's privacy; constitutes an undue burden on Plaintiff; and is not limited to the matters at issue herein.

Again, boilerplate objections of unduly burdensome and overbreadth are wholly improper and must be disregarded.  Plaintiff has provided no declaration to support his unduly burdensome objection and offered no such explanation or

18

argument for his other objections.  His objection on the basis of privacy concerns lacks merit as it ignores the fact that Plaintiff has put his cellular phone at issue in the case by alleging to have received a telephone call on that device without his consent, yet he seeks to shield that and other devices from scrutiny from which consent can be ascertained.

The discovery sought by RSC is highly relevant to proving the issue of consent that lies at the heart of this case.  Indeed, as RSC has disclosed under oath in discovery, the only approved form of telemarketing known to RSC during the times at which Plaintiff claims to have been called were those calls made by Prospects DM, Inc., a lead generation company that provided inbound call-transfer to RSC on a 100% opt-in consent basis.  Moreover, this company has produced a record showing someone provided Plaintiff's cellular telephone number on a website and expressly consented to be contacted.  As such, the only source of information available to RSC to tie this consent record to Plaintiff lies on Plaintiff's devices, which would retain files reflecting his browsing history and cookie files that would prove, or disprove, that he opted in to receive the telephone calls of which he complains.

Therefore, Plaintiff lacks any justification for his blanket refusal to provide discovery in response to RSC's Request for Inspection.  Such reticence by Plaintiff suggests either that he is hiding information that would support RSC's consent defense or he has failed to comply with his obligation to preserve all potentially

34539766.1

relevant documents including electronically-stored data after commencement of litigation.

Accordingly, RSC requests entry of an Order overruling Plaintiff's boilerplate objections to RSC's Request for Inspection, and compelling him to coordinate an inspection, at his expense, within thirty (30) days of his cellular telephone and all other electronic devices on which he accessed the internet during the time period he claims to have received telephone calls without consent.

**E.     Plaintiff Must Be Compelled to Provide, or Cooperate in Providing, Cellular Telephone Carrier Records Described in RSC's Proposed Subpoena and Identified in Plaintiff's Initial Disclosures**

Given that Plaintiff has failed to produce a single document in this case, including records reflecting the alleged telephone calls underlying his claims, RSC circulated to Plaintiff's counsel a proposed subpoena to his carrier for these basic documents.  RSC also circulated a proposed consent form to be signed by Plaintiff in order to satisfy the Customer Right of Privacy under California Public Utilities Code Ann. §2891-2994.10 *et seq.*, which prohibits carriers from disclosing certain account information without the subscriber's express written consent.   RSC's subpoena specifically sought the following information: "Copies of all call details (incoming, outgoing, missed, blocked and call duration of each call) and billing records for the telephone number (925) 890-1321 from December 1, 2016, to May 31, 2017."

Plaintiff has refused to provide his consent or cooperate in the issuance of a

subpoena to his carrier, without explanation other than Plaintiff's counsel's email on March 25 that "we objected to the subpoena. I am not sure why it is needed." BC Decl., at ¶11. Plaintiff has refused to confer on his unspecified objection and failed to articulate any basis for an objection, because there is none. In fact, in his Initial Disclosures in this case, Plaintiff specifically identified these very same records as relevant and available from his carrier, and described their location as "To be produced per court order." *See* Initial Disclosure of Plaintiff John McCurley (Sept. 25, 2017), attached hereto as **Exhibit "1"**. Thus, Plaintiff has no justification for objecting to RSC's discovery of the only documents in this case identified by Plaintiff, who has himself failed to produce a single document. He has not only admitted the documents are relevant, but has acknowledged a court order is appropriate for their production.

Accordingly, RSC seeks entry of an order compelling Plaintiff to provide express written consent to RSC for release of information from his cellular telephone carrier as described in RSC's proposed subpoena, or to otherwise cooperate in obtaining his cellular telephone records from his carrier.

## CONCLUSION

RSC seeks an order overruling Plaintiff's discovery objections and compelling Plaintiff to provide full and complete answers and responses to RSC's discovery requests, as foresaid, including signed and verified interrogatory answers, to produce all responsive documents including electronically-stored information

34539766.1

sought by RSC, and to coordinate an inspection of his cellular telephone and all other electronic devices within thirty (30) days at his expense, requiring Plaintiff to provide his express written consent to the subpoena to his telephone carrier proposed by RSC, awarding RSC its reasonable attorney's fees and costs pursuant to Rule 37(a)(5)(A), and imposing any other appropriate sanctions under Civil Local Rules 26.1 and 83.1 for Plaintiff's counsel's willful failure and refusal to comply with or cooperate in the procedures for presenting discovery disputes to the Court, including striking his pleadings.

DATED: April 16, 2018.

Respectfully Submitted,

**GREENSPOON MARDER LLP**

JEFFREY A. BACKMAN (Fla. Bar No. 662501)
Jeffrey.Backman@gmlaw.com
RICHARD W. EPSTEIN (Fla Bar No. 229091)
Richard.Epstein@gmlaw.com
200 E. Broward Blvd, Suite 1800
Fort Lauderdale, Florida 33301
Tel: 954.527.2427
Fax: 954.333.4027
*Admitted Pro Hac Vice*

 /s/ *Brian R. Cummings*
BRIAN R. CUMMINGS (Fla. Bar No. 25854)
Brian.Cummings@gmlaw.com
401 E. Jackson St., Suite 1825
Tampa, Florida 33602
Tel: 813.769.7020
Fax: 813.426.8582
*Admitted Pro Hac Vice*

ANTON N. HANDAL, ESQ. (Bar No. 113812)
Tony.Handel@gmlaw.com
LAUREN G. KANE, ESQ. (Bar No. 286212)
Lauren.Kane@gmlaw.com
750 B Street, Suite 250
San Diego, CA 92101
Tel: 619.544.6400
Fax: 619.696.0323

Attorneys for Defendant *Royal Seas Cruises, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was has been served electronically filed with the Clerk of Court by using CM/ECF service which will provide copies to all counsel of record set forth on the Service List below who are registered to receive CM/ECF notification as reflected on the Service List on this 16th day of April, 2018.

By: _/s/ Brian R. Cummings_
Brian R. Cummings, Esq.

## **SERVICE LIST**

Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
Kevin Lemieux, Esq.
kevin@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

23

Abbas Kazerounian, Esq.
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff John McCurley*

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Meghan E. George, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
(877) 206-4741
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com

*Attorneys for Plaintiff Dan DeForest*

24