| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC**<br>Abbas Kazerounian, Esq. (249203)<br>ak@kazlg.com<br>Matthew M. Loker, Esq. (279939)<br>ml@kazlg.com<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626<br>Telephone:  (800) 400-6808<br>Facsimile:   (800) 520-5523 | **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**<br>Todd M. Friedman, Esq. (216752)<br>tfriedman@toddflaw.com<br>Adrian R. Bacon, Esq. (280332)<br>abacon@toddflaw.com<br>21550 Oxnard Street, Suite 780<br>Woodland Hills, CA 90212<br>Telephone:  (877) 206-4741<br>Facsimile:   (866) 633-0228 |

[ADDITIONAL PLAINTIFFS' COUNSEL ON SIGNATORY LINE]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN MCCURLEY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br>v.<br><br>**ROYAL SEAS CRUISES, INC.,**<br><br>Defendant. | **Case No.:** 17-cv-986 BAS (AGS)<br>*consolidated with*<br>17-cv-1988 AJB (AGS)<br><br>**DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**HON. CYNTHIA A. BASHANT** |
| **DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br>v.<br><br>**ROYAL SEAS CRUISES, INC.,**<br><br>Defendant. | |

| Case No.: 17-cv-986 BAS (AGS) | *McCurley, et al. v. Royal Seas Cruises, Inc.* |
|---|---|

**DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# DECLARATION OF ABBAS KAZEROUNIAN, ESQ.

I, ABBAS KAZEROUNIAN declare:

1. I am one of the attorneys for the Plaintiffs DAN DEFOREST ("Deforest"); and, JOHN MCCURLEY ("McCurley") in this action.

2. I submit this declaration in support of the Motion for Class Certification Pursuant to Fed. R. Civ. P. 23(B)(3) in the action against Defendant ROYAL SEAS CRUISES, INC. ("Royal Seas").

3. I am licensed to practice law in the States of California; Illinois; Michigan; Texas; and, Washington as well as the District of Columbia.

4. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

5. I am writing this declaration in support of Plaintiffs' Motion for Class Certification, and specifically, to establish that I am appropriate and qualified Class Counsel pursuant to Fed. R. Civ. P. 23(a)(4) and (g), and that I will adequately and fairly represent the interests of the putative class.

6. I am one of the founders of the Kazerouni Law Group, APC ("KLG").

7. I was admitted to the State Bar of California in 2007 and have been a member in good standing ever since that time.

8. I am admitted in every federal district in California and have handled federal litigation in the federal districts of California; including being admitted to the 9th Circuit Court of Appeals.

Case No.: 17-cv-1986 BAS (AGS)    **1 OF 11**    *McCurley, et al. v. Royal Seas Cruises, Inc.*
**DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

9. My firm has litigated over 1000 individual consumer cases and over 500 consumer class actions. These class actions were litigated in federal courts in Arizona, California, Washington, Ohio, Nevada, New Jersey, New York, Minnesota, Missouri, Tennessee, Illinois and Texas, as well as California State Courts. Approximately 95% percent of my practice concerns consumer litigation in general. My firm has five offices in Orange County, San Luis Obispo, Phoenix, Dallas, and Las Vegas. Kazerouni Law Group, APC has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions.

## KAZEROUNI LAW GROUP, APC'S
## CONSUMER RELATED EXPERIENCE AND RESULTS

10. Kazerouni Law Group, APC has extensive experience in other consumer related issues, including the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act and other related consumer statutes. A brief summary of a non-inclusive list of notable published decisions are as follows:

   a. *Franklin v. Wells Fargo, N.A.*, No. 14-cv-2349-MMA-BGS (S.D. Cal.) (approved for $14,550,198);

   b. *Knell v. FIA Card Services, N.A.*, 12-cv-426 AJB (WVG) (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,750,000; finally approved by Court;

   c. *Knutson v. Schwan's Home Service, Inc. et al.*, 3:12-cv-00418-AJB-DHB (S.D. Cal.) (finally approved for $2,535,280);

   d. *Zaw v. Nelnet, Inc.*, C 13-5788 RS (N.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $1,188,110.00; finally approved on November 14, 2014;

e. *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290 IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval in 2013);

f. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284-DMS (BGS) (S.D. Cal.) (finally approved for $11,973,558);

g. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286 MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; preliminarily approved for $18,000,000);

h. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation,* 11-md-02295-JAH (BGS) (Counsel for a Plaintiff in the lead action, prior to the action being re-categorized through the multi-district litigation process; still actively involved in the MDL litigation and settlement process; preliminarily approved for $18,000,000);

i. *Arthur v. SLM Corporation,* 10-CV-00198 JLR (W.D. Wash.) (nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA: $24.15; final approval granted in 2012)

j. *Lo v. Oxnard European Motors,* LLC, et al., 11-CV-1009-JLS-MDD (S.D. Cal.) (achieving one of the highest class member payouts in a TCPA action of $1,331.25; final approval granted in 2012);

k. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00; final approval granted in 2013);

l. *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC-KSC (S.D. Cal.) (Class action settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; finally approved for more than $1,000,000)

m. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA).

n. *Olney v. Progressive Casualty Insurance Company*, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.); 13-CV-2058-GPC-NLS (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

o. *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (the court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

p. *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) (TCPA class action, settled and finally approved for $39,975,000);

q. *In Re Jiffy Lube International, Inc.*, MDL No. 2261 [Finally approved for $47,000,000.00];

r. *Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-CV-0981-JAH (JMA) (S.D. Cal.) (Finally approved for $5,350,000);

s. *Hoffman v. Bank of America*, 12-cv-539 JAH (DHB) (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,600,000; finally approved by Court;

t. *Couser v. Comenity Bank*, No. (S.D. Cal.) (finally approved TCPA class action with common fund of $8,475,000);

u. *Lemieux v. EZ Lube, Inc.*, 12-cv-1791 BAS (JLB) (S.D. Cal.) (Class settlement finally for $479,364 approved and Kazerouni Law Group, APC appointed as class counsel)

v. *Newman v. Americredit Financial Services, Inc.,* 11-cv-3041 DMS (BLM) (S.D. Cal.) (TCPA Class settlement in the amount of $8,500,000.00 finally approved).

w. *Rose v. Bank of Am. Corp.*, No. 11-cv-02390-EJD (N.D. Cal.) (finally approved for $32,000,000);

x. *Abdeljalil v GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. Cal.) (Class Certification granted and preliminarily approved for $7,000,000);

y. *Barrett v. Wesley Financial Group, LLC*, 13-cv-00554-LAB-KSC (S.D. Cal.) (Class certification granted);

z. *Gehrich v. Chase Bank, N.A.*, 12-cv-5510 (N.D. Cal.) (finally approved for $34,000,000);

aa. *Mount v. Wells Fargo Bank, N.A.*, BC395959 (Sup. Ct. Los Angeles) (finally approved for $5,600,000);

bb. *Caldera v. Am. Med. Collection Agency*, 2017 U.S. Dist. LEXIS 99239 (C.D. Cal. June 27, 2017) (Order certifying nationwide TCPA class action);

cc. *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Sup. Ct. San Luis Obispo) (RFDCPA class action finally approved on October 30, 2017);

dd. *Calderon v. The Wolf Firm*, SACV16-1266 JLS (JESx), 2018 U.S. Dist. LEXIS 42054 (C.D. Cal. March 13, 2018) (FDCPA class action preliminarily approved on March 13, 2018);

ee. *Moreno-Peralta v. TRS Recovery Services, Inc.*, 15CV-0481 (San Luis Obispo Superior Court (RFDCPA class action finally approved on July 19, 2018);

ff. *Maxin v. RHG & Company, Inc.*, 16-cv-2625 JLS (BLM) (S.D. Cal.) (Supplement Misrepresentation class action finally approved on February 16, 2018);

gg. *Hansen v. Tinder, Inc.*, 15CVP-0155, 2018 Cal. Super. LEXIS 123 (San Luis Obispo Sup. Court April 11, 2018) (Dating Services Contract Act class action preliminarily approved on April 11, 2018);

hh. *McPolin v. Credit Service of Logan*, 16-cv-116 BSJ (Utah District Court) (FDCPA class action preliminarily approved on February 28, 2017);

ii. *Giffin v. Universal Protein Supplements Corp.*, 2018 Cal. Super. LEXIS 3, BC613414 (Sup. Ct. Los Angeles) (Supplement misrepresentation class action finally approved on February 7, 2018);

jj. *Anderson v. Phoenix Financial Services, LLC, et al.*, BCV-16-101385, 2018 Cal. Super. LEXIS 1030 (Kern Sup. Court) (FDCPA class action finally approval on July 23, 2018); and,

kk. *Reid v. I.C. System Incorporated*, CV-12-2661 PHX ROS, 2018 U.S. Dist. LEXIS 125663 (D. Ariz. July 26, 2018) $3,500,000.00 TCPA Class Settlement Finally Approved on July 26, 2018).

**ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS**

11. I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:

   a. Four-day National Consumer Law Center Conference; Nashville, TN – 2008;
   b. Three-day National Consumer Law Center Conference; Portland, OR - 2008;
   c. Three-day National Consumer Law Center Conference; San Diego, CA - 2009;
   d. Three-day National Consumer Law Center Conference; Seattle, WA - 2011;
   e. National Consumer Law Center Conference in 2013;
   f. National Consumer Law Center Conference in 2014;
   g. National Consumer Law Center Conference in 2015;
   h. National Consumer Law Center Conference in 2016;
   i. Three-day CAALA Conference; Las Vegas, NV – 2009;
   j. Three-day CAALA Conference; Las Vegas, NV – 2013;
   k. Three-day CAALA Conference; Las Vegas, NV – 2015;
   l. Three-day CAALA Conference; Las Vegas, NV – 2016;
   m. Three-day CAOC Conference – 2014 and 2015;
   n. Speaker for webinar re Fist Look at the FCC's TCPA Declaratory Rulings; July 2015;

 o. Speaker at the ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA – 2013;

 p. Speaker at the ABA TCPA National Webinar (Consumer Protection, Privacy & Information Security, Private Advertising Litigation, and Media & Technology Committees) – September 2013;

 q. Speaker at the 2014 ACA Conference in November 2014;

 r. January 2016, speaker ABA National Conference regarding Consumer Financial Service Committee on Impact of FCC's Declaratory Ruling on the Telephone Consumer Protection Act;

 s. September 2016, speaker at the ACI Conference in Dallas - The Borrower's Perspective: Insight From The Plaintiffs' Bar and Consumer Advocates;

 t. September 2016, speaker at the Annual Consumer Financial Services Conference - TCPA Panel;

 u. Speaker at the 2016 CAOC Conference in November of 2016;

 v. Speaker at CAOC Conference in San Francisco on Deposition Technology in November of 2017;

 w. Speaker at the National Webinar by ABA Consumer Financila Services Committee on "TCPA Update – The D.C. Circuit's TCPA Decision on the FCC Ruling" in March of 2018;

 x. Speaker at 2018 Inland Empire CAOC Convention on "Class Action Hot Topics" in May of 2018; and,

 y. Speaker at the OCTLA presentation "Get Focused – Methods to Test and Focus the Issues and Theories of Your Case" in July of 2018.

12. As one of the main plaintiff litigators of consumer rights cases in Southern California, I have been requested to and have made regular presentations to community organizations regarding debt collection laws and consumer rights.

These organizations include Whittier Law School, Iranian American Bar Association, Trinity School of Law and Chapman Law School, University of Southern California, Irvine, and California Western School of Law. I was the principle anchor on Time Television Broadcasting every Monday night, as a consultant on consumer law for over a year in 2012.

13. I am an adjunct professor at California Western School of Law where I teach a three-credit course in consumer law.

14. I have been named Rising Star by San Diego Daily Tribune in 2012, and Rising Star in Super Lawyers Magazine in 2013, 2014 and 2015. I have been nominated for Rising Star in Super Lawyers Magazine in 2016. I have also been listed on The National Trial Lawyers Top 40 Under 40 in 2016.

15. I was a panelist in a webinar, ABA Telephonic Brown Bag re: TCPA, on August 25, 2015.

16. I lectured in Class Action Trends at the CAOC 2015 Conference in San Francisco.

17. In January of 2016, I spoke on the impact of the Federal Communications Commission's 2015 Declaratory Ruling on TCPA litigation at the ABA National Convention in Salt Lake City, Utah.

18. I am a member in good standing of the following local and national associations:

   a. National Association of Consumer Advocates;
   b. Federal Bar Association;
   c. American Association for Justice;
   d. Orange County Bar Association;
   e. California Attorneys Association of Los Angeles;
   f. Iranian American Bar Association (President for 2008 and 2009);

g. Consumer Attorneys of California (Member of Board of Governors).

19. In addition to my class action experience, I have experience in commercial litigation and large-scale products liability litigation including a $2.5 million dollar settlement in *Mei Lu Hwei, et al v. American Honda Motor Co., Inc.*, et al. (Case No. BC401211 in Superior Court of California for County of Los Angeles). I have regularly litigated cases in state and federal courts, and have reached numerous confidential seven-figure settlements against internationally known companies.

20. I am unaware of any conflicts of interest between Plaintiffs and putative class members and between proposed class counsel and the other parties to this litigation.

21. I, and my co-counsel, have vigorously litigated this action in the best interest of the class.

22. On these grounds, I believe that I am appropriate and qualified Class Counsel pursuant to Fed. R. Civ. P. 23(a)(4) and (g), and that I will adequately and fairly represent the interests of the putative class.

23. I respectfully request this Court grant Plaintiffs' Motion for Class Certification.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed on July 30, 2018.

          ___/s/ Abbas Kazerounian___
          ABBAS KAZEROUNIAN

[ADDITIONAL COUNSEL FOR PLAINTIFFS]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Case No.: 17-cv-1986 BAS (AGS)   **11 OF 11**   *McCurley, et al. v. Royal Seas Cruises, Inc.*
**DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**