**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard Street, Suite 780
Woodland Hills, CA 90212
Telephone:   (877) 206-4741
Facsimile:   (866) 633-0228

[ADDITIONAL PLAINTIFFS' COUNSEL ON SIGNATORY LINE]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN MCCURLEY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**ROYAL SEAS CRUISES, INC.,**<br><br>Defendant. | **Case No.:** 17-cv-986 BAS (AGS)<br>*consolidated with*<br>17-cv-1988 AJB (AGS)<br><br>**DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**HON. CYNTHIA A. BASHANT** |
| **DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**ROYAL SEAS CRUISES, INC.,**<br><br>Defendant. | |

*Left margin: KAZEROUNI LAW GROUP, APC / 245 FISCHER AVENUE, UNIT D1 / COSTA MESA, CA 92626*

## DECLARATION OF JOSHUA B. SWIGART, ESQ.

I, JOSHUA B. SWIGART declare:

1. I am one of the attorneys for the Plaintiffs DAN DEFOREST ("Deforest"); and, JOHN MCCURLEY ("McCurley") in this action.

2. I submit this declaration in support of the Motion for Class Certification Pursuant to Fed. R. Civ. P. 23(B)(3) in the action against Defendant ROYAL SEAS CRUISES, INC. ("Royal Seas").

3. I am licensed to practice law in the States of California; Illinois; Michigan; Texas; and, Washington as well as the District of Columbia.

4. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

5. I am writing this declaration in support of Plaintiffs' Motion for Class Certification, and specifically, to establish that I am appropriate and qualified Class Counsel pursuant to Fed. R. Civ. P. 23(a)(4) and (g), and that I will adequately and fairly represent the interests of the putative class.

6. I am one of the founders of Hyde & Swigart.

7. I was admitted to the State Bar of California in 2003 and have been a member in good standing ever since that time.

8. I am admitted in every federal district in California and have handled federal litigation in the federal districts of California; including being admitted to the 9th Circuit Court of Appeals.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### HYDE & SWIGART'S
### CONSUMER RELATED EXPERIENCE AND RESULTS

9. Since my admission to the State Bar of California in 2003, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair debt collections, the defense of debt collection lawsuits, class action litigation under the Telephone Consumer Protection Act, California's invasion of privacy statutes pursuant to Penal Code § 630, *et seq.*, and false advertising actions concerning consumer products.

10. Hyde & Swigart has extensive experience in consumer related issues. A brief summary of a non-inclusive list of notable decisions are as follows:

   a. *Knell v. FIA Card Services, N.A., et al.*, 12-CV-426 AJB(WVG)(S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,750,000. Counsel obtained final approval on August 15, 2014);

   b. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,600,000. Finally approved on November 6, 2014);

   c. *Zaw v. Nelnet Business Solutions, Inc., et al.*, C 13-05788 RS (N.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $1,188,110. Final approval granted on December 1, 2014);

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

d. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008) (Allowing the original plaintiff who lacked standing in a class action to conduct pre-certification discovery of the identities of potential plaintiffs with standing);

e. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

f. *Engelen v. Erin Capital Management, LLC, et al.*, No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB) (Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

g. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

h. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

i. *Iniguez v. The CBE Group, Inc.*, 13-CV-00843-JAM-AC, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.) (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

j. *Catala v. Resurgent Capital Servs., L.P.*, 08-CV-2401 NLS, 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.) (Co-lead counsel on a class settlement involving the Fair Debt Collection Practices Act);

k. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (Summary judgment was granted *sua sponte* in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

l. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005) (Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required);

m. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004) (Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA);

n. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

o. *Geoffroy, et al. v. Washington Mutual Bank,* 484 F. Supp. 2d 1115 (S.D. Cal. 2007) (Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

**DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

p. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

q. *Mason v. Creditanswers,* 2008 U.S. Dist. LEXIS 68575 (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes);

r. *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

s. *Yates v. Allied Intl Credit Corp*., 578 F. Supp. 2d 1251 (2008) (Holding a debtors claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

t. *Owings v. Hunt & Henriques, et al.*, 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.) (Recognizing that the Service Members Civil Relief Act applies to California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

u. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013) (Holding that failing to properly list and disclose the identify of the original creditor in a state collection pleading is a violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e);

v. *Stemple v. QC Holdings, Inc.,* 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (TCPA action finally approved for $1,500,000);

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

w. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. al.) (Class Certification granted and finally approved for $7,000,000);

x. *Calderon v. The Wolf Firm*, SACV16-1266 JLS (JESx), 2018 U.S. Dist. LEXIS 42054 (C.D. Cal. March 13, 2018) (FDCPA class action preliminarily approved on March 13, 2018);

y. *Caldera v. Am. Med. Collection Agency*, 2017 U.S. Dist. LEXIS 99239 (C.D. Cal. June 27, 2017) (Order certifying nationwide TCPA class action);

z. *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Sup. Ct. San Luis Obispo) (RFDCPA class action finally approved on October 30, 2017);

aa. *Moreno-Peralta v. TRS Recovery Services, Inc.*, 2017 Cal. Super. LEXIS 548 (Sup. Ct. San Luis Obispo Oct. 10, 2017) (RFDCPA class action preliminarily approved);

bb. *Maxin v. RHG & Company, Inc.*, 16-cv-2625 JLS (BLM) (S.D. Cal.) (Supplement Misrepresentation class action finally approved on February 16, 2018);

cc. *McPolin v. Credit Service of Logan*, 2017 U.S. Dist. LEXIS 189236, 16-cv-116 BSJ (Utah District Court) (FDCPA class action with consumers to each receive $1,428.57, debt relief, and tradeline deletion finally approved on November 9, 2017);

dd. *Giffin v. Universal Protein Supplements Corp.*, 2018 Cal. Super. LEXIS 3, BC613414 (Sup. Ct. Los Angeles) (Supplement misrepresentation class action finally approved on February 7, 2018);

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

ee. *Anderson v. Phoenix Financial Services, LLC, et al.*, BCV-16-101385, 2018 Cal. Super. LEXIS 1030 (Kern Sup. Court) (FDCPA class action finally approval on July 23, 2018);

ff. *Moreno-Peralta v. TRS Recovery Services, Inc.*, 15CV-0481 (San Luis Obispo Superior Court (RFDCPA class action finally approved on July 19, 2018); and,

gg. *Reid v. I.C. System Incorporated*, CV-12-2661 PHX ROS, 2018 U.S. Dist. LEXIS 125663 (D. Ariz. July 26, 2018) $3,500,000.00 TCPA Class Settlement Finally Approved on July 26, 2018).

### ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

11. I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:

a. National Consumer Law Conference; Oakland, CA – 2003;

b. National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;

c. National Consumer Law Conference; Boston, MA – 2004;

d. Five-day extensive one-on-one training with The Barry Law Office; San Diego, CA –2005;

e. Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005;

f. Four-day extensive one-on-one training with The Barry Law Office; Minneapolis, MN – 2005;

g. Four-day National Association of Consumer Advocates Conference; Minneapolis, MN – 2005;

h. Four-day National Consumer Law Center Conference; Nashville, TN – 2008;

i.  Three-day National Consumer Law Center Conference; Portland, OR - 2008;

j.  Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

k.  Speaker ABA/JAG presentation to military service members and counsel; MCRD, San Diego CA – 2010;

l.  Speaker ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

m.  Three-day National Consumer Law Center Conference; Seattle, WA - 2011;

n.  Two-day FDCPA Mini-Conference; New Orleans; LA - 2012;

o.  Two-day National Consumer Law Center Conference on the FDCPA; Seattle, WA - 2012;

p.  National Consumer Law Center Conference, National Convention; Balitmore, MD - 2013;

q.  Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA - 2013;

r.  Speaker National Consumer Law Center; Nuts and Bolts of TCPA Litigation; San Antonio, TX - 2014;

s.  Speaker San Diego County Bar Association; Convergence of the FDCPA and Consumer Bankruptcy; San Diego, CA - 2014;

t.  Guest Speaker at California Western School of Law; Consumer Law class - 2014;

u.  8th Annual Class Action Seminar; San Francisco, CA – 2014;

v.  Speaker regarding class actions at the NCLC National Conference held in Anaheim, CA in 2016.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

12. I am a member in good standing of the following local and national associations:

    a.  National Association of Consumer Advocates;

    b.  Federal Bar Association, Southern District of California Chapter;

    c.  San Diego County Bar Association;

    d.  Riverside County Bar Association;

    e.  San Bernardino County Bar Association;

    f.  Enright Inns of Court (2011-2014);

    g.  American Association for Justice.

13. I am unaware of any conflicts of interest between Plaintiffs and putative class members and between proposed class counsel and the other parties to this litigation.

14. I, and my co-counsel, have vigorously litigated this action in the best interest of the class.

15. On these grounds, I believe that I am appropriate and qualified Class Counsel pursuant to Fed. R. Civ. P. 23(a)(4) and (g), and that I will adequately and fairly represent the interests of the putative class.

16. I respectfully request this Court grant Plaintiffs' Motion for Class Certification.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed on July 29, 2018.

___/s/ Joshua B. Swigart___

JOSHUA B. SWIGART

**[ADDITIONAL COUNSEL FOR PLAINTIFFS]**

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626