# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCURLEY,<br><br>                Plaintiff,<br><br>  v.<br><br>ROYAL SEAS CRUISES, INC.<br><br>                Defendant.<br>DAN DEFOREST,<br><br>                Plaintiff,<br><br>  v.<br><br>ROYAL SEAS CRUISES, INC.<br><br>                Defendant. | Case No. 17-cv-00986-BAS-AGS<br>Case No. 17-cv-01988-BAS-AGS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**<br><br>**[ECF No. 47]** |

      Before the Court is Plaintiffs' motion to file a document under seal in connection with their motion for class certification. (ECF No. 47.) The single document they seek to file under seal is Defendant's contract with non-party DM Prospects, Inc., which Defendant has designated as "confidential" pursuant to the Protective Order (ECF No. 37) in this case. (ECF No. 47-1 at 2–3; *see also* ECF No. 48 (document conditionally lodged under seal).) For the reasons herein, the Court grants Plaintiffs' motion.

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

## II. DISCUSSION

Plaintiffs' motion assumes that the compelling reasons standard applies by arguing that compelling reasons exist to file the document under seal. (ECF No. 47-1 at 2.) The Court agrees with Plaintiffs that the compelling reasons standard applies in this context. A class certification motion "generally involves considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action," which require a districts court to engage in a "rigorous analysis" that "entail[s] some overlap with the merits of the plaintiff's underlying claims." *Wal-Mart Stores, Inc.*

*v. Dukes*, 564 U.S. 338, 351, 352 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)) (internal quotation marks omitted). Accordingly, courts apply the compelling reasons standard to a motion to seal a document filed in connection with a motion for class certification. *See, e.g., Baker v. Seaworld Entm't, Inc.*, No. 14cv2129-MMA (AGS), 2017 WL 5029612, at *3 (S.D. Cal. Nov. 3, 2017) (applying compelling reasons standard to motion to seal filed in connection with exhibits to motion for class certification); *Opperman v. Path, Inc.*, No.13-cv-00453-JST, 2017 WL 1036652, at *5 (N.D. Cal. Mar. 17, 2017) (same); *Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) (same). This Court will do so as well.

Plaintiffs assert that Defendant's contract with non-party DM Prospects, Inc. should be filed under seal because it "covers confidential information that is potentially prejudicial to the business or operations" of Defendants if disclosed to the public. (ECF No. 47-1 at 2; see also ECF No. 47-2.) The contract contains information on marketing, compensation, and other aspects of Defendant's relationship with DM. Courts routinely permit the sealing of records containing business information which competitors could potentially misuse if disclosed, even in connection with a motion for class certification. *See, e.g., Baker*, 2017 WL 5029612, at *3 (permitting sealing of exhibits that contained information relating to negotiations with third parties as well as contract fees); *Lucas*, 2016 WL 5464549, at *2 (permitting sealing of exhibit containing information related to sales and marketing data of a business); *Algarin v. Maybelline, LLC*, No. 12cv3000 AJB (DHB), 2014 WL 690410, *3–4 (S.D. Cal. Feb. 21, 2014) (same). Similarly, the Court concludes that Plaintiffs have met the compelling reasons standard to warrant filing the document under seal based on potential misuse by competitors.

## III. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to seal. (ECF No. 47.) The proposed sealed lodged document (ECF No. 48) shall remain

under seal.

**IT IS SO ORDERED.**

**DATED: July 31, 2018**

Hon. Cynthia Bashant
United States District Judge