**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard Street, Suite 780
Woodland Hills, CA 90212
Telephone:  (877) 206-4741
Facsimile: (866) 633-0228

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN MCCURLEY; AND, DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**ROYAL SEAS CRUISES, INC.,**<br><br>Defendant. | **Case No.:** 17-cv-986 BAS (AGS)<br><br>**PLAINTIFFS JOHN MCCURLEY; AND, DAN DEFOREST'S MOTION FOR APPROVAL OF NOTICE OF PLAINTIFFS' CERTIFIED CLASS ACTION**<br><br>**DATE:** July 15, 2019<br>**COURTROOM:** 4B<br><br>**HON. CYNTHIA A BASHANT**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ................................................................ 1

II. LEGAL STANDARD ......................................................... 2

III. ARGUMENT .................................................................. 4

  A. THE CONTENT OF THE PROPOSED NOTICE ADEQUATELY ADVISES THE CLASS MEMBERS OF THEIR RIGHTS ................................................ 5

    1. Plaintiffs' proposed notice describes the nature of this Action ........ 5

    2. Plaintiffs' proposed notice provides the definitions of the certified classes .................................................................................. 6

    3. Plaintiffs' proposed notice ................................................. 7

    4. Plaintiffs' proposed notice states that a class member may enter an appearance through an attorney if desired ........................................... 7

    5. Plaintiffs' proposed notice states that the Court will grant any exclusion requests as well as the time and manner for said request ..... 8

    6. Plaintiffs' proposed notice describes the binding effect of a class judgment on class members ........................................................... 9

  B. THE METHOD OF PROVIDING NOTICE IS DESIGNED TO REACH AS MANY CLASS MEMBERS AS POSSIBLE .................................................. 9

    1. Publication Notice ........................................................... 9

      a. *ESPN The Magazine* ................................................. 10

      b. *Targeted Digital Publication* ..................................... 10

    2. Direct Notice .................................................................. 11

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VI. <u>CONCLUSION</u>.................................................................................. 11

# TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

*Allen v. Similasan Corp.*,
2017 U.S. Dist. LEXIS 56333 (S.D. Cal. 2017)........................................ 9, 10

*Capps v. Law Offices of Peter W. Singer*,
2016 U.S. Dist. LEXIS 161137 (S.D. Cal. 2016)........................................ 4

*Carr v. Tadin, Inc.*,
2014 U.S. Dist. LEXIS 179835 (S.D. Cal. 2014)........................................ 6

*CE Design & Beaty Constr., Inc.*,
2009 U.S. Dist. LEXIS 5842 (N.D. Ill 2009) ........................................ 2

*Churchill Vill., LLC v. Gen. Elec*,
361 F.3 566 (9th Cir. 2004) ........................................ 5

*Grunin v. Int'l House of Pancakes*,
513 F.2d 114 (8th Cir. 1975) ........................................ 4

*Hahn v. Massage Envy Franchising Ltd. Liab. Co.*,
2015 U.S. Dist. LEXIS 62964 (S.D. Cal. 2015)........................................ 5

*Handschu v. Special Services Div.*,
787 F. 2d 828 (2d Cir. 1986) ........................................ 4

*In re "Agent Orange" Prod. Liab. Litig.*,
100 F.R.D. 718 (E.D.N.Y. 1983)........................................ 3

*In re Domestic Air Transp. Litig.*,
148 F.R.D. 297 (N.D. Ga. 1993) ........................................ 3

*In re Motor Fuel Temperature Sales Practices Litig.*
2013 U.S. Dist. LEXIS 76227 (D. Kan. 2013)........................................ 3

*Lloyd v. Navy Fed. Credit Union*,
2018 U.S. Dist. LEXIS 181055 (S.D. Cal. 2018)........................................ 7

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

*Low v. Trump Univ. Ltd. Liab. Co.,*
    246 F. Supp. 3d 1295 (S.D. Cal. 2017) ........................................................ 8

*Makaeff v. Trump Univ. Ltd. Liab. Co.,*
    2015 U.S. Dist. LEXIS 126147 (S.D. Cal. 2015) ........................................ 8

*Manner v. Gucci Am., Inc.,*
    2016 U.S. Dist. LEXIS 34224 (S.D. Cal. 2016) ........................................ 11

*Mikarimi v. Nev. Prop. 1, Ltd. Liab. Co.,*
    2015 U.S. Dist. LEXIS 112680 (S.D. Cal. 2015) ...................................... 10

*Mullane v. Central Hanover Bank & Trust Co.,*
    339 U.S. 306 (1950) ................................................................................. 3, 4

*Nunez v. Bae Sys. San Diego Ship Repair,*
    2017 U.S. Dist. LEXIS 20214 (S.D. Cal. 2017) .......................................... 5

*Rodriguez v. W. Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) ..................................................................... 5

*Singer v. Becton Dickinson & Co.,*
    2009 U.S. Dist. LEXIS 114547 (S.D. Cal. 2009) .................................... 4, 5

*W. Va. v. Chas. Pfizer & Co.,*
    440 F.2d 1079 (2d Cir. 1971) ..................................................................... 4

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## I. __INTRODUCTION__

Following years of hotly-contested litigation, this Court granted in part Plaintiffs JOHN MCCURLEY ("McCurley"); and, DAN DEFOREST's ("Deforest") Motion for Class Certification against Defendant ROYAL SEAS CRUISES, INC. ("Royal").   [ECF No. 87].   Said classes pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") were certified as follows:

### CLASS

All persons within the United States who received a telephone call (1) from Prospects, DM, Inc. on behalf of Royal Seas Cruises, Inc. (2) on said Class Member's cellular telephone (3) made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (4) between November 2016 and December 2017, (5) where such calls were placed for the purpose of marketing, (6) to non-customers of Royal Seas Cruises, Inc. at the time of the calls, and (7) whose cellular telephone number is associated in Prospects DM's records with either diabeteshealth.info or www.yourautohealthlifeinsurance.com.

*Id.*, 64:11-18

### TRANSFER SUBCLASS

All members of the Class whose call resulted in a Transfer to Royal Seas Cruises, Inc.

*Id.*, 64:19-65:2

Approximately 2.1 million consumers are within the Class while the Transfer Subclass is comprised of approximately 80,000 consumers. *Id.*, 39:7-14.

Given the dispute regarding Royal's "consent" data, Plaintiffs propose publication notice through social media and banner ads; or alternatively, direct mail notice based upon a reverse number look up.  Both proposals and the dissemination plan are submitted to this Court for consideration as Exhibits 1-7. Plaintiffs note that Royal does not agree with publication notice.  Moreover, the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Parties were mostly able to agree to the contents of direct mail notice but did not reach a complete agreement in that regard.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 23(c)(2)(B) requires that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Notice need not be "perfect" – plaintiffs are "afforded some flexibility with respect to providing notice to unknown, potential class members." *CE Design v. Beaty Constr., Inc.*, No. 07 C 3340, 2009 U.S. Dist. LEXIS 5842, *28 (N.D. Ill. J2009). Though the Federal Rules do not specify particular forms of notice that should be used to notify unidentified class members, the Manual for Complex Litigation, Fourth, provides guidance. When direct contact information is not available, the MCL recommends "publication notice," "internet notice," and "posting notice in public places likely to be frequented by class members" as viable alternatives to individual notification. MANUAL FOR COMPLEX LITIGATION (Fourth) ("MCL") § 21.311 (2004).

Notice allows class members to participate or opt out of a case, assess class representatives and counsel, and ensure adequate representation. Manual For Complex Litigation (Fourth) § 21.13 (2004). Class notice must state in clear, concise, plain, easily understood language:

(i)     the nature of the action;

(ii)    the definition of the class certified;

(iii)   the class claims, issues, or defenses;

(iv)   that a class member may enter an appearance through an attorney if the member so desires;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

(v)    that the court will exclude from the class any member who requests exclusion;

(vi)   the time and manner for requesting exclusion; and

(vii)  the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B)(i-vii).

The Court must direct "the best notice" to class members.  That is qualified in two ways: Notice must be "practicable under the circumstances," and must be given only to those individual members who can be identified through "reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  "What is 'the best notice practicable under the circumstances' and what constitutes 'reasonable effort' is a determination of fact to be made in the individual litigation. *In re "Agent Orange" Prod. Liab. Litig.*, 100 F.R.D. 718, 729 (E.D.N.Y. 1983)." *In re Motor Fuel Temperature Sales Practices Litig.*, 2013 U.S. Dist. LEXIS 76227, 58-59 (D. Kan. 2013).

"Rule 23 does not mandate individual notice; instead, it requires that 'the notice must be such as is reasonably calculated to reach interested parties and apprise them of the pendency of the action.' *In re Domestic Air Transp. Litig.*, 137 F.R.D. at 695 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950))." *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 335 (N.D. Ga. 1993).  "Notice calculated to reach the most likely class members is adequate under Rule 23.  In all cases the court should strike an appropriate balance [in determining the type of notice] between protecting class members and making Rule 23 workable.  Manual for Complex Litigation § 30.211 (2d ed. 1985)."  Id.  "'Notice by publication is appropriate where individual notice would be burdensome or expensive. . . . In the present case, [i]n view of the millions of members of the class, notice to class

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  members by individual postal mail, email or radio or television advertisements, is

2  neither necessary nor appropriate. The publication notice ordered is appropriate

3  and sufficient in the circumstances,' citing *Handschu v. Special Services Div.*,

4  787 F.2d 828, 832-33 (2d Cir. 1986); *W. Va. v. Chas. Pfizer & Co.*, 440 F.2d

5  1079, 1090 (2d Cir. 1971)). The court therefore concludes that the notice

6  requirements of Rule 23(e) have been satisfied." *Weeks v. Kellogg Co.*, 2013 WL

7  6531177 at * 11 (C.D. Cal. Nov. 23, 2013).

8  ### III.  **ARGUMENT**

9      Those class members who cannot be readily identified must be given the

10 best practicable notice under the circumstances. *Manual for Compl. Lit., Fourth* §

11 21.311.  To qualify, "[t]he class notice must be 'reasonably calculated, under all

12 the circumstances, to apprise interested parties of the pendency of the action and

13 afford them an opportunity to present their objections.'" *Singer v. Becton*

14 *Dickinson & Co.*, No. 08-cv-821-IEG (BLM), 2009 U.S. Dist. LEXIS 114547, at

15 *29 (S.D. Cal. 2009) citing to *Mullane v. Cent. Hanover Bank & Trust Co.*, 339

16 U.S. 306, 314 (1950).  "[T]he mechanics of the notice process are left to the

17 discretion of the court subject only to the broad 'reasonableness' standards

18 imposed by due process.'"  *Capps v. Law Offices of Peter W. Singer*, No. 15-cv-

19 2419 BAS (NLS), 2016 U.S. Dist. LEXIS 161137, at *26 (S.D. Cal. 2016) citing to

20 *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975).

21     Here, Plaintiffs argue that (A) the content of Plaintiffs' notice; and, (B) the

22 method of providing Plaintiffs' notice are designed to give the best practicable

23 notice to the class members.  Thus, Plaintiffs request this Court grant Plaintiffs'

24 Motion.

25 ///

26 ///

27 ///

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## A. THE CONTENT OF THE PROPOSED NOTICE ADEQUATELY ADVISES THE CLASS MEMBERS OF THEIR RIGHTS.

"[T]he class notice must satisfy the content requirements of Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state in plain, easily understood language:

> (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney in the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and, (7) the binding effect of a class judgment on members under Rule 23(c)(3).

*Singer*, 2009 U.S. Dist. LEXIS 114547, at *29.

"Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Nunez v. Bae Sys. San Diego Ship Repair*, No. 16-cv-2162 JLS (NLS), 2017 U.S. Dist. LEXIS 20214, at *23 (S.D. Cal. 2017) citing to *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009); and, *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Here, the content of Plaintiffs' proposed notice was specifically designed with each of these requirements in mind.

### 1. Plaintiffs' proposed notice describes the nature of this Action.

"In terms of content, the notice must explain in easily understood language the nature of the action…" *Hahn v. Massage Envy Franchising Ltd. Liab. Co.*, No. 3:12-cv-153 DMS (BGS), 2015 U.S. Dist. LEXIS 62964, at *10 (S.D. Cal. 2015).

As stated above, Plaintiffs propose notice through either publication or direct mail notice with each proposed discussed in turn below.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

For publication notice, Plaintiffs propose Facebook advertisements, online banner advertisements, and an article in ESPN The Magazine. [Declaration of Carla A. Peak ("Peak Decl."), ¶ 19]. Each form of publication notice is intended to direct consumers to the Website where consumers can review a more detailed notice as well as applicable Court filings for this matter.

Similarly, the direct mail notice will be provided via postcard which also directs consumers to a Website. Each type of notice contains the following information:

> You may be affected by a class action lawsuit claiming that Royal Seas Cruises, Inc. ("Defendant") marketed cruise vacation packages and services through an automatic telephone dialing system and/or an artificial or prerecorded voice. The lawsuit claims that this conduct violated the federal Telephone Consumer Protection Act (the "TCPA") because consumers did not consent to receive these calls. The Defendant denies these claims. The Court has not decided who is right. If the case is not resolved through legal motions or settled, the lawyers for the Class will have to prove their claims at a trial.

[*See, e.g.,* Exhibits 1; 4; 5; and, 6]

Based upon this language, Plaintiffs contend that this requirement of Rule 23(c)(2)(B) is met.

## 2. **Plaintiffs' proposed notice provides the definitions of the certified classes**

To obtain approval, a proposed notice must contain the definition(s) of any certified classes. *See Carr v. Tadin, Inc.*, No. 12-cv-3040 JLS (JMA), 2014 U.S. Dist. LEXIS 179835, at *19-20 n.2 (S.D. Cal. 2014) citing to Fed. R. Civ. P. 23(c)(2)(B).

Here, Plaintiffs' proposed notices provide the class definitions as follows:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

**AM I AFFECTED?** You may be a "Class Member" if you received a call on your cell phone from Prospects, DM, Inc. on behalf of Royal Seas Cruise that was made using an automatic telephone dialing system or prerecorded voice between November 2016 and December 2017. Specifically, the lawsuit includes all persons in the U.S. who received a telephone call (1) from Prospects, DM, Inc. on behalf of Royal Seas Cruises, Inc., (2) on said Class Member's cellular telephone, (3) made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (4) between November 2016 and December 2017, (5) where such calls were placed for the purpose of marketing, (6) to non-customers of Royal Seas Cruises, Inc. at the time of the calls, and (7) whose cellular telephone number is associated in Prospects DM's records with either diabeteshealth.info or www.yourautohealthlifeinsurance.com. The Class also includes a Subclass of all Class Members whose call resulted in a transfer to Royal Seas Cruises, Inc.

[*See, e.g.,* Exhibits 1; 4; 5; and, 6]

Plaintiffs contend that this requirement of Rule 23(c)(2)(B) is met based upon this language.

### 3. **Plaintiffs' proposed notice describes the class claims, issues, and defenses.**

"Under Rule 23(c)(2)(B), 'the Court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" *Lloyd v. Navy Fed. Credit Union*, No. 17-cv-1280 BAS (RBB), 2018 U.S. Dist. LEXIS 181055, at *30 (S.D. Cal. 2018). To be adequate, the proposed notice must describe the class claims, issues, and defenses. *Id*.

Here, the screenshots of the proposed notices included above address each of the claims, issues, and defenses. Thereafter, said notices direct consumers to the Website where consumers may review more detailed information as well as Court filings. Thus, Plaintiffs contend that this requirement of Rule 23(c)(2)(B) is met.

### 4. **Plaintiffs' proposed notice states that a class member may enter an appearance through an attorney if desired.**

"The Federal Rules provide that…[t]he notice must clearly and concisely state in plain, easily understood language…that a class member may enter an appearance through an attorney if the member so desires." *Makaeff v. Trump Univ.,*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   *Ltd. Liab. Co.*, No. 10-cv-0940 GPC (WVG), 2015 U.S. Dist. LEXIS 126147, at *7

2   (S.D. Cal. 2015).

3       Here, this information is conveyed to the consumers as follows:

4   **WHO REPRESENTS ME?** The Court appointed Kazerouni Law Group, APC, Hyde & Swigart, and Law

5   Offices of Todd M. Friedman, P.C. as "Class Counsel" to represent Class Members. You do not have to pay Class
    Counsel, or anyone else, to participate. If Class Counsel obtains money or benefits for the Class, they may ask

6   the Court for attorneys' fees and costs which would either be deducted from any money obtained for the Class or
    paid separately by the Defendant. If you want to be represented by your own lawyer in this case, you may hire

7   one at your expense.

8   [*See, e.g.,* Exhibits 1; 4; 5; and, 6]

9       Thus, Plaintiffs contend that this requirement of Rule 23(c)(2)(B) is met.

10      **5.   Plaintiffs' proposed notice states that the Court will**

11          **grant any exclusion requests as well as the time and**

12          **manner for said request.**

13      "Federal Rule of Civil Procedure 23(c)(2)(B) further provides, in pertinent

14  part, that notice at the class certification stage 'must clearly and concisely state in

15  plain, easily understood language that the court will exclude from the class any

16  member who requests exclusion[, and] the time and manner for requesting

17  exclusion.'" *Low v. Trump Univ., Ltd. Liab. Co.*, 246 F. Supp. 3d 1295, 1307 (S.D.

18  Cal. 2017).

19      Likewise, this information is conveyed to the consumers as follows:

20  **WHAT ARE MY RIGHTS & OPTIONS?** You have a choice of whether to stay in the Class or not. If you do
    nothing, you are choosing to stay in the Class. This means you will be legally bound by all orders and judgments

21  of the Court and you will not be able to sue or continue to sue the Defendant about the legal claims made in this
    case. If money or benefits are obtained, you will be notified about how to ask for a share. If you do not want to

22  stay in the Class, you must submit a request for exclusion by **Month __, 2019**. You may do this on your own or
    through an attorney. If you exclude yourself, and money or benefits are later obtained you will not be able share

23  in them, but you will keep your right to separately sue the Defendant over the legal issues in this case.

24      Thus, Plaintiffs contend that this requirement of Rule 23(c)(2)(B) is met.

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### 6. **Plaintiffs' proposed notice describes the binding effect of a class judgment on class members.**

"The Rule directs…[t]he notice must clearly and concisely state in plain, easily understood language…the binding effect of a class judgment on members under Rule 23(c)(3)." *Allen v. Similasan Corp.*, No. 12-cv-376 BAS (JLB), 2017 U.S. Dist. LEXIS 56333, at *13 (S.D. Cal. 2017).

Here, Plaintiffs' proposed notice describes the binding effect of a class judgment on class members. Said information was also included in the screenshot immediately above. Thus, Plaintiffs contend that this requirement of Rule 23(c)(2)(B) is met.

### B. THE METHOD OF PROVIDING NOTICE IS DESIGNED TO REACH AS MANY CLASS MEMBERS AS POSSIBLE.

As noted above, Plaintiffs propose (1) publication notice; or alternatively, (2) direct notice. While the Class Certification Notice Plan is attached as Exhibit 7 in its entirety, each proposal is discussed below.

### 1. Publication Notice

Given the suspicious "consent" data provided by Royal, Plaintiffs contend that publication notice is the best practicable notice. In the briefing associated with Plaintiffs' Class Certification Motion (ECF Nos. 49; and, 76), Plaintiffs argued that the "consent records" containing class members' names and addresses had been fabricated while the telephone numbers dialed appeared to be associated with actual consumers. [*See, e.g.,* Order Granting, in part, Class Certification, 45:3-9 (describing issues with "purported 'consent record' for McCurley")]. As such, Plaintiffs argue that reliance upon the addresses therein for dissemination of direct notice would be misplaced because Plaintiffs dispute the veracity of this dubious data.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Plaintiffs thus propose a comprehensive method of publication notice, with the assistance of KCC, that is anticipated to provide notice to at least 70% of the class members in a more cost effective manner. *See Mirkarimi v. Nev. Prop. 1, Ltd. Liab. Co.*, No. 12-cv-2160 BTM (DHB) 2015 U.S. Dist. LEXIS 112680, at *14 (S.D. Cal. 2015) (approving publication notice where data records regarding class members were unavailable). Said publication will be provided via: (a) publication in ESPN the Magazine; and, (b) targeted digital publication. This notice program is estimated to reach 70% of the class with an average frequency of 2.25.

### a. *ESPN The Magazine*

Plaintiffs' notice plan includes an ad in ESPN The Magazine. [Peak Decl., ¶ 19-20]. This magazine has a circulation of 2,149,635 readers. Plaintiffs propose a 1/3-page advertisement in the form filed concurrently herewith as Exhibit 3.

### b. *Targeted Digital Publication*

Plaintiffs' notice plan also includes a targeted digital publication. [*Id.*, ¶ 21]. Plaintiffs' digital media plan will generate approximately 242 million internet impressions over the Google Display Network ("GDN") and Facebook. [*Id.*]. These internet impressions will display on both desktop and mobile devises and include an embedded link to the case website. [*Id.*]. KCC will monitor the digital activity and adjustments during the notice process. The form of these proposed notices are also attached hereto as Exhibits 2-3.

Based upon the discussion above, Plaintiffs argue that notice by publication is the best possible notice under the circumstances. *Allen*, 2017 U.S. Dist. LEXIS 56333, at *13 (finding notice by publication to best possible notice where third party retailers and distributors sold at issue products on defendant's behalf). In this regard, Plaintiffs contend that the three methods of providing notice described herein are specifically designed to reach as many class members as possible. With

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

the assistance of KCC, Plaintiffs believe that Plaintiffs' notice plan will reach at least 70% of the class members. [Peak Decl., ¶ 8]. Thus, Plaintiffs request this Court grant Plaintiffs' method of publication notice.

### 2. Direct Notice

Alternatively, Plaintiffs propose direct mail notice via post card while Royal prefers direct mail notice through a Long Form Notice only. [*See* Exhibits 5-6 respectively]. The names and addresses for direct mail notice will be obtained through a reverse number look up process conduced by KCC. [Peak Decl., ¶ 13]. The addresses identified through the reverse phone number look up process will then be checked against the United States Postal Service National Change of Address (NCOA) database; certified via the Coding Accuracy Support System (CASS); and, verified through Delivery Point Validation (DPV). [*Id.*, ¶ 17].

Thereafter, Plaintiffs propose mailing a postcard to consumers in the form attached as Exhibit 5. Said postcard contains the required information in a concise manner and will direct consumers to the website for additional information. Royal; however, disagrees with the postcard notice and prefers sending the Long Form Notice attached as Exhibit 6. Mailing such a lengthy notice will significantly increase costs for an already expensive process. Thus, Plaintiffs prefer publication notice as the more efficient and cost effective notice.

## VI. CONCLUSION

For the reasons stated above, Plaintiffs request this Court approve Plaintiffs' publication notice plan because the proposed methods of notice and content of said notice comply with due process and Rule 23. *Manner v. Gucci Am., Inc.*, No. 15-cv-45 BAS (WVG), 2016 U.S. Dist. LEXIS 34224, at *23 (S.D. Cal. 2016) (approving notice plan where methods and contents of notices comply with due process and Rule 23, are the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled thereto.).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626



Dated: June 10, 2019

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker__
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFFS