**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard Street, Suite 780
Woodland Hills, CA 90212
Telephone:  (877) 206-4741
Facsimile: (866) 633-0228

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCURLEY; AND, DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br>v.<br><br>ROYAL SEAS CRUISES, INC.,<br><br>Defendant. | **Case No.:** 17-cv-986 BAS (AGS)<br><br>**PLAINTIFFS JOHN MCCURLEY; AND, DAN DEFOREST'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF NOTICE OF PLAINTIFFS' CERTIFIED CLASS ACTION**<br><br>**DATE:**             July 15, 2019<br>**COURTROOM:** 4B<br><br>**HON. CYNTHIA A BASHANT**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

## I. INTRODUCTION

Defendant ROYAL SEAS CRUISES, INC.'s ("Royal") Opposition to Plaintiffs JOHN MCCURLEY; and, DAN DEFOREST's ("Plaintiffs") Motion for Approval of Class Notice simply serves as another attempt to avoid answering for the systematic violations of the Telephone Consumer Protection Act repeatedly committed en masse by Royal. [ECF No. 102]. Instead of addressing Royal's personal attacks, Plaintiffs instead choose to focus on the merits of the proposed notice plan at issue herein. Plaintiffs believe that an objective review of this notice plan readily establishes that it is the best practicable notice given the circumstances. Thus, Plaintiffs request this Court approve Plaintiffs' request to provide electronic notice to the class for the reasons discussed in Plaintiffs' moving papers (ECF No. 100) as well as those reasons discussed below.

## II. ARGUMENT

"[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process."' *Capps v. Law Offices of Peter W. Singer*, No. 15-cv-2419 BAS (NLS), 2016 U.S. Dist. LEXIS 161137, at *26 (S.D. Cal. 2016) citing to *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975). Plaintiffs with the assistance of KCC have presented two separate notice plans to this Court with careful consideration of Rule 23's requirements. The goal of Plaintiffs' proposed notice is to advise as many consumers of their rights in this action is possible. Without acknowledging that the proposed notice plans are estimated to reach the same percentage of class members, Royal chooses to argue for the archaic view that Plaintiffs are required to expend hundreds of thousands of dollars more to provide direct notice over electronic publication notice.

To the contrary, Plaintiffs' Motion should be granted because (A) publication notice is the best practicable notice; (B) the proposed notice provides

CASE No.: 17-cv-986 BAS (AGS)   1 of 4   *McCurley, et al. v. Royals Seas Cruises, Inc.*
**PLAINTIFFS JOHN MCCURLEY; AND, DAN DEFOREST'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF NOTICE OF PLAINTIFFS' CERTIFIED CLASS ACTION**

sufficient information for consumers to determine whether they are in the class; and, (C) Plaintiffs contend that Plaintiffs' proposed notice conveys all of the required information.

### A. PUBLICATION NOTICE IS THE BEST PRACTICABLE NOTICE

Royal seeks to cast a negative light on Class Counsel by erroneously arguing that Class Counsel proposes publication notice in an "attempt to save a few dollars…" [Opposition, 3:8].

First, this misguided argument ignores that Plaintiffs agreed to bear all costs associated with either plan.

Second, Royal also minimizes that both the direct notice and publication notices are estimated to reach the same amount of class members. [*See* Declaration of Carla Peak, ECF No. 100-2, ¶¶ 7-10]. In such a scenario, Plaintiffs contend that a notice plan where postage alone ($339,114.00) exceeds the total cost of publication notice ($222,212) to reach the same percentage of individuals appears inequitable. [*See* ECF No. 102-1]. This 70% reach for either notice plan is supported by notice experts who have been repeatedly supported by Courts throughout the country. [Peak Decl., ¶ 6]. Notably, Royal's unsubstantiated arguments of counsel questioning this reach should be disregarded since Royal has failed to provide any evidence to contradict the reach of either proposal.

Third, Royal's stubborn position that direct notice must be provided in lieu of electronic notice ignores the 2018 amendments to Rule 23. The Advisory Committee explicitly stated that

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

CASE NO.: 17-cv-986 BAS (AGS)　　　　2 of 4　　　*McCurley, et al. v. Royals Seas Cruises, Inc.*
**PLAINTIFFS JOHN MCCURLEY; AND, DAN DEFOREST'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF NOTICE OF PLAINTIFFS' CERTIFIED CLASS ACTION**

> Subdivision (c)(2) is also amended to recognize contemporary methods of giving notice to class members. Since *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), interpreted the individual notice requirement for class members in Rule 23(b)(3) class actions, many courts have read the rule to require notice by first class mail in every case. But technological change since 1974 has introduced other means of communication that may sometimes provide a reliable additional or alternative method for giving notice. Although first class mail may often be the preferred primary method of giving notice, courts and counsel have begun to employ new technology to make notice more effective. Because there is no reason to expect that technological change will cease, when selecting a method or methods of giving notice courts should consider the capacity and limits of current technology, including class members' likely access to such technology.

Plaintiffs propose the alternative method of electronic publication notice as the best practicable notice simply because it is designed to reach the same number of consumers at a fraction of the cost. Thus, Plaintiffs' Motion should be granted.

### B. ROYAL REQUESTS THIS COURT IMPOSE A BURDEN ON THE NOTICES NOT REQUIRED BY RULE 23

Royal also contends that this Court should require modification to the notices that exceed Rule 23(c)(2)(B). [Opposition, 11:4-14]. This contention is all the more curious since Royal acknowledges that this rule requires the class notice to contain an explanation of the following:

i.  the nature of the action;

ii. the definition of the class certified;

iii. the class claims, issues, or defenses;

iv. that a class member may enter an appearance through an attorney if the member so desires;

v.  that the court will exclude from the class any member who requests exclusion;

vi. the time and manner for requesting exclusion; and

vii. the binding effect of a class judgment on members under Rule 23(c)(3).

[*See* Opposition, 12:5-16].

Thereafter, Royal cites to placeholder dates that are explicitly highlighted to bring attention to the fact that said dates have not been determined to argue that Plaintiffs' notice is deficient. [*Id.*, 12:18-20]. This strawman argument should be rejected since Plaintiffs undoubtedly will update dates and other highlighted information in the proposed notices prior to sending the notices to consumers. Thus, Royal's irrelevant opposition on this issue should be disregarded in ruling upon Plaintiffs' Motion.

## VI. CONCLUSION

As before, Plaintiffs request this Court approve Plaintiffs' publication notice plan because the proposed methods of notice and content of said notice comply with due process and Rule 23. *Manner v. Gucci Am., Inc.*, No. 15-cv-45 BAS (WVG), 2016 U.S. Dist. LEXIS 34224, at *23 (S.D. Cal. 2016) (approving notice plan where methods and contents of notices comply with due process and Rule 23, are the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled thereto.).

Dated: July 8, 2019                                              Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker__
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFFS