# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCURLEY, DAN DEFOREST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>ROYAL SEAS CRUISES, INC.<br>Defendant. | Case No. 17-cv-00986-BAS-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND ANSWER**<br><br>**[ECF No. 94]** |

In this consolidated case, California resident Plaintiffs John McCurley and Dan DeForest claim that they received calls to their cell phones for telemarketing purposes placed on behalf of Defendant Royal Seas Cruises, Inc. ("Royal"), a Florida-based company, without Plaintiffs' prior express consent and with the use of an automated telephone dialing system or pre-recorded voice, in violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.* (ECF No. 31, Consolidated Complaint [*hereinafter* "Complaint" or "Compl."] ¶¶ 94–101.) DeForest also claims that the alleged calls he received violated California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630 *et seq.* (Compl. ¶¶ 102–111.) Plaintiffs previously moved for certification of nationwide TCPA classes under Rule 23(b)(2) and (b)(3). (ECF No. 49.) The Court granted in part and denied in part Plaintiffs' motion, resulting in certification of a nationwide Rule 23(b)(3) TCPA class and transfer subclass. *See McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-00986-

BAS-AGS, —F.R.D.—, 2019 WL 1383804 (S.D. Cal. Mar. 27, 2019).

Royal now moves for leave to file an amended answer, (ECF Nos. 94, 99), and submits a copy of its Proposed First Amended Answer ("PFAA"), (ECF No. 94-2 Ex. A; ECF No. 97 (redline)).[1] Royal proposes three amendments, only one of which Plaintiffs oppose. (ECF No. 98.) In its first set of proposed amendments, Royal seeks to amend its prior responses to certain allegations in the operative Complaint. (PFAA ¶¶ 58–61, 77–78, 126, 129, 141.) Royal also proposes an "affirmative defense" that the CIPA claims of the putative class have been "waived" as a result of DeForest's failure to timely move for class certification under the scheduling order in this case. (*Id.* ¶ 147.) Plaintiffs have not opposed these amendments. In the absence of any other countervailing consideration, the Court grants Royal's request solely for these amendments. The Court expresses no view on the merits of these proposed amendments.

Plaintiffs oppose Royal's remaining proposed amendment in which Royal requests leave to plead an "affirmative defense" of lack of personal jurisdiction against the claims of absent out-of-state class members based on *Bristol-Myers Squibbs Company v. Superior Court of California*, 137 S. Ct. 1773 (2017). (PFAA ¶ 146.) For the reasons herein, the Court denies Royal leave to add its proposed personal jurisdiction defense.

---

[1] Royal filed an incomplete motion for leave to amend on its May 6, 2019 motion deadline by failing to comply with Local Rule 15.1.b's requirement that "[a]ny motion to amend a pleading must be accompanied by. . . a version of the proposed amended pleading that shows" any proposed changes, including through redlining. S.D. Cal. L.R. 15.1.b; (ECF No. 94). Some two weeks after its motion deadline, Royal submitted the redline version as "inadvertently omitted." (ECF No. 97.) This explanation is not adequate, nor is a two-week compliance delay justified.

# RELEVANT BACKGROUND

As the Court has noted, this case is a consolidation of two separately filed actions by two California resident Class Plaintiffs against a defendant company incorporated and with its principal place of business in Florida. (Compl. ¶¶ 18–21.) Plaintiff McCurley filed his putative nationwide class action complaint against Royal on May 12, 2017 in the Southern District of California, solely alleging TCPA claims. (ECF No. 1.) Less than a month later, Plaintiff DeForest filed his putative nationwide class action complaint against Royal in the Central District of California, alleging TCPA and CIPA violations. (*DeForest v. Royal Seas Cruises, Inc*. [hereinafter "*DeForest*"], No. 17-cv-1988-BAS-AGS, ECF No. 1.) Royal answered each complaint on July 28, 2017. (ECF No. 17; *DeForest*, ECF No. 19.) DeForest's case was transferred to the Southern District and the cases were consolidated thereafter, both at the parties' request. (*DeForest*, ECF No. 21–23; ECF No. 27.) Plaintiffs filed the consolidated operative Complaint on December 20, 2017. (ECF No. 31.) Like the pre-consolidation pleadings, the Complaint alleges a putative nationwide TCPA class. Royal did not move to dismiss, but instead answered the Complaint on January 8, 2018. (ECF No. 32.)

Roughly seven months after Royal's answer, Plaintiffs moved for certification of a nationwide TCPA class and a subclass of persons transferred by non-party Prospects DM to Royal. (ECF No. 48.) Royal filed its opposition to class certification on October 22, 2018. (ECF No. 58.) In opposition, Royal raised a *Bristol-Myers*-based personal jurisdiction defense to the proposed classes:

> As an initial matter, the Court is precluded from certifying these nationwide classes described by Plaintiffs, as the Court lacks general personal jurisdiction over Royal to do so. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty*., 137 S. Ct. 1773 (2017) (a court can validly exercise personal jurisdiction over a non-resident's claims only where the court has general jurisdiction over the defendant or specific jurisdiction over

> the non-resident's claims). Royal is undisputedly not within this Court's general personal jurisdiction: it is incorporated under the laws of the State of Florida, has its principal place of business in Florida, and has no other systematic contact (to the extent relevant) in California.

(ECF No. 58 at 23–24.)

To support this argument, Royal directed the Court to cases in which district courts relied on *Bristol-Myers* to dismiss at the pleading stage any claims of absent non-resident putative class members against a defendant subject only to specific jurisdiction in the forum. (*Id.* at 24 n.95 (citing *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, *2 (N.D. Ill. July 19, 2018); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, *2 (N.D. Ill. Jan. 18, 2018)).) And consistent with this argument, Royal contended that the purported restraints on this Court's exercise of personal jurisdiction meant that any certified TCPA classes would need to be limited to California residents. (*Id.* at 27 n.108 (arguing that "in light of *Bristol-Myers*, and the Court's lack of general jurisdiction over Royal, Plaintiffs fail to explain how they would identify persons who were in California at the time they received a call.").)

In the class certification order, the Court addressed Royal's personal jurisdiction argument as a threshold matter before considering whether the proposed classes satisfied the Rule 23 class certification requirements. The Court, however, had no occasion to resolve the merits of Royal's *Bristol-Myers*-based personal jurisdiction argument because the Court concluded that "Royal has waived any personal jurisdiction challenge." *McCurley*, —F.R.D.—, 2019 WL 1383804, at *15.

To reach this conclusion, the Court considered the rules "baked into Rule 12(b)(2), which calls on the party to assert a personal jurisdiction challenge early in the litigation, and Rule 12(h), which 'is unequivocal that waiver follows' from the

failure to promptly assert a personal jurisdiction defense." *Id.* at *17 (quoting *Mussat v. Enclarity, Inc.*, 362 F. Supp. 3d 468, 477 (N.D. Ill. 2019)). The Court observed that under Rule 12(h), "[c]hallenges to alleged defects in a district court's personal jurisdiction are expressly waived unless a defendant timely asserts the defense in a motion to dismiss or in a responsive pleading." *Id.* (citing Fed. R. Civ. P. 12(h)(1) and collecting various cases). Acknowledging the Rule 12(g)(2) exception to waiver for a defense or objection unavailable at the time of an earlier motion to dismiss or responsive pleading, the Court found the exception inapplicable because *Bristol-Myers* involved a "straightforward application" of "settled principles." of personal jurisdiction. *Id.* at *15–16 (quoting *Bristol-Myers*, 137 S. Ct. at 1781–82). Thus, the Court determined that "[a]n untimely personal jurisdiction defense—regardless of whether it is based on *Bristol-Myers*—is waived at the later stages of a litigation if the defense was not timely asserted." *Id.* at *16.

Applying these principles, the Court compared Plaintiffs' pre-consolidation pleadings and the Complaint—all of which alleged a nationwide putative TCPA class—with Royal's three answers, including Royal's operative answer filed six months after *Bristol-Myers*, and found that none of Royal's defensive moves raised any personal jurisdiction defense. *Id.* at *16 (citing ECF Nos. 1, 17, *DeForest*, ECF Nos. 1, 19; ECF Nos. 31, 32)). Thus, "[u]nder a straightforward application of Rule 12(h), Royal has waived its personal jurisdiction challenge to alleged defects in this Court's authority to exercise personal jurisdiction over Royal, including for the purposes of certifying the proposed nationwide classes." *Id.* at *16. Underscoring that lack of personal jurisdiction is a defense that a party alone waives through its failure to timely assert the defense, the Court refused to "excuse Royal's failure to timely and promptly vindicate its own rights" to "unilaterally . . . strike down portions of the proposed classes" based on an untimely asserted personal jurisdiction defense. *Id.* at *17.

Royal's present Rule 15(a)(2) request to amend its answer to add a personal jurisdiction defense comes in the wake of the Court's reasoned rejection of Royal's opposition argument in the class certification order, (ECF No. 94), and nearly sixteen months after Royal filed its operative answer, (ECF No. 32).

**LEGAL STANDARD**

As a general matter, "[a] party may amend its pleading once as a matter of course within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Royal's present motion to amend comes long after the expiration of its deadline to file an amended answer as a matter of course. When a party can no longer amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give. . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs do not consent to amendment and thus Royal must seek leave of court. Granting leave to amend rests in the court's discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996); *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). Whether to grant the motion turns on five factors: (1) bad faith, (2) prejudice to the opposing party, (3) futility, (4) undue delay, and (5) whether the plaintiff has previously amended. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

**DISCUSSION**

Royal proposes the following personal jurisdiction "affirmative defense":

> To the extent the nationwide classes recently certified by the Court include members who are not residents of California, this Court lacks personal jurisdiction over [Royal] to adjudicate those claims. [Royal] is not subject to general jurisdiction in California and this Court lacks specific jurisdiction over non-residents' claims against [Royal] because the nonresident class members cannot allege or prove that their injuries were related to any conduct by

[Royal] that occurred in California. *Bristol-Meyers* [sic] *Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017). (PFAA ¶ 146.)

For reasons that should be abundantly clear, Royal cannot rely on a Rule 15(a)(2) motion to resurrect its waived personal jurisdiction defense. Royal's new argument that it could not have waived a defense against the claims of "newly joined" absent non-California class members leads the Court to deny Royal's request because the proposed amendment is otherwise sought in bad faith and is futile.

**A.     Waived Defenses are Outside the Scope of Rule 15(a)(2) Amendment**

As an initial matter, despite Royal's labeling of its proposed amendment as an "affirmative defense," lack of personal jurisdiction is not a true affirmative defense. Rule 8(c) governs the pleading of affirmative defenses. *See* Fed. R. Civ. P. 8(c). Although the Rule does not exhaustively identify all affirmative defenses that a defendant may plead in federal court, the Rule does not identify lack of personal jurisdiction amongst the affirmative defenses the Rule does identify. *Id.*; *Jacks v. DirectSat USA, LLC*, No. 10 CV 1707, 2019 WL 1858500, at *3 (N.D. Ill. Apr. 25, 2019) ("[L]ack of personal jurisdiction is not an affirmative defense listed in [Rule 8(c)]"); *Fabara v. GoFit, LLC*, 308 F.R.D. 380, 399 (D.N.M. 2015) (concluding that "lack of personal jurisdiction is not an affirmative defense" and noting that neither Rule 8(c) "does not mention lack of personal jurisdiction").

The absence of personal jurisdiction from Rule 8(c)'s affirmative defenses makes sense because Rule 12(b) separately identifies six "negative defenses" a defendant may raise, among which lack of personal jurisdiction specifically appears in Rule 12(b)(2). *See* Fed. R. Civ. P. 12(b)(2). The Rule 12(b)(2) negative defense of lack of personal jurisdiction is subject to certain strictures set forth in Rule 12(h). And it is these strictures that bear upon Royal's present Rule 15(a)(2) motion.

In particular, Rule 12(h)(1) identifies how and when to raise a Rule 12(b)(2) defense. Specifically, a party must raise the defense either (1) in a Rule 12 motion or (2) in a responsive pleading or in an amendment allowed by Rule 15(a)(1). Fed. R. Civ. P. 12(h)(1)(B)(i)–(ii); *Ear v. Empire Collection Auths., Inc.*, No. 12-1695-C, 2012 WL 3249514, at *2 (N.D. Cal. Aug. 7, 2012) ("Rule 12(h) explicitly permits certain negative defenses to be pled in an answer, specifically, the defenses enumerated in Rule 12(b)(2)–5: lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process."). "[T]he only allegation material to a Rule 12(h)(1) defense is that the defense exists[.]" *Ear*, 2012 WL 3249514, at *2. Thus, a defendant need only "simply invok[e] this defense" in its first defensive move to place a plaintiff on "fair notice" that the defense will be raised. *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 803 (C.D. Cal. 2016).

Although Rule 12(h) does not demand much for a party to properly raise and preserve the defense, the Rule is unforgiving when a defendant fails to timely raise the defense. "[Rule 12(h)(1)] provide[s] a strict waiver rule with respect to [the lack of personal jurisdiction] defense . . . . defendants wishing to raise [this] defense[ ] must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading." *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983). Indeed, as the Court observed in the class certification order, "Rule 12(h), . . . 'is unequivocal that waiver follows' from the failure to promptly assert a personal jurisdiction defense." *McCurley*, 2019 WL 1383804, at *17 (quoting *Mussat*, 362 F. Supp. 3d at 477).

Rule 12(h) reinforces automatic waiver by limiting the amendment procedure a defendant may use to raise a defense that the defendant might otherwise waive. The only amendment procedure Rule 12(h)(1) permits for a Rule 12(b)(2) defense is through an amended answer filed as a matter of course within 21 days of the filing of

an answer. Fed. R. Civ. P. 12(h)(1)(B)(ii).  By negative implication, a party may not use Rule 15(a)(2) to resurrect a waived defense.  "Although Rule 15(a) . . . provides for amendments to pleadings by leave of the court and states that 'leave will be freely given when justice requires,' it follows from the language of Rule 12(h)(1) that this amendment procedure is not available to raise the personal jurisdiction defense." *Glater*, 712 F.2d at 738 (citations omitted); *OptoLum, Inc. v. Cree, Inc.*, No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *2 (D. Ariz. July 24, 2017) ("[T]he language of Rule 12(h) establishes that th[e Rule 15(a)(2)] amendment procedure is not available to raise the defense of improper venue under Rule 12(b)(3) (or the other defenses listed[]) if the defense was available to the party at the time it filed the initial pleading"); *Paleteria La Michoacana v. Producto Lacteos*, 905 F. Supp. 2d 189, 192 (D.D.C. 2012) ("[D]efendants may suffer greater consequences if they fail to raise certain defenses in their initial filings. . . . defendants have one shot or risk waiver.  A defendant who does not initially raise certain defenses—lack of personal jurisdiction, improper venue, improper process, and improper service of process—cannot invoke those defenses later on.").

A straightforward application of Rule 12(h)(1) would dispose of Royal's present Rule 15(a)(2) request to amend its answer to add a personal jurisdiction defense.  Royal had 21 days after the filing of its January 2018 answer to amend as a matter of course but did not do so.  Indeed, Royal readily concedes that it "did not previously raise personal jurisdiction in its prior Answers[.]"  (ECF No. 99 at 3.) Without more, Royal cannot now rely on Rule 15(a)(2) to circumvent the waiver of its personal jurisdiction defense.  *See Woods v. United States*, No. 2:16-cv-1041-JCH/SMV, 2017 WL 4736722, at *3 (D.N.M. Oct. 19, 2017) (observing that a defendant cannot "escape the consequences of its failure to plead a waivable defense by amending its Answer" and denying Rule 15(a)(2) motion to amend answer to add a Rule 12(b)(3) defense of improper venue); *Bromfield v. McBurney*, No. C07-

5226RBL-KLS, 2009 U.S. Dist. LEXIS 130839, at *15–16 (W.D. Wash. Jan. 30, 2009) (denying Rule 15(a)(2) motion to amend answer to add a Rule 12(b)(5) insufficient service of process defense); *see also Int'l Oddities v. Scott Record*, No. CV 12-3934-CAS (VBKx), 2013 WL 3864050, at *4 (C.D. Cal. July 22, 2013) (construing a Rule 15(a)(2) motion to add a Rule 12(b)(2) lack of personal jurisdiction as a motion to dismiss and denying motion based on waiver under Rule 12(h)).

B.  **Royal's Proposed Personal Jurisdiction Defense Otherwise Fails**

In its motion to amend, Royal seeks to escape a straightforward application of Rule 12(h)(1)'s limitations on the amendment procedure a defendant may use for waivable defenses by arguing that its personal jurisdiction defense against the claims of absent out-of-state class members was previously "not available." (ECF No. 94-1 at 3–7; ECF No. 99 at 1–4.) Although Royal fails to expressly ground its arguments in Rule 12(g)(2), Royal necessarily seeks to rely on Rule 12(g)(2)'s exception to waiver under Rule 12(h)(1) by parroting the Rule's language. The Rule 15(a)(2) procedure is available for a defense that was not available earlier. *See OptoLum, Inc.*, 2017 WL 3130642, at *2 (granting defendant's Rule 15(a)(2) motion for leave to amend an answer to add a Rule 12(b)(3) defense on the ground that the proposed venue defense was not available earlier). Royal's motion to amend arguments, however, underscore for the Court that Royal seeks to interpose its personal jurisdiction defense in bad faith and the proposed amendment is futile in this case.

Royal posits that two rationales justify granting leave to amend its answer. Royal first argues that its proposed *Bristol-Myers*-based personal jurisdiction defense was "premature" when raised because it was "not available at the time of filing its original pleadings" "as both named Plaintiffs are California residents and were the only parties asserting claims against Royal." (ECF No. 94-1 at 3; ECF No. 99 at 1–4.) Royal contends that it could not, as a matter of law, raise its personal jurisdiction

defense to the claims of putative class members who are not California residents prior to class certification. This is because, according to Royal, class certification has rendered absent out-of-state class members "newly joined parties" to this litigation. (ECF No. 99 at 1; *see also* ECF No. 94-1 at 4.) In line with its prematurity argument, Royal raises a related second argument that its class certification opposition "only made a prospective argument that if a nationwide class were to be certified, the Court would lack jurisdiction over non-resident class members based upon *Bristol-Myers*[]." (ECF No. 94-1 at 4–5; ECF No. 99 at 3.) Based on this revisionist account, Royal contends that the Court's "finding that Royal waived a substantive affirmative defense as to claims of individuals that were not yet parties to this case was premature." (ECF No. 99 at 3.) Royal's arguments do not survive scrutiny.

The threshold problem with Royal's newfound arguments is that they fundamentally contradict and seek to rewrite Royal's argument in opposition to class certification. As is plain from the Court's verbatim quotation from Royal's opposition, Royal expressly opposed certification of the proposed nationwide TCPA class and transfer subclass by arguing that this Court could not certify nationwide classes because the Court purportedly lacked the requisite personal jurisdiction over absent out-of-state putative class members. (ECF No. 58 at 23–24 & n.95, 27 n.108.) To support this argument, Royal expressly relied on cases in which federal courts dismissed or struck nationwide class allegations on the basis of *Bristol-Myers* at the motion to dismiss stage—before the filing of any answer. *See Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *2–4 (N.D. Ill. July 19, 2018) (excusing defendant's failure to timely assert a personal jurisdiction defense and granting motion to strike nationwide class allegations of "unnamed" "non-resident, proposed class members" for lack of jurisdiction); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (granting motion to dismiss claims "to the extent" the claims "seek to recover on behalf of out-

of-state plaintiff classes" on the basis of *Bristol-Myers*); (ECF No. 58 at 24 n.95 (citing *Am.'s Health & Res. Ctr., Ltd.*, 2018 WL 3474444, at *2; *DeBernardis*, 2018 WL 461228, at *2).)

Royal cannot now truthfully argue to this Court that it did not invoke a *Bristol-Myers*-based personal jurisdiction defense in order to exclude unnamed non-California residents from any class the Court might certify and, more directly, to defeat class certification. This is precisely what Royal argued for and precisely what the Court rejected when it determined that Royal had waived any personal jurisdiction defense in this case, including any such defense asserted against the claims of putative class members who do not reside in California based on *Bristol-Myers*. *See McCurley*, —F.R.D.—, 2019 WL 1383804, at *14–17. Royal's revisionist argument that "it would have been premature for Royal to raise a personal jurisdiction defense based upon unknown residencies of putative class members," (ECF No. 94-1 at 5), comes only after the Court did not bite the *Bristol-Myers* bait Royal presented at the class certification stage. The Court will not bite this time, nor will the Court countenance Royal's about-face. "Civil litigation in federal court 'is not a game of gotcha.'" *OptoLum, Inc.*, 2017 WL 3130642, at *5 (quoting *Loomis v. City of Puyallup Police Dep't*, No. C02-5417-RJB, 2005 WL 1036445, at *8 (W.D. Wash. May 3, 2005)).

Contrasting Royal's present motion with its class certification opposition leaves the Court with the distinct impression that Royal's proposed amendment is sought in bad faith. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (a motion to amend is made in bad faith when there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend). But even if the Court sets aside issues of bad faith, Royal's proposed amendment is futile for reasons that become clear upon closer inspection of Royal's

argument that it could not have waived its proposed defense.

Relying on a sprinkling of nonbinding district cases, Royal contends that it could not waive its "premature" personal jurisdiction defense against the claims of absent out-of-state class members until the Court certified the nationwide TCPA classes, which Royal contends rendered the absent class members "newly joined parties." *See Gasser v. Kiss My Face, LLC*, No.17-cv-01675-JSC, 2018 WL 4538729, *2–3 (N.D. Cal. Sept. 21, 2018) (relying on *Chernus v. Logitech*, *Inc*. to deny Rule 12(b)(2) motion to dismiss claims of non-resident putative class members for lack of personal jurisdiction as "premature" to raise because "the Court does not understand how it can lack personal jurisdiction of persons who are not yet (and may never be) parties to this action, that is, the putative class members."); *Chernus v. Logitech*, *Inc*., No. 17-673(FLW), 2018 WL 1981481, at *7–8 (D.N.J. Apr. 27, 2018) (acknowledging case law addressing personal jurisdiction over non-resident putative class members, but finding "in my view, it is more prudent to address it at the class certification stage" "because the class members are not yet parties in this case—and they may not be—absent class certification"); *Campell v. Freshbev*, *LLC*, 322 F. Supp. 3d 330, 337 (E.D.N.Y. 2018) (denying Rule 12(b)(2) motion to dismiss claims of out-of-state class members for lack of personal jurisdiction on the ground that "the issue is not squarely before the Court" until the filing of a motion to certify a nationwide class).[2]

The problem with Royal's argument and the cases on which the argument relies

---

[2] Royal also relies on *Weisheit v. Rosenberg & Associates, LLC*, No. JKB-17-0823, 2018 WL 1942196 (D. Md. Apr. 25, 2018), to argue that its request to add a *Bristol-Myers*-based personal jurisdiction challenge to a nationwide class is not futile. *Weisheit* is inapposite because the Court finds that Royal's proposed defense is futile.

– 13 –

17cv986

is that they fundamentally misconstrue the nature of a class action and the corresponding jurisdictional inquiry. "The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 155 (1982). This exceptional nature of the class action device is reflected in one of Rule 23's threshold requirements for class certification that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also Hansberry v. Lee*, 311 U.S. 32, 40–41 (1940) (explaining that class action was an invention of equity to allow a court to proceed to decree in suits where the number of those interested in the litigation was too great to permit joinder). In lieu of joinder of each individual class member as a named party to the action (a process that would otherwise be governed separately by Federal Rules of Civil Procedure 19 through 21), Rule 23 instead authorizes "one or more members of a class" to sue as "*representative parties on behalf of all members*," provided the representative is an adequate and typical class member. Fed. R. Civ. P. 23(a)(3)–(4) (emphasis added). Thus, it is a basic feature of the class action device that unnamed class members are not parties individually "joined" into an action upon class certification.

In accordance with Rule 23's class action device, "our law keys on the representative party, *not all of the class members*[]" to assess jurisdictional issues. *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th Cir. 2011) (emphasis added). Thus, when a defendant challenges personal jurisdiction, the only relevant focus for a court concerns the representative plaintiffs, not absent class members. *See Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 820 (N.D. Ill. 2018) (observing that "[a]bsent class members are not parties for purposes of determining whether there is complete diversity of citizenship in cases governed by state substantive law[,]" "[n]or are they parties for purposes of calculating the amount in controversy in diversity suits not brought under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)[,]"

"[a]bsent class members are not parties in the sense that they need not have Article III standing to be part of the class[,]" "[a]nd absent class members are not parties for purposes of assessing venue."); *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1107 n.5 (C.D. Cal. 2001) (finding that "it is by now well settled that [personal jurisdiction] requirements to suit must be satisfied for each and every *named* plaintiff for the suit to go forward" (emphasis added)).

A basic appreciation of the class action device effectively decides the merits of Royal's proposed personal jurisdiction defense in this case. As the Court has previously explained, in *Bristol-Myers*, a group of plaintiffs brought a state law "mass tort" action in California state court for injuries allegedly caused by Plavix, a drug manufactured and distributed by the defendant company incorporated in Delaware and headquartered in New York. *Bristol-Myers*, 137 S. Ct. at 1777–78. The 678 plaintiffs included 86 California residents and 592 non-California residents from other states. *Id.* at 1778. The defendant company asserted lack of personal jurisdiction and moved to quash service of the summons on the non-residents' claims, which was denied and subsequently litigated through two sets of appeals in the California courts. *Id.* at 1778. The Supreme Court concluded that the California state courts lacked specific personal jurisdiction over the out-of-state defendant for claims brought by the out-of-state plaintiffs because there were insufficient contacts between the defendant's conduct in connection with those claims and California. *Id.* at 1779–83. In dissent, Justice Sotomayor observed that "[t]he Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Id.* at 1789 n.4.

In the wake of *Bristol-Myers*, however, numerous federal courts have rejected the personal jurisdiction defense Royal raises to the claims of absent class members

precisely because class actions are fundamentally different than the mass tort action at issue in *Bristol-Myers*. In particular, class actions do not call for a personal jurisdiction inquiry for absent class members, thus rendering *Bristol-Myers* inapposite. *See Allen v. ConAgra Foods, Inc.*, No. 3:13-cv-01279-WHO, 2018 WL 6460451, at *7 (N.D. Cal. Dec. 10, 2018) ("*Bristol-Myers* does not require a personal jurisdiction inquiry for absent class members"); *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 819 (N.D. Ill. 2018) ("*Bristol-Myers* . . . . was a mass action, not a class action. That distinction is critical because there are no absent class members in a mass action; rather, 'each plaintiff [in a mass action] is a real party in interest to the complaints.'") (citations omitted); *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*, No. 17-2161, 2018 WL 1377608, at *5 (E.D. La. Mar. 19, 2018) ("Unlike *Bristol-Myers*, which involved a mass tort action where each plaintiff was a named plaintiff, in a putative class action, the plaintiff seeking to represent the class is the only plaintiff named in the complaint, and his claims—not the unnamed non-resident members[' claims]—are relevant to the personal jurisdiction inquiry."); *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 126 (D.D.C. 2018) (same); *Sanchez v. Launch Tech. Workforce Sols., LLC*, F. Supp. 3d 1360, 1365 (N.D. Ga. 2018) (same); *In re Chinese-Manufactured Drywall Prods. Liability Litig.*, MDL No. 09-2047, 2017 WL 5971622, at *12–14 (E.D. La. Nov. 30, 2017) (same); *Fitzhenry–Russell v. Dr. Pepper Snapple Group, Inc.*, No. 17-CV-00564 NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017) (finding that "*Bristol-Myers* is meaningfully distinguishable based on that case concerning a mass tort action, in which each plaintiff was a named plaintiff" and concluding that the court "has personal jurisdiction over Dr. Pepper as to the putative nationwide class claims" because "[a]ll of the named plaintiffs in this case are California residents[.]").

In view of the proper jurisdictional focus on the named Class Plaintiffs, Royal's proposed personal jurisdiction defense is futile. As Royal repeatedly concedes in its

motion for leave to amend, the Court has specific jurisdiction over the named Plaintiffs. (ECF No. 94-1 at 5 ("Royal had no legal basis to contest the specific personal jurisdiction of this Court over claims asserted by Plaintiffs, both of whom are California residents), *id.* ("Royal could not validly contest personal jurisdiction of this Court over the named Plaintiffs, the only parties asserting claims against Royal[.]"), ECF No. 99 at 1 ("As noted in its Motion, Royal had no basis to contest the specific personal jurisdiction of this Court over claims asserted by the named Plaintiffs, both of whom are California residents."). Royal's concession forecloses Royal's attempt to challenge personal jurisdiction over claims of absent class members because these absent class members are jurisdictionally irrelevant.[3] *See Fitzhenry–Russell*, 2017 WL 4224723, at *5. Accordingly, Royal's request to add its proposed personal jurisdiction defense to the federal TCPA claims of absent out-of-state class members is denied as futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").[4]

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Royal's motion for leave to file an amended answer. (ECF No. 94) Royal

---

[3] The Court has recognized that "[w]ith or without *Bristol-Myers*, Defendants [can argue] that this Court lacks personal jurisdiction over non-resident Defendants for claims asserted by [a] named out-of-state Plaintiff . . . with out-of-state claims in a class action." *Alvarez v. NBTY, Inc.*, No. 17-cv-567-BAS-BGS, 2017 WL 6059159, at *7 (S.D. Cal. Dec. 6, 2017) (finding that defendant had waived a personal jurisdiction defense raised for the first time in reply). This issue, however, is not presented in this case because there are no non-resident named plaintiffs.

[4] Royal argues that its proposed amendment is not futile because the applicability of *Bristol-Myers* has not been decided by binding authority. (ECF No. 94-1 at 7; ECF No. 99 at 4.) This Order, however, is all the binding authority that is necessary to resolve the issue in this Court.

may file an amended answer that includes any approved amendments **no later than July 16, 2019**. The Court will *sua sponte* strike from any amended answer amendments that do not comply with this Order.

**IT IS SO ORDERED.**

DATED: July 10, 2019

Hon. Cynthia Bashant
United States District Judge