**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard Street, Suite 780
Woodland Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN MCCURLEY AND DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROYAL SEAS CRUISES, INC.,**<br><br>Defendant. | **Case No.:** 17-cv-986 BAS (AGS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES ON PLAINTIFFS' MOTION TO STRIKE WITNESS DECLARATIONS, FOR RESTRAINING ORDER, FOR MONETARY SANCTIONS, AND FOR DISQUALIFICATION OF COUNSEL**<br><br>**HON. CYNTHIA A BASHANT** |

**MOTION TO STRIKE WITNESS DECLARATIONS, FOR RESTRAINING ORDER, FOR MONETARY SANCTIONS, AND FOR DISQUALIFICATION OF COUNSEL**

<b>TABLE OF CONTENTS</b>

I. INTRODUCTION ........................................................................................... 1

II. PROCEDURAL AND DISCOVERY BACKGROUND ............................... 2

III. LEGAL STANDARDS ................................................................................ 4

IV. LEGAL ARGUMENT .................................................................................. 5

  A. Defendant's Contact With Represented Class and Subclass Members Was Illegal ............................................................................................... 5

    1. The Court Should Strike Defendant's Second Supplemental Disclosure and the Declarations. .......................................................................... 9

    2. The Court Should Restrain Defendant's Contact With Class and Subclass Members Regarding This Case ........................................... 9

    3. The Court Should Monetarily Sanction Defendant and its Counsel For The Costs Of This Motion Created By Its Conduct ..................... 10

    4. The Court Should Disqualify Defendant's Counsel For Its Participation In Such Scheme .............................................................................. 13

V. CONCLUSION ............................................................................................ 14

**MOTION TO STRIKE WITNESS DECLARATIONS, FOR RESTRAINING ORDER, FOR MONETARY SANCTIONS, AND FOR DISQUALIFICATION OF COUNSEL**

i

# TABLE OF AUTHORITIES

**Cases**

*Board of Education v. Nyquist*, 590 F.2d 1241 (2d Cir.1979) ................................ 13

*Bower v. Bunker Hill Co.*, 689 F.Supp. 1032 (E.D.Wash.1985) ........................... 5, 7

*Byrne v. Nezhat,* 261 F.3d 1075 (11th Cir.2001) ......................................................... 5

*Chambers v. NASCO*, Inc., 501 U.S. 32 (1991) .......................................................... 4

*Eash v. Riggins Trucking Co.,* 757 F.2d 557 (3d Cir.1985) ..................................... 11

*Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334 (9th Cir. 1985) ................... 4

*Georgine v. Amchem Products, Inc.*, 160 F.R.D. 478 (E.D.Pa.1995), *vacated on other grounds*, 83 F.3d 610 (3d Cir.1996) ............................................................ 6

*Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non–Marine Ass'n*, 117 F.3d 1328 (11th Cir.1997) ............................................................................ 5, 9

*Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) ........................................................ 4, 6

*Haffer v. Temple University of Commonwealth System of Higher Education*, 115 F.R.D. 506 (E.D.Pa.1987) .................................................................................. 6, 11

*Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835 (N.D. Cal. 2010) ...................... 1

*In re Walker*, 532 F.3d 1304 (11th Cir.2008) ............................................................ 4

*Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193 (11th Cir.1985) .... passim

*Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447 (1978) .............................................. 7

*Parker v. Pepsi–Cola General Bottlers, Inc.*, 249 F.Supp.2d 1006 (N.D.Ill.2003) .. 9

*Resnick v. American Dental Association*, 95 F.R.D. 372 (N.D.Ill.1982) ... 5, 7, 8, 10

*Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980) ............................................ 11

*Sjoblom v. Charter Commc'ns, LLC*, No. 3:07-CV-0451-BBC, 2007 WL 5314916 (W.D. Wis. Dec. 26, 2007) ...................................................................................... 9

*Tedesco v. Mishkin*, 629 F.Supp. 1474 (S.D.N.Y.1986) ...................................... 6, 11

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363 (9th Cir.

**MOTION TO STRIKE WITNESS DECLARATIONS, FOR RESTRAINING ORDER, FOR MONETARY SANCTIONS, AND FOR DISQUALIFICATION OF COUNSEL**
ii

1992) ........................................................................................................................... 4

*United States v. Hobson*, 672 F.2d 825 (11th Cir.1982) .......................................... 13

*Wang v. Chinese Daily News, Inc.*, 2010 WL 3733568 (9th Cir. 2010) ................... 4

*Woods v. Covington County Bank*, 537 F.2d 804 (5th Cir.1976) ........................... 13

**Other Authorities**

Manual of Complex Litig. § 21.33 (4th ed. 2004) ................................................ 1, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

> "Once a class has been certified, the rules governing communications [with class members] apply as though each class member is a client of the class counsel."

*Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (citing Manual of Complex Litig. § 21.33, at 300 (4th ed. 2004) ("Manual")).

On March 27, 2019, the Honorable Court granted Plaintiff John McCurley and Dan DeForest's ("Plaintiffs") Motion for Class Certification, certifying both a Class and Subclass and appointing Plaintiffs' counsel as Class Counsel. Dkt. 65. Despite the Court's Order, and the clear and binding guidance that post-certification classes are clients of class counsel, Defendant Royal Seas Cruises, Inc. ("Defendant") and its attorneys Greenspoon Marder engaged in secret and prejudicial discovery from Class Members. Even worse, such secret conduct only came to five months later when Defendant belatedly supplemented its disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on the eve of the effective discovery cut-off[1] and included three certified Class member declarations it had obtained in August, September, and October 2019.

Defendant's illegal conduct is deplorable and a violation of the Federal Rules of Civil Procedure and the laws of this Court. Plaintiffs have met and conferred with Defendant prior to bringing the immediate motion regarding its conduct, but Defendant's proposed solution to withdraw its declarations and depose the Class Members it has already unilaterally tampered with is unacceptable. The supplemental disclosure and declarations must be stricken for being improperly

---

[1] It is the "effective" deadline because written discovery served even one day after January 17, 2020 would be untimely under the Court's scheduling order and thus not be entitled to a response.

**MOTION TO STRIKE WITNESS DECLARATIONS, FOR RESTRAINING ORDER, FOR MONETARY SANCTIONS, AND FOR DISQUALIFICATION OF COUNSEL**
**1 OF 15**

obtained from represented Class Members, Defendant should be further restrained from contacting Class Members regarding this litigation—a prohibition which is innately in effect but needs repeating, Defense counsel should be disqualified for its sharp and unethical litigation tactics, and Defendant and its counsel should pay for Plaintiffs' attorneys' fees for forcing Plaintiffs to bring this Motion.

## II. PROCEDURAL AND DISCOVERY BACKGROUND

On March 27, 2019, the Court granted Plaintiffs' Motion for Class Certification, certifying a Class consisting of:

> All persons within the United States who received a telephone call (1) from Prospects, DM, Inc. on behalf of Royal Seas Cruises, Inc. (2) on said Class Member's cellular telephone (3) made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (4) between November 2016 and December 2017, (5) where such calls were placed for the purpose of marketing, (6) to non-customers of Royal Seas Cruises, Inc. at the time of the calls, and (7) whose cellular telephone number is associated in Prospects DM's records with either diabeteshealth.info or www.yourautohealthlifeinsurance.com.

And a Transfer Subclass consisting of:

> All members of the Class whose call resulted in a Transfer to Royal Seas Cruises, Inc.

Dkt 87 at p. 63-64. Following certification, Defendant has not served written discovery seeking testimony from Class or Subclass Members on Class Counsel—whom now represent Class and Subclass Members. Declaration of Adrian R. Bacon ("Bacon Decl.") at ¶ 7. On January 17, 2020 at 1:22 p.m., Defendant served a second supplemental disclosure pursuant to Fed. R. Civ. P. 26(a)(1) and (e) on Plaintiffs by email. *Id.* at ¶ 4 & Ex. A ("Second Disclosure"). The Second Disclosure identified for the first time three Class / Subclass Members: Gary Little, David Calderon, and Dan Geiger ("Declaration Class Members"). *Id.* at ¶ 5 & Ex.

A. The Second Disclosure also attached a signed declaration for each of the three Class / Subclass Members.[2] *Id.* at Ex. A at pp. 7-15. Gary Little's declaration is signed August 7, 2019. *Id.* at p. 8. David Calderon's is signed October 2, 2019. *Id.* at p. 11. Dan Geiger's declaration is signed September 23, 2019. *Id.* at p. 14. The declarations also indicate that each was sent to the Class Member by Defendant via email around the time of signature. *Id.* at pp. 9, 12, & 15. They also indicate that Defendant was clearly in possession of the declarations on the date each was signed through the signature tracking pages. *Id.*

On October 10, 2019, the Court entered an amended scheduling order setting the Fact Discovery Completion deadline for February 18, 2020. Dkt. 113. The Court noted that "no further extensions will be granted except in exceptional circumstances." *Id.* By serving its Second Disclosure on Friday, January 17, 2020, 32 days before the discovery cut-off, Plaintiffs' requests for written discovery would have been untimely if sent on Monday, January 20, 2020. Instead, outraged by Defendant's conduct, Class Counsel instead immediately sent a meet and confer email about bringing this immediate motion for sanctions and striking and a notice of deposition and request for documents on February 18, 2019 regarding Defendant's contact with Class Members and Subclass Members following Class Certification. *Id.* at ¶¶ 10-11 & Exs. B-C.

The Parties met and conferred telephonically on January 22, 2020 regarding the immediate motion. *Id.* at ¶ 12. Class Counsel sent Defendant an email summarizing the meet and confer and indicating that if Defendant withdrew its declarations and did not seek discovery from the tampered witnesses, Plaintiffs would not bring this Motion. *Id.* at ¶ 12 & Ex. D. Defendant agreed to withdraw the declarations if it were permitted to depose the three Class Members it had

---

[2] The Declaration Class Members appear to fall within the Class and Transfer Subclass based on the content of their declarations.

previously secretly communicated with.  *Id.* at ¶ 13 & Ex. E.  Plaintiffs are not amenable to such a minor compromise for the egregious actions of Defendant which fly in the face of the Federal Rules of Civil Procedure and Court rulings regarding contacting Class Members and bring this immediate motion.  *Id.*.

### III.  LEGAL STANDARDS

The "courts have inherent power to [enter sanctions] ... when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1338 (9th Cir. 1985) (internal quotation marks omitted); *see Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) ("Courts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' ").  The Supreme Court explained "that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Chambers v. NASCO*, Inc., 501 U.S. 32, 49 (1991) (internal quotation and alteration marks omitted).  Further, Courts are obligated to exercise this authority in order to prevent abuse of the class action mechanism and prohibit parties from acting in a manner that could undermine the fairness of the proceeding.  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99-100 (1981) (citing the "opportunities for abuse" presented by class actions as justification for a broad grant of power); *Wang v. Chinese Daily News, Inc.*, 2010 WL 3733568, at *8 (9th Cir. 2010) ("Rule 23(d) gives district courts the power to ... impose limitations when a party engages in behavior that threatens the fairness of the litigation.").

"To impose sanctions under these inherent powers, the court first must find bad faith." *In re Walker*, 532 F.3d 1304, 1309 (11th Cir.2008).  The requisite bad faith may be found to exist where an attorney "disrupt[s] the litigation." *Id.* (citation

omitted); *see also Byrne v. Nezhat,* 261 F.3d 1075, 1125 (11th Cir.2001) ("A false statement can be evidence of bad faith, if, for instance, there is other evidence in the record indicating that the statement was made for a harassing or frivolous purpose."). Courts have imposed the sanction of excluding or striking evidence where that evidence was improperly obtained. *See Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non–Marine Ass'n*, 117 F.3d 1328, 1335 n. 2 (11th Cir.1997) (where defendant made payments to fact witnesses in violation of rules of professional conduct, district court's sanction of barring all evidence tainted by ethical violations was an adequate penalty and not an abuse of discretion).

## IV.   LEGAL ARGUMENT

### A. **Defendant's Contact With Represented Class and Subclass Members Was Illegal**

Defendant's contact with Gary Little, David Calderon, and Dan Geiger represents contact with knowingly represented individuals in a deceptive manner which prejudiced their rights.[3] Once a class action has been certified, counsel for the plaintiff class is considered to be the representative of all class members who have not chosen to be represented by other counsel and the ethical prohibitions against counsel for one party directly communicating with the other party are in force. *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1206–07 & n. 28 (11th Cir.1985); *Resnick v. American Dental Association*, 95 F.R.D. 372, 376–77 (N.D.Ill.1982); *Bower v. Bunker Hill Co.*, 689 F.Supp. 1032 (E.D.Wash.1985); *Haffer v. Temple University of Commonwealth System of Higher Education*, 115

---

[3] While Plaintiffs are still conducting discovery to figure the extent of Defendant's communications, Defendant cannot argue that it obtained evidentiary declarations that it intended to use to prejudice the Declaration Class Members claims in the ordinary course of business. Defendant sought such evidence in an *ex parte* fashion to ensure Declaration Class Members would not be informed in their decisions.

**MOTION TO STRIKE WITNESS DECLARATIONS, FOR RESTRAINING ORDER, FOR MONETARY SANCTIONS, AND FOR DISQUALIFICATION OF COUNSEL**
**5 OF 15**

F.R.D. 506, 513 (E.D.Pa.1987); *Tedesco v. Mishkin*, 629 F.Supp. 1474, 1483 (S.D.N.Y.1986); *Georgine v. Amchem Products, Inc.*, 160 F.R.D. 478, 495 n. 26 (E.D.Pa.1995), *vacated on other grounds*, 83 F.3d 610 (3d Cir.1996); Manual for Complex Litigation § 30.24 at 234 (3d ed. 1995). "[D]efense counsel ha[s] an ethical duty to refrain from discussing the litigation with members of the class as of the date of class certification . . . ." *Kleiner*, *supra*, 751 F.2d at 1206–07.

The seminal *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985) discussed the issue and standards on post-certification contact with class members at length.[4] In *Kleiner*, plaintiff sought a protective order after defendant sought to take the depositions of certified class members. *Id.* at 1196. The Court permitted five depositions, but otherwise ordered defendant not to engage in *ex parte* communications with class members. *Id.* Despite this, defendant decided to undertake a telephone campaign with "[s]ecrecy and haste" to class members to attempt to limit exposure. *Id.* at 1197. The district court, after becoming apprised of defendant's actions, ordered sanctions, disqualification, and that any releases so obtained be voided. *Id.* at 1199. On appeal, the Court affirmed the sanctions and one of the two disqualifications, noting that "[u]nsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable."[5] *Id.* at 1203.

With regards to the unilateral oral solicitation of Class Members, the *Kleiner* Court noted, "[t]he Supreme Court has acknowledged that unsupervised oral

---

[4] *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) is viewed as the seminal case regarding pre-certification contact with putative class members.
[5] The underlying case settled prior to the appeal, such that certain other issues were mooted.

solicitations, by their very nature, are wont to produce distorted statements on the one hand and the coercion of susceptible individuals on the other:

> [I]n-person solicitation may exert pressure and often demands an immediate response, without providing an opportunity for comparison or reflection. The aim and effect of in-person solicitation may be to provide a one-sided presentation and to encourage speedy and perhaps uninformed decisionmaking; there is no opportunity for intervention or counter-education....

*Id.* at 1206 (citing *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 457 (1978) (footnote omitted)). The *Bower v. Bunker Hill Co.* and *Resnick v. Am. Dental Ass'n* are also instructive on how Defendant's contact with Class Members post-certification has innately violated its ethical duties to this Court. In *Bower v. Bunker Hill Co.*, 689 F. Supp. 1032 (E.D. Wash. 1985), the Court denied defendant's request to contact Class Members without court approval or the consent of plaintiff's counsel, noting that "class members gain no benefit from such [ex parte] contact. Quite the contrary, the imbalance in knowledge and skill which exists between class members and defense counsel presents an extreme potential for prejudice to class members' rights."[6] *Id.* at 1034. Similarly, in *Resnick v. Am. Dental Ass'n*, 95 F.R.D. 372 (N.D. Ill. 1982), in response to plaintiff's motion to compel information regarding defendant's contact with certified class members and restrain such further contact, the Court noted that "[e]very case should be prepared in part by the lawyer's communicating with the opposing party. That is after all what the mechanism of discovery is designed for. But it is of course unethical for these communications to take place directly without the involvement of the

---

[6] As compared to the prescriptive measures of seeking permission done by the defendants in *Bower*, Defendant has instead in this case barreled ahead with its illegal conduct, seeking to gain the benefits of its declarations while begging for forgiveness later.

**MOTION TO STRIKE WITNESS DECLARATIONS, FOR RESTRAINING ORDER, FOR MONETARY SANCTIONS, AND FOR DISQUALIFICATION OF COUNSEL**
**7 OF 15**

opposing party's lawyer." *Id.* at 377.

The similarities between this matter and the secret phone campaign in *Kleiner* are striking. There can be no dispute that following the Court's March 27, 2019 Order Granting Class Certification, that the Declaration Class Members were represented by Plaintiffs' counsel pursuant to the Court's Order. Dkt. 87. Despite this, Defendant contacted the Declaration Class Members in at least August, September, and October 2019 with regards to obtaining sworn evidentiary declarations. Bacon Decl. at Ex. A. Defendant at no point informed Plaintiffs of its secret discovery of Plaintiffs' counsel's clients until its belated disclosure five months after obtaining the declarations, just like the defendant in *Kleiner*.[7] The full extent of Defendant's contact with represented Class Members is not fully known at this time, as Defendant has not willingly divulged under oath the extent of its contact program and the results of those programs.[8] Plaintiffs will be in a better position to know the full extent of Defendant's tampering following the noticed deposition of Defendant's 30(b)(6) representative and the accompanying request for documents set for February 18, 2020. But, the Court should exercise its

---

[7] One ponders if Defendant would have ever disclosed such contacts if it did not intend to use the results of its secret communications.

[8] To the extent Defendant's counsel will argue that it was not personally involved in the illegal tampering scheme, Judge Hill's concurrence in *Kleiner* rejects such argument, noting "it is contended that the attorney did not violate any order of the district court because he did not personally contact members of the subject class but merely assisted his client, the bank, in doing so. This is frivolous! A lawyer is retained by the client as the client's representative in the judicial process. The client may be bound not only by representations made by the lawyer to the court, but also by the court's directives to the lawyer acting on behalf of the client. Any theory to the contrary would necessitate, in addition to the appearance of counsel, the appearance of each client before the court. Such a rule would be unworkable. It is emphatically rejected." *Kleiner v. First Nat. Bank of Atlanta,* 751 F.2d 1193, 1212 (11th Cir. 1985) (Hill, J. concurring and dissenting in part).

authority now to immediately strike the improperly obtained declarations, to restrain such further conduct, and to appropriately sanction Defendant and its counsel for its dishonest conduct. Plaintiffs turn to a discussion of the appropriateness of each remedy in turn.

1. <u>The Court Should Strike Defendant's Second Supplemental Disclosure and the Declarations.</u>

Plaintiffs move the Court to strike Defendant's Second Supplemental Disclosure and the Declarations attached thereto for being improperly obtained. An order striking improperly obtained declarations and affidavits is exceedingly common in scenarios such as this. *See Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non–Marine Ass'n*, 117 F.3d 1328, 1335 n. 2 (11th Cir.1997) (where defendant made payments to fact witnesses in violation of rules of professional conduct, district court's sanction of barring all evidence tainted by ethical violations was an adequate penalty and not an abuse of discretion); *Sjoblom v. Charter Commc'ns, LLC*, No. 3:07-CV-0451-BBC, 2007 WL 5314916, at *4 (W.D. Wis. Dec. 26, 2007) (in FLSA collective action, where defendant obtained numerous affidavits from potential class members in blitz campaign and "advised potential class members that the lawsuit at issue was a class action, [but] did not notify them that they might be entitled to become a part of the lawsuit," remedy was for affidavits to be struck for want of full disclosure to affiants); *Parker v. Pepsi–Cola General Bottlers, Inc.*, 249 F.Supp.2d 1006 (N.D.Ill.2003) (where attorney violated anti-contact rule, district court exercised inherent powers to sanction party by barring it from using evidence obtained thereby). The Court should strike the Second Supplemental Disclosure and Disclosures to prevent Defendant from profiting from its illegal secret tampering with Class Members.

2. <u>The Court Should Restrain Defendant's Contact With Class and Subclass Members Regarding This Case</u>

Plaintiffs move the Court to issue an order restraining Defendant and its counsel's *ex parte* communications with Class Members regarding this litigation. While such restriction is innately in place because of the reasons laid forth above, Defendant's prior conduct makes such an order necessary. In *Resnick v. American Dental Ass'n*, the Court ordered defendant to not communicate with class members without the prior consent of class counsel or the Court and ordered that defendant divulge all documents relating to those communications that took place previously.[9] *Resnick, supra*, 95 F.R.D. at 377. In *Kleiner*, the district court similarly issued an injunction barring defendant from communications with class members.[10] *Kleiner, supra*, 751 F.2d at 1198. Similar to *Resnick*, Plaintiffs do not seek to prevent Defendant from having communications with class members in the ordinary course of business, so long as the communications do not relate to the claims involved in the litigation.[11] *Resnick, supra*, 95 F.R.D. at 377 (citing Manual). But the clear order of the Court preventing such contact except through Plaintiffs' counsel or by permission of the Court will send a strong and appropriate message given the seriousness of the misconduct.

> 3. <u>The Court Should Monetarily Sanction Defendant and its Counsel For The Costs Of This Motion Created By Its Conduct</u>

As a result of Defendant and its attorneys conduct in obtaining its illegal secret declarations, Plaintiffs have been forced to bring this immediate motion as well as the forthcoming deposition and document requests on Defendant's 30(b)(6)

---

[9] Plaintiffs have timely served a 30(b)(6) deposition notice and request for documents, such that a Court order requiring Defendant to divulge the full extent of its illegal secret contacts is unnecessary unless Defendant refuses to follow the Fed. R. Civ. P.'s discovery requirements.

[10] This issue was mooted on appeal by settlement, as noted above.

[11] However, the declarations obtained by Defendant as presented in its Second Supplemental Disclosure were clearly obtained from speaking with Class Members regarding this litigation.

representative. Defendant and its attorneys should be monetarily sanctioned for necessitating such motion practice through its conduct to discourage other parties from doing so. "[I]ndulgent toleration of lawyers' misconduct is simply a luxury the federal court system can no longer afford." *Eash v. Riggins Trucking Co.,* 757 F.2d 557, 565 (3d Cir.1985) (Adams, J.). "The Supreme Court has consistently recognized the federal court's powers ... to sanction errant attorneys financially both for contempt and for conduct not rising to the level of contempt." *Id.* at 566 (3d Cir.1985). *See also Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765 (1980) (affirming the "well-acknowledged" inherent power to levy sanctions in response to abusive litigation practices). Courts have sanctioned defendants for the conduct at issue in this motion. In *Haffer v. Temple Univ. of Com. Sys. of Higher Educ.*, 115 F.R.D. 506, 513 (E.D. Pa. 1987), the court imposed monetary sanctions for unilateral communications by defendant with class members to discourage their cooperation with plaintiff. In *Tedesco v. Mishkin*, 629 F. Supp. 1474 (S.D.N.Y. 1986), the Court imposed punitive sanctions and an award of costs and attorney's fees for defendant's misconduct in contacting class members. In *Kleiner, supra,* 751 F.2d at 1207–10, the Court upheld a $50,000 fine imposed without a finding of contempt for the reasons outlined above.

      As argued above, this case is analogous to *Kleiner* with respect to the type of contact initiated and the secretive nature of Defendant's conduct. Monetary sanctions are appropriate. Further, the urgency and necessity of forcing Plaintiffs to bring this Motion and conduct discovery was created by willful acts by Defendant and its counsel to conceal its secret declaration collection for five (5) months.[12] Had

---

[12] It is worth noting that Defendant has previously attempted to sandbag Plaintiffs through abusing the requirements of Fed. R. Civ. P. 26(a) in its timing of releasing information. In support of its Opposition to Class Certification, Defendant sought to use the declarations of four individuals who were never

Defendant disclosed its illegal secret contacts in October 2019 when it received the last declaration, the Parties may have been able to work through the issues in a more orderly process. Instead, by waiting until three (3) days prior to the effective discovery deadline, Defendant has forced Plaintiffs to scramble to bring this Motion and conduct immediate discovery on its illegal secret contacts.[13]

As set forth in the Declaration of Adrian Bacon, Thomas E. Wheeler, a senior associate the Law Offices of Todd M. Friedman, P.C., spent 16.2 hours researching and drafting this Motion. Bacon Decl. at ¶ 14. Mr. Wheeler has recently been approved twice by Courts at a rate of $425 per hour. *Id.* Adrian R. Bacon, partner at the Law Offices of Todd M. Friedman, P.C., spent two hours supervising and revising this Motion and has been recently approved twice by Courts at $625 per hour. *Id.* at ¶ 15. Accordingly, Plaintiffs seek monetary sanctions of $8,135 be imposed against Defendant and its attorneys for the attorney's fees incurred in the preparation of this motion.[14]

---

previously disclosed. Dkts. 58-5, 58-7, 58-8, 58-9, and 62. Plaintiffs were forced to move *ex parte* for an Order extending the Reply deadline to permit time to depose these newly disclosed witnesses. Dkt. 62. The Court granted Plaintiff's *ex parte* motion to permit such time. Dkt. 66. The belated sending of the Second Supplemental Disclosure five (5) months after the fact is part of a recurring and troubling trend of Defendant and its attorneys flaunting the discovery rules of Fed. R. Civ. P.

[13] To the extent Defendant will argue that it should be entitled to conduct post-deadline discovery in the proper channels should its illegal secret declarations be stricken, such an offer is absurd. Defendant could have pursued the proper channels at any point in the last ten (10) months since certification or even five (5) months since it knew that it had obtained tampered evidence that it would want to use. Instead, it sat on its hands, intending to use "gotcha" litigation tactics at the discovery deadline. This is a situation of Defendant's own making.
.
[14] Plaintiffs forego seeking monetary sanctions for the time to be spent on discovery into the extent of Defendant's illegal secret contacts, as such discovery is ongoing. Plaintiffs additionally forego other hours worked leading up to this

### 4. The Court Should Disqualify Defendant's Counsel For Its Participation In Such Scheme

Plaintiffs also seek the serve sanction of disqualifying Greenspoon Marder as counsel from this matter for its role in obtaining and concealing the illegal secret declarations. In *Kleiner*, *supra*, 751 F.2d at 1210, the Court disqualified lead trial counsel after applying the two-part test laid forth in *Woods v. Covington County Bank*, 537 F.2d 804 (5th Cir.1976):

> First, although there need not be proof of actual wrongdoing, "there must be at least a reasonable possibility that some specifically identifiable impropriety did occur." Second, "a court must also find that the likelihood of public suspicion or obloquy outweighs the social interest which will be served by a lawyer's continued participation in a particular case." *United States v. Hobson*, 672 F.2d 825, 828 (11th Cir.1982) (quoting *Woods*, 537 F.2d at 813 & n. 12), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). Once the preceding requirements are satisfied, a court can order disqualification based solely on past improprieties without regard for future taint affecting the outcome of the proceeding. *Compare Board of Education v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir.1979).

Similar to the *Kleiner* attorney, Defendant's attorney in this matter chose to conceal the illegal secret declarations for five (5) months after obtained by Defendant, instead attempting to sandbag Plaintiffs at the effective discovery cut-off. This satisfies the reasonable possibility that a specifically identifiable impropriety occurred. Turning to the second factor, Defendant, much like the defendant in *Kleiner*, will not be an innocent victim of disqualification, having participated in the illegal contacts and having sent out the declarations to be

---

motion, including multiple calls between Matthew Loker, Abbas Kazerounian, Todd Friedman, Adrian Bacon, and Thomas Wheeler regarding the immediate issue.

electronically signed from its customer service account. Defendant and its attorneys have chosen to trample over the public trust in the impartial enforcement of the laws in its attempts to secretly tamper with witnesses. Disqualification is justified and appropriate.

## V.  CONCLUSION

Defendant has thrown its obligations to this Court and its ethical duties in the wind in deciding to communicate with represented Class Members *ex parte*. Even worse, it only revealed its illegal secret tampering months later at the last possible moment in an attempt to be able to use its tampered evidence without being taken to task for it. Such conduct is deplorable, and the Court should send a strong message to Defendant and others that such conduct is not permissible and will not be tolerated. Plaintiffs respectfully request that the Second Supplemental Disclosure be stricken, that Defendant be restrained from communicating with Class and Subclass members regarding this action except with the consent of Plaintiffs' counsel or leave of court, that Defendant be monetarily sanctioned the $8,135 in attorney's fees incurred in bringing this motion, and that Defendant's attorneys Greenspoon Marder be disqualified for their role in this unethical deception.

Dated: January 31st, 2020            **Law Offices of Todd M. Friedman, P.C.**

By: /s/ Todd M. Friedman
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

Filed electronically on this 31st day of January, 2020, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable Cynthia A Bashant
United States District Court
Southern District of California

And All Counsel of Record As Recorded On The Electronic Service List.

This 31st day of January, 2020,

s/Todd M. Friedman, Esq.
Todd M. Friedman