**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard Street, Suite 780
Woodland Hills, CA 90212
Telephone:   (877) 206-4741
Facsimile:    (866) 633-0228

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN MCCURLEY AND DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**ROYAL SEAS CRUISES, INC.,**<br><br>Defendant. | **Case No.:** 17-cv-986 BAS (AGS)<br><br>**DECLARATION OF ADRIAN R. BACON IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE WITNESS DECLARATIONS, FOR RESTRAINING ORDER, FOR MONETARY SANCTIONS, AND FOR DISQUALIFICATION OF COUNSEL** |

## DECLARATION OF ADRIAN R. BACON

**I, ADRIAN R. BACON declare:**

1. I am an attorney in good standing duly admitted to the State Bar of California and an attorney of record for Plaintiffs Dan Deforest and John McCurley ("Plaintiffs") in this action against Royal Seas Cruises, Inc. ("Defendant"). I am a Partner at The Law Offices of Todd M. Friedman, and one of the counsel for Plaintiffs and the certified Class and Subclass in this action.

2. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

3. I am writing this declaration in support of Plaintiffs' Motion To Strike Witness Declarations, For Restraining Order, For Monetary Sanctions, And For Disqualification of Counsel.

4. On Friday, January 17, 2020 at 1:22 p.m., Defendant served by email its Second Supplemental Disclosure. A true and correct copy of the disclosure is attached hereto as Exhibit A.

5. In this disclosure, Defendant identified as relevant witnesses for the first time Gary Little, David Calderon, and Dan Gieger. These three individuals are members of the Class and Subclass.

6. Additionally, attached to the Second Supplemental Disclosure were three signed and sworn declarations of the three new witnesses which were signed in August, September, and October of 2019.

7. Defendant has not served written discovery seeking testimony from Class or Subclass Members on Class Counsel at any point, including following Class Certification.

8. Prior to receiving the Second Supplemental Disclosure, Plaintiffs were unaware that Defendant had either contacted or obtained declarations from the three witnesses.

9. Because the Fact Discovery Completion deadline is February 18, 2020, written discovery must be served by January 17, 2020 to timely receive a response. Thus, by waiting until January 17, 2020, Defendant ensured that Plaintiffs would have eleven (11) hours to serve written discovery.

10. Class Counsel were outraged by Defendant's conduct, and immediately drafted and sent a meet and confer email at 5:21 p.m. on January 17, 2020 requesting a call the following week, and noting that Plaintiffs would be seeking monetary sanctions, discovery sanctions, and disqualification sanctions, and providing the grounds for those sanctions. A true and correct copy of this email is attached hereto as Exhibit B.

11. Class Counsel additionally drafted and sent Defendant a 30(b)(6) deposition notice on all of Defendant's contact with the Class and Subclass, including post-certification, which included a request for documents on the same subject. A true and correct copy of this deposition notice is attached hereto as Exhibit C.

12. Class Counsel and Defendant's counsel telephonically met and conferred on January 22, 2020. I emailed a summary of the conversation to Defendant's counsel and noted that we would not bring this Motion if Defendant agreed to withdraw its declarations and not seek discovery

from the tampered witnesses. A true and correct copy of this email is attached hereto as Exhibit D.

13. Defendant responded and stated that it would not use the declarations if it could conduct depositions. Class Counsel responded and stated we would have to proceed with the motion. A true and correct copy of these emails is attached hereto as Exhibit E.

## MONETARY SANCTIONS

14. Thomas E. Wheeler, a fourth year senior associate, from our offices took lead on researching and drafting this immediate motion. In total, Mr. Wheeler spent 7.1 hours conducting legal research for the motion and 9.1 hours drafting and revising the Motion. Mr. Wheeler was recently approved by the Courts in *Edward Makaron v. Enagic USA, Inc.*, Case No. 2:15-cv-05145-DDP-E (C.D. Cal. 2020) and *Nicole Romano et. al. v. SCI Direct Inc. et. al.*, Case No. 2:17-cv-03537-ODW-JEM (C.D. Cal. 2019) at the rate of $425 per hour.

15. As noted above, I am a partner at the Law Offices of Todd M. Friedman P.C.. I spent approximately 1 hour reviewing the Motion and 1 hour discussing it with Mr. Wheeler. I have also been recently approved by the Courts in *Edward Makaron v. Enagic USA, Inc.*, Case No. 2:15-cv-05145-DDP-E (C.D. Cal. 2020) and *Nicole Romano et. al. v. SCI Direct Inc. et. al.*, Case No. 2:17-cv-03537-ODW-JEM (C.D. Cal. 2019) at the rate of $625 per hour.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed on January 31, 2020.

Date: January 31, 2020                    By:/s/ Adrian R. Bacon

                                          Adrian R. Bacon

–4–
DECLARATION OF ADRIAN R. BACON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

–5–
DECLARATION OF ADRIAN R. BACON

**GREENSPOON MARDER LLP**
Richard W. Epstein, Esq. (Admitted *Pro Hac Vice*)
richard.epstein@gmlaw.com
Jeffrey A. Backman, Esq. (Admitted *Pro Hac Vice*)
jeffrey.backman@gmlaw.com
200 E. Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel: 954.527.2427
Fax: 954.333.4027

Attorneys for Defendant Royal Seas Cruises, Inc.
[additional Defendant's counsel on signatory line]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John McCurley, Individually and and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Royal Seas Cruises, Inc.,<br><br>Defendant.<br>----------------------------------------------<br><br>Dan DeForest, Individually and and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Royal Seas Cruises, Inc.,<br><br>Defendant. | Case No.: 3:17-cv-01988-AJB-AGS<br><br>*consolidated with*<br><br>Case No.: 3:17-cv-00986-BAS-AGS<br><br><br><br>**DEFENDANT ROYAL SEAS CRUISES, INC.'S SECOND SUPPLEMENTAL DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(1) AND (e)** |

1

Pursuant to Fed. R. Civ. P. 26 (a)(1) and (e), Defendant ROYAL SEAS CRUISES, INC. ("RSC"), supplements its Initial Disclosures served on September 22, 2017, and its Supplemental Disclosure served on November 27, 2018, with this Second Supplemental Disclosure. This disclosure is made based on the information available to RSC at this time. RSC reserves the right to rely on additional discovery and investigations, and to supplement its disclosures as warranted thereby. The disclosure is made in a good faith effort to supply as much information and specification as is presently known but shall not prejudice RSC in relation to further discovery and investigations. Should other information become available during the course of ongoing investigation and discovery, it will be disclosed to other parties pursuant to Federal Rule 26(e).

**1.  WITNESSES**

**Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

a.  Gary Little, 511 Shaver Drive, Florence, NJ 08518, (609) 638-0625. Mr. Little has knowledge of his purchasing a travel package from RSC on February 25, 2017, and enjoying a vacation using the travel package purchased from RSC, after visiting the website diabeteshealth.info, entering his phone

number, (609) 638-0625, on the website, and requesting to be contacted regarding RSC.

b.     David Calderon, 1136 Stillman Avenue, Plainfield, NY 07060, (908) 331-1177.  Mr. Calderon has knowledge of his purchasing a travel package from RSC on July 26, 2017, after visiting the website diabeteshealth.info, entering his phone number, (908) 331-1177, on the website, and requesting to be contacted regarding RSC.

c.     Dan Geiger, 1203 S Main Street, Mt. Vernon, OH 43050, (740) 627-0980.  Mr. Geiger has knowledge of his purchasing a travel package from RSC on August 16, 2017, after visiting the website diabeteshealth.info, entering his phone number, (740) 627-0980, on the website, and requesting to be contacted regarding RSC.

### 2.     DOCUMENTS

**Provide a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

a.  Declaration of Gary Little (Aug. 7, 2019) (attached as **Exhibit "A"**).

b.  Declaration of David Calderon (Oct. 2, 2019) (attached as **Exhibit "B"**).

c.  Declaration of Dan Geiger (Sept. 23, 2019) (attached as **Exhibit "C"**).

DATED:  January 17, 2019

Respectfully Submitted,

**GREENSPOON MARDER LLP**

JEFFREY A. BACKMAN (Fla. Bar No. 662501)
Jeffrey.Backman@gmlaw.com
RICHARD W. EPSTEIN (Fla Bar No. 229091)
Richard.Epstein@gmlaw.com
200 E. Broward Blvd, Suite 1800
Fort Lauderdale, Florida 33301
Tel: 954.527.2427
Fax: 954.333.4027
*Admitted Pro Hac Vice*

 /s/ *Brian R. Cummings*
BRIAN R. CUMMINGS (Fla. Bar No. 25854)
Brian.Cummings@gmlaw.com
401 E. Jackson St., Suite 1825
Tampa, Florida 33602
Tel: 813.769.7020
Fax: 813.426.8582
*Admitted Pro Hac Vice*

ANTON N. HANDAL, ESQ. (Bar No. 113812)
Tony.Handel@gmlaw.com
750 B Street, Suite 250
San Diego, CA 92101
Tel: 619.544.6400
Fax: 619.696.0323

Attorneys for Defendant *Royal Seas Cruises, Inc.*

4

1
2
3

## CERTIFICATE OF SERVICE

4

    I HEREBY CERTIFY that a true and correct copy of the foregoing has

5
6

been served via email and U.S. regular mail on this 17th day of January, 2020, to

7

all counsel of record set forth on the Service List below.

8

                                        By:  /s/ Brian R. Cummings

9
                                            Brian R. Cummings, Esq.

10
11

## SERVICE LIST

12

    Joshua B. Swigart, Esq.

13
    josh@westcoastlitigation.com
    Kevin Lemieux, Esq.

14
    kevin@westcoastlitigation.com

15
    **HYDE & SWIGART**
    2221 Camino Del Rio South, Suite 101

16
    San Diego, CA 92108

17
    Telephone: (619) 233-7770
    Facsimile: (619) 297-1022

18
19
    Abbas Kazerounian, Esq.
    ak@kazlg.com

20
    Matthew M. Loker, Esq.

21
    ml@kazlg.com
    **KAZEROUNI LAW GROUP, APC**

22
    245 Fischer Avenue

23
    Costa Mesa, CA 92626
    Telephone: (800) 400-6808

24
    Facsimile: (800) 520-5523

25
    *Attorneys for Plaintiff John McCurley*

26
27
    Todd M. Friedman, Esq.

28
    Adrian R. Bacon, Esq.

Meghan E. George, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
(877) 206-4741
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com

*Attorneys for Plaintiff Dan DeForest*

41294404

# "EXHIBIT A"

1. My name is <u>Gary Little</u>.  I am over the age of 18 and fully competent to make this declaration. This Declaration is based on my personal knowledge or upon my review of records over which I have care, custody or control.

2. I purchased a vacation package from Royal Seas Cruises, Inc. ("Royal Seas") on <u>February 25, 2017</u>.

3. Prior to purchasing my vacation package from Royal Seas I went to the webpage diabeteshealth.info where I entered my phone number, <u>(609) 638-0625</u>, and requested to be contacted regarding Royal Seas.

4. I **have** traveled on my vacation as of the date I sign this document.

5. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury and of the laws of the United States that the foregoing is true and correct.

Dated this <u>7th</u> day of <u>August</u>, 2019.

_____(E-sign here)
Gary Little
(Print Name)

Doc ID: aca49f0fec41455818442dd85d6d34af8732ead7

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Royal Seas Cruises - Gary Little |
| **FILE NAME** | Royal Seas Cruises - Gary Little.pdf |
| **DOCUMENT ID** | aca49f0fec41455818442dd85d6d34af8732ead7 |
| **STATUS** | ● Completed |

Document History

**SENT**
**08/13/2019**
14:31:49 UTC
Sent for signature to Gary Little (MUSIC123G@MSN.COM) from
customerservice@royalseas.com
IP: 12.219.62.139

**VIEWED**
**08/17/2019**
17:11:46 UTC
Viewed by Gary Little (music123g@msn.com)
IP: 99.203.116.107

**SIGNED**
**08/17/2019**
17:12:14 UTC
Signed by Gary Little (music123g@msn.com)
IP: 99.203.116.107

**COMPLETED**
**08/17/2019**
17:12:14 UTC
The document has been completed.

# "EXHIBIT B"

1. My name is <u>David Calderon</u>.  I am over the age of 18 and fully competent to make this declaration. This Declaration is based on my personal knowledge or upon my review of records over which I have care, custody or control.

2. I purchased a vacation package from Royal Seas Cruises, Inc. ("Royal Seas") on <u>July 26, 2017</u>.

3. Prior to purchasing my vacation package from Royal Seas I went to the webpage diabeteshealth.info where I entered my phone number, <u>(908) 331-1177</u>, and requested to be contacted regarding Royal Seas.

4. I <u>have not</u> traveled on my vacation as of the date I sign this document.

5. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury and of the laws of the United States that the foregoing is true and correct.

Dated this <u>2</u> day of <u>October, 2019</u>.

*David calderon* (E-sign here)

David Calderon

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Royal Seas Cruises - David Calderon |
| **FILE NAME** | Royal Seas Cruises - David Calderon.pdf |
| **DOCUMENT ID** | 58692c4bcbf8784af6c1d7d01dd3144be7c05eaf |
| **STATUS** | ● Completed |

## Document History

**SENT**
**10 / 02 / 2019**
19:24:22 UTC

Sent for signature to David Calderon (DJC1136@YAHOO.COM)
from customerservice@royalseas.com
IP: 12.219.62.139

**VIEWED**
**10 / 03 / 2019**
23:58:59 UTC

Viewed by David Calderon (djc1136@yahoo.com)
IP: 172.58.238.192

**SIGNED**
**10 / 04 / 2019**
00:00:34 UTC

Signed by David Calderon (djc1136@yahoo.com)
IP: 172.58.238.192

**COMPLETED**
**10 / 04 / 2019**
00:00:34 UTC

The document has been completed.

# "EXHIBIT C"

1. My name is   Dan Geiger   .  I am over the age of 18 and fully competent to make this declaration. This Declaration is based on my personal knowledge or upon my review of records over which I have care, custody or control.

2. I purchased a vacation package from Royal Seas Cruises, Inc. ("Royal Seas") on August 16,  2017

3. Prior to purchasing my vacation package from Royal Seas I went to the webpage diabeteshealth.info where I entered my phone number, (740)627-0980 and requested to be contacted regarding Royal Seas.

4. I have not traveled on my vacation as of the date I sign this document.

5. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury and of the laws of the United States that the foregoing is true and correct.

Dated this 23 day of September, 2019.

_____(E-sign here)

SignNow e-signature ID: 698c24fe2b...

(Print Name)



SignNow E-Signature Audit Log
Document name: Royal Seas Cruises - Dan Geiger
Document ID: 4b7e195a7cb71343e6967890109ab4ab679bbbdf
Document page count: 1

| Client | Event | By | Server Time | Client Time | IP Address |
|---|---|---|---|---|---|
| SignNow Web Application | Uploaded Document | customerservice@royalseas.com | 2019-10-03 09:39:26 pm UTC | 2019-10-03 09:39:25 pm UTC | 100.26.28.45 |
| SignNow Web Application | Viewed the Document | customerservice@royalseas.com | 2019-10-03 09:39:32 pm UTC | 2019-10-03 09:39:32 pm UTC | 12.219.62.139 |
| SignNow Web Application | Document Saved | customerservice@royalseas.com | 2019-10-03 09:41:22 pm UTC | 2019-10-03 09:41:21 pm UTC | 54.210.71.240 |
| SignNow Web Application | Viewed the Document | dangeiger@embarqmail.com | 2019-10-04 01:47:54 pm UTC | 2019-10-04 01:47:37 pm UTC | 65.131.221.130 |
| SignNow Web Application | Signed the Document, Signature ID: 698c24fe2b593b2ac8e1 | dangeiger@embarqmail.com | 2019-10-04 01:52:05 pm UTC | 2019-10-04 01:51:47 pm UTC | 100.26.28.45 |
| SignNow Web Application | Document Saved | dangeiger@embarqmail.com | 2019-10-04 01:52:10 pm UTC | 2019-10-04 01:51:46 pm UTC | 100.26.28.45 |

# EXHIBIT B

DECLARATION OF ADRIAN R. BACON

**Tom Wheeler**

| | |
|---|---|
| **From:** | Tom Wheeler |
| **Sent:** | Friday, January 17, 2020 5:21 PM |
| **To:** | Jeffrey Backman; Brian Cummings |
| **Cc:** | Moneka Simpson; josh@westcoastlitigation.com <josh@westcoastlitigation.com>; kevin@westcoastlitigation.com <kevin@westcoastlitigation.com>; Abbas Kazerounian; ml@kazlg.com <ml@kazlg.com>; Todd Friedman; Adrian Bacon; mgeorge@toddflaw.com <mgeorge@toddflaw.com>; Khia Joseph; 38541_0019 _Royal Seas Cruises_ Inc_ _ adv_ McCurley_ 21_ 1 E_Mail; Moneka Simpson |
| **Subject:** | Meet and Confer re: Motion for Sanctions |

Counsel,

We are writing to schedule a meet and confer call for next week, and request you provide dates and times to meet and confer telephonically prior to next Thursday regarding Plaintiffs' Motion for Sanctions, including monetary sanctions, discovery sanctions, and disqualification sanctions, against Defendant and its attorneys regarding their illegal contact with represented parties.

We are in receipt of your belated Second Supplemental Disclosure dated January 17, 2020, which discloses three new witnesses and includes three declarations signed September 23, 2019, October 2, 2019, and August 7, 2019. As you are aware, on March 27, 2019, the Court certified a Class action consisting of all individuals called between November 2016 and December 2017 on behalf of Royal Seas Cruises (and a sub-class of all calls that were transferred to Royal Seas Cruises). All three new witnesses fall within this Class Definition and thus were Class Members following the Certification of the Class on March 27, 2019. Despite this, you seemingly have communicated with at least three of our clients, who are represented by counsel, namely our offices.

The law is exceedingly clear on this topic for post-certification contact. "[D]efense counsel ha[s] an ethical duty to refrain from discussing the litigation with members of the class as of the date of class certification . . . ." Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1206–07 (11th Cir. 1985).  To reiterate, "[o]nce a class has been certified, the rules governing communications [with class members] apply as though each class member is a client of the class counsel." Harris v. Vector Mktg. Corp., 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (citing Manual of Complex Litig. § 21.33, at 300 (4th ed. 2004)). See, e.g., Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1207 n. 28 (11th Cir.1985) (stating that, "[a]t a minimum, class counsel represents all class members as soon as a class is certified"); Erhardt v. Prudential Group, 629 F.2d 843, 845 (2d Cir.1980) (stating that, "[o]nce a class has been certified, the rules governing communications apply as though each class member is a client of the class counsel"); Parks v. Eastwood Ins. Servs., 235 F.Supp.2d 1082, 1083 (C.D.Cal.2002) (stating that, "[i]n a class action certified under Rule 23, ... absent class members are considered represented by class counsel unless they choose to 'opt out' ").

Additionally, you also seemingly chose to wait until today, January 17, 2020, to make a disclosure that you were communication with represented individuals contrary to the requirements of the rules of professional conduct and laws of this Court back in the fall of 2019. It seems likely you chose today, which happens to fall exactly thirty (30) days before the discovery deadline, to deprive us of the ability to conduct any discovery into your illegal actions. Instead, this choice only highlights the willful nature of such misconduct and your attempt to hide it.

Again, please advise us of a date prior to next Thursday for a telephonic meet and confer ahead of filing our Motion, as required by Judge Bashant's local rules. Also, to reiterate, it is a violation of the rules of professional conduct and the rules of the 9th Circuit to engage in any further contact with Class Members.

Warm regards,

Tom Wheeler, Esq.
Law Offices of Todd M. Friedman P.C.
21550 Oxnard St., Ste. 780
Woodland Hills, CA 91367
Tel: (213) 988-0007

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

DECLARATION OF ADRIAN R. BACON

1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
3  Meghan E. George (SBN 274525)
   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
4  21550 Oxnard St., Suite 780
5  Woodland Hills, CA 91367
   Phone: 877-206-4741
6  Fax: 866-633-0228
7  tfriedman@ toddflaw.com
   abacon@ toddflaw.com
8  mgeorge@toddflaw.com
9  *Attorneys for Plaintiffs*

10              **UNITED STATES DISTRICT COURT**
11            **SOUTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| **JOHN MCCURLEY,** **INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** ) ) ) ) ) | Case No.: 17-cv-1988 AJB (AGS) *consolidated with* 17-cv-986 AJB (AGS) |
| Plaintiff, ) | **PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF DEFENDANT'S REPRESENTATIVE WITH MOST KNOWLEDGE** |
| vs. ) | |
| **ROYAL SEAS CRUISES, INC.,** ) ) | Date: February 18, 2020 |
| Defendant. ) | Time: 10:00 AM (Eastern Time) |
| _____ ) | Location: Veritext Legal Solutions, |
| **DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** ) ) ) ) | One East Broward Boulevard Suite 1101 Fort Lauderdale, FL 33301 |
| Plaintiff, ) | |
| v. ) | |
| **ROYAL SEAS CRUISES, INC.,** ) ) | |
| Defendant. ) | |

---

Plaintiffs' Notice of Taking the Deposition of Defendant's Representative With Most Knowledge

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs, DAN DEFOREST and JOHN MCCURLEY, through his attorney of record herein, will take the deposition of Defendant's Representative(s) most knowledgeable on February 18, 2020, beginning at 10:00 AM (Eastern Time) at Veritext Legal Solutions, One East Broward Boulevard, Suite 2250, Fort Lauderdale, FL 33301, before a Notary Public, or any other officer authorized to administer an oath. The deposition will be taken upon oral examination before a certified shorthand reporter and will continue from day-to-day thereafter at the same place—Sundays and holidays excepted—until completed.

As used herein, the "Class" is defined as set forth in the Court's Order Granting Class Certification on March 27, 2019, as:

> All persons within the United States who received a telephone call (1) from Prospects, DM, Inc. on behalf of Royal Seas Cruises, Inc. (2) on said Class Member's cellular telephone (3) made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (4) between November 2016 and December 2017, (5) where such calls were placed for the purpose of marketing, (6) to non-customers of Royal Seas Cruises, Inc. at the time of the calls, and (7) whose cellular telephone number is associated in Prospects DM's records with either diabeteshealth.info or www.yourautohealthlifeinsurance.com.

As used herein, the "Transfer Subclass" is defined as set forth in the Court's Order Granting Class Certification on March 27, 2019, as:

> All members of the Class whose call resulted in a Transfer to Royal Seas Cruises, Inc.

As used herein, "Defendant" means ROYAL SEAS CRUISES, INC., ITS OFFICERS, DIRECTORS, MANAGERS, EMPLOYEES AND AGENTS.

**PLEASE TAKE FURTHER NOTICE** that the designated representative(s) of Defendant must be prepared to testify regarding "matters known or reasonably available to" Defendant including but not limited to:

1. Defendant's contact with the Class following March 27, 2019.

2. Defendant's contact with the Transfer Subclass following March 27, 2019.

3. Defendant's contact with the Class since March 6, 2017.

4. Defendant's contact with the Transfer Subclass since March 6, 2017.

5. Any and all information regarding Defendant's contact with the Class following March 27, 2019.

6. Any and all information regarding Defendant's contact with the Transfer Subclass following March 27, 2019.

7. Any and all information regarding Defendant's decision to contact the Class following March 27, 2019.

8. Any and all information regarding Defendant's decision to contact the Transfer Subclass following March 27, 2019.

9. Any and all memoranda, emails, letters, or other documents concerned Defendant's contact with the Class following March 27, 2019.

10. Any and all memoranda, emails, letters, or other documents concerned Defendant's contact with the Transfer Subclass following March 27, 2019.

11. The identity of each Class member contacted by Defendant following March 27, 2019.

12. The identity of each Transfer Subclass member contacted by Defendant following March 27, 2019.

**PLEASE TAKE FURTHER NOTICE** that Defendant and/or Defendant's designated representative(s) under F.R.C.P. 30(b)(6) are to produce the following categories of documents at the time and place of the above-listed deposition:

1. Produce any and all DOCUMENTS relating to or regarding Defendant's contact with the Class following March 27, 2019.

2. Produce any and all DOCUMENTS, including letters, emails, phone records, recordings, or other documents, sent by Defendant to any Class Member following March 27, 2019.

3. Produce any and all DOCUMENTS relating to or regarding Defendant's contact with the Transfer Subclass following March 27, 2019.

4. Produce any and all DOCUMENTS, including letters, emails, phone records, recordings, or other documents, sent by Defendant to any Transfer Subclass Member following March 27, 2019.

5. Produce any and all DOCUMENTS, including letters, emails, phone records, recordings, or other documents, received by Defendant from any Transfer Subclass Member following March 27, 2019.

6. Produce any and all DOCUMENTS, including letters, emails, phone records, recordings, or other documents, received by Defendant from any Class Member following March 27, 2019.

7. Produce any and all DOCUMENTS relating to or regarding the identities of each Class member contacted by Defendant following March 27, 2019.

8. Produce any and all DOCUMENTS relating to or regarding the identities of each Transfer Subclass member contacted by Defendant following March 27, 2019.

9. Produce any and all DOCUMENTS, including memoranda, emails, letters, or other documents, concerning Defendant's decision to contact Transfer Subclass Members following March 27, 2019.

10. Produce any and all DOCUMENTS, including memoranda, emails, letters, or other documents, concerning Defendant's decision to contact Class Members following March 27, 2019.

11. Produce any and all DOCUMENTS relating to or regarding Defendant's contact with the Class following March 6, 2017.

12. Produce any and all DOCUMENTS, including letters, emails, or other documents, sent by Defendant to any Class Member following March 6, 2017.

13. Produce any and all DOCUMENTS relating to or regarding Defendant's contact with the Transfer Subclass following March 6, 2017.

14. Produce any and all DOCUMENTS, including letters, emails, or other documents, sent by Defendant to any Transfer Subclass Member following March 6, 2017.

15. Produce any and all DOCUMENTS relating to or regarding the identities of each Class member contacted by Defendant following March 6, 2017.

16. Produce any and all DOCUMENTS relating to or regarding the identities of each Transfer Subclass member contacted by Defendant following March 6, 2017.

17. Produce any and all DOCUMENTS, including memoranda, emails, letters, or other documents, concerning Defendant's decision to contact Transfer Subclass Members following March 6, 2017.

18. Produce any and all DOCUMENTS, including memoranda, emails, letters, or other documents, concerning Defendant's decision to contact Class Members following March 6, 2017.

**PLEASE NOTE:** If an interpreter will be necessary, please notify this office within five days of deposition and specify the language and dialect that will be required.

Please be advised that if you cancel the deposition less than 48 business hours prior to the deposition date, you will be fully liable for the fees of the interpreter and the court reporter.

**PLEASE TAKE FURTHER NOTICE** that Plaintiffs and/or Defendant may videotape such deposition to be used at the time of trial.

Dated: January 17, 2020       **The Law Offices of Todd M. Friedman, P.C.**

By: /s/Todd M. Friedman, Esq.
Todd M. Friedman, Esq.
Attorney for Plaintiffs and the Class

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On January 17, 2020, I served a true copy of **Plaintiff's Notice of Taking the Deposition of Defendant's Representative With Most Knowledge** by email to the following addresses:

Jeffrey A. Backman
GREENSPOON MARDER
Jeffrey.Backman@gmlaw.com

Brian Cummings
GREENSPOON MARDER
Brian.Cummings@gmlaw.com

Executed on January 17, 2020, at Woodland Hills, CA

[x] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[x] I hereby certify under the penalty of perjury that the foregoing is true and correct.

By:_s/ Thomas E. Wheeler____
Thomas E. Wheeler

# EXHIBIT D

DECLARATION OF ADRIAN R. BACON

From: Adrian Bacon <abacon@toddflaw.com>
Sent: Thursday, January 23, 2020 2:03 PM
To: Jeffrey Backman <Jeffrey.Backman@gmlaw.com>
Cc: Abbas Kazerounian, Esq. <ak@kazlg.com>; Todd Friedman <tfriedman@toddflaw.com>; Tom
Wheeler <twheeler@toddflaw.com>; Matthew M. Loker, Esq. <ml@kazlg.com>
Subject: RE: McCurley/Royal

Jeff,

Thank you for the call yesterday and confirming a few things that we suspected.  First, you confirmed
that your client reached out to and discussed this case with clients of ours to secure these declarations.
You also have agreed that there will be no further discussion with any class members by you, your client,
or any other agents of your client.  I take that to mean no other law firms you enlist through back
channels, no other companies who work with your client and are doing this for them, or any other type
of communication at all.  Thank you for agreeing to stop doing this.  I would suggest that this
"agreement" is by default what the rules require.

We've discussed your proposal on our end and are not amenable to letting your office seek to depose
these three class members, or use any testimony or evidence from them in this case.  For reasons that I
stated yesterday during our call, there are innumerable red flags here that are facially apparent from
the declarations you and your client improperly procured and then withheld from us since August.  I
stand by my comment to you that this was intentional on your part - to withhold the evidence until
discovery was virtually over, and prevent us from having the opportunity to review any of this or
meaningfully respond to it.  During the call you numerously told me that you and your client were trying
to be transparent with us by disclosing the declarations.  I disagreed during our call and I disagree now,
as do the rest of us.  As I said during our call, you did the bare minimum under the rules with respect to
the timing of your disclosure, because if you hadn't turned it over at all, then you couldn't use this
"evidence" at trial or in any motions, as it would be excluded under Rule 26 jurisprudence.  The offer
you made to me on our call to avoid the sanctions motion we plan to file , i.e. to depose these
individuals to cure your own unethical conduct, smells like an orchestrated ploy.  It is one that we
cannot agree to.

As I said on our call, you and your client have tainted the well by speaking with clients of ours who were
represented parties in a certified class action.  According to case law we have read, this sort of improper
conduct is highly unethical, and the result that courts have agreed upon as a remedy by our review
seems to be a complete exclusion of that line of evidence from the trier of fact, monetary sanctions, and
even in some instances, a disqualification of counsel (your office) from further representation of the
defendant.  That is what we plan to seek with our motion.  You can respond to it once we file, as the
meet and confer has been satisfied by our 26 minute call yesterday.

I will also say, had you wished to speak with any of our clients or gather evidence from them, the only
proper method of doing so would have been to communicate directly with us, such as by noticing a
deposition, requesting an inspection of documents, or otherwise communicating through proper
channels.  That ship as sailed now with anyone who you or your clients spoke to or attempted to speak
to without our involvement.  You must admit, if a member of our team tried to circumvent the ethical
bar to discussing the case with your client and start talking to your client through alternate channels,
you'd probably ask the court to sanction us for that.  I don't see how this is any different.  Once a class is
certified, you can't talk to the class because they are our clients.

At this stage, if you want to conduct discovery on any class member, you are going to need to follow the
federal rules.  We'll review any discovery requests served on us and respond under the same
rules.  There is one way to avoid the motion - withdraw the declarations, and do not seek discovery from
these three individuals or anyone else who you or your client improperly spoke to after the class was
certified.  If you do not agree to this proposal, which I made yesterday, then we'll proceed with our
motion and you can explain yourself to the Court.

Please let us know if you will agree to the relief outlined herein, or if the motion is necessary.  We plan to file on Wednesday of next week.

Regards,

Adrian R. Bacon, Esq.
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Tel.  (866)598-5042 ext 648
Fax  (866)633-0228
https://nam12.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.com%2Fv3%2F__http%3A%2F%2Fwww.toddflaw.com__%3B!!K7bXOScpug!zaokx8y6ljynVBxyMp0Q16rk3fAWo1yGwzEyrickHz-Z00OTudfEedGwhtK_JDhA9oSjTQ%24&amp;data=02%7C01%7C%7C0522f76c7a214f375e7808d7a2cb6821%7Cfab1bebdb18945a695c7f8d18dd3e607%7C0%7C0%7C637156866834192024&amp;sdata=lmG%2BL6fvj2ldQiNxFYS%2FVKpyKHgbkuig%2FlvfA49v%2B6c%3D&amp;reserved=0
[nam12.safelinks.protection.outlook.com]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

DECLARATION OF ADRIAN R. BACON

On Jan 26, 2020, at 8:59 PM, Adrian Bacon <abacon@toddflaw.com> wrote:

Thanks for the email Jeff.  We will proceed with our motion.  My email was accurate and unfortunately necessary under the circumstances.  I'm disappointed that we couldn't work this one out in light of the clear case law governing similar situations.

Regards,

Adrian

Get Outlook for iOS [aka.ms]

---

**From:** Jeffrey Backman <Jeffrey.Backman@gmlaw.com>
**Sent:** Sunday, January 26, 2020 5:51:13 PM
**To:** Adrian Bacon <abacon@toddflaw.com>
**Cc:** Abbas Kazerounian, Esq. <ak@kazlg.com>; Todd Friedman <tfriedman@toddflaw.com>; Tom Wheeler <twheeler@toddflaw.com>; Matthew M. Loker, Esq. <ml@kazlg.com>; Brian Cummings <Brian.Cummings@gmlaw.com>; Richard Epstein <Richard.Epstein@gmlaw.com>; 38541_0019 _Royal Seas Cruises_ Inc_ _ adv_ McCurley_ 21_1 E_Mail <{F11005533}.Active@gmlaw.imanage.work>
**Subject:** RE: McCurley/Royal 38541.0019 [IWOV-Active.FID11005533]

Adrian, it's unfortunate that you chose to write an email that is factually inaccurate.  We did have what I thought was a nice conversation the other day.  Neither one of us agreed with the other as to who is right or wrong.  Instead I thought we had a productive conversation to find a way to resolve the dispute.  I did not "confirm that my client reached out to and discussed this case with clients of [y]ours to secure these declarations".  That's because it didn't happen.  I also have no idea what you mean by "back channels".  I did tell you that in light of your accusations and contention that you represent, apparently, everyone - though you can't identify anyone - any discussions regarding someone hearing about Royal Seas through diabeteshealth.info prior to that person becoming a customer of Royal Seas, would stop for the moment.  But, as you know, Royal Seas has many customers.  Is your position now that you represent all of them?  Can you provide us with a list of every Royal Seas customer that you claim to represent.  That could help avoid this situation in the future.  Are you taking the position now that Royal Seas cannot communicate with its customers?  I don't think so and didn't get that impression

1

when we spoke, but your statements and positions below are not in line with our phone call.

On our call, I agreed that we would be willing to not use the three declarations we voluntarily disclosed (hardly nefarious) if we could all coordinate dates for these depositions.  On our call, you actually thought this was a good way to resolve your concerns.  But now you say no way to the three declarants being deposed and also object in totality to any "class member" from being deposed.  That's concerning considering the testimony provided by these three declarants.  Even if you think we did something wrong (we didn't), isn't the truth important?  I also told you that neither my law firm nor my client did anything wrong.  Your accusations are not based on fact.  You also never said a word to me about asking to have my firm disqualified as counsel.

We've asked you for deposition dates and even sent you notices of deposition.  You've not provided dates.

I'd also note that while our call lasted about 20 minutes or so, the majority of that discussion was you asking me to get my client to consider a private mediation and find a way to settle this case.  To suggest that we spoke for 26 minutes about the issue regarding the Declarations is not accurate.  You even made the point to suggest that this issue you've raised of purported improper conduct was something that we should consider in settlement since it's "looming over our head".

We don't agree to be disqualified as counsel.  The proper way to resolve this is to take the depositions.

Separately, we'd like to confer with you on conducting discovery on class members so that the consent issues can be properly developed and considered by the court.  And, in light of the fact that SCOTUS has taken up the Petition relating to the constitutionality of the TCPA, we'd like to discuss the possibility of a motion to stay pending the resolution of that Petition.  Please let me know times you're available on Monday and Tuesday so these issues don't get delayed.

Sincerely,

Jeffrey A. Backman, Esq.
Partner
200 East Broward Boulevard
Suite 1800
Fort Lauderdale, FL  33301
Toll Free - (888)491-1120
Direct Fax - (954)213-0140
Direct Dial - (954)734-1853
Email:   jeffrey.backman@gmlaw.com
https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.gmlaw.com&amp;data=02%7C01%7C%7C0522f76c7a214f375e7808d7a2cb6821%7Cfab1bebdb18945a695c7f8d18dd3e607%7C0%7C0%7C637156866834182023&amp;sdata=XCkEkuY1dsGjX%2FnOO652BQ0XSZcWWnke4eg8esgKlLE%3D&amp;reserved=0 [nam12.safelinks.protection.outlook.com]