UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCURLEY, DAN DEFOREST, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ROYAL SEA CRUISES, INC,<br><br>　　　　　　　　　　Defendant. | Case No. 17-cv-00986-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO DECERTIFY IN PART [ECF No. 132];**<br><br>**AND**<br><br>**(2) DENYING DEFENDANT'S MOTION TO DECERTIFY [ECF No. 143]** |

　　　In a lengthy and detailed opinion, the Court previously certified both a primary class, as well as a narrowed subclass. (ECF No. 87.) Plaintiffs now move to decertify the primary class and proceed solely on the subclass. (Plfs.' Mot. to Decertify in Part and Am. Order Re: Class Notice as to the Subclass ("Plf.'s Mot to Decertify"), ECF No. 132.) Defendant opposes (ECF No. 152), and Plaintiffs reply (ECF No. 162.) Defendant moves to decertify the subclass as well. (Def.'s Mot. to Decertify, ECF No. 143.) Plaintiffs respond (ECF No. 171), and Defendant replies. (ECF No. 172.)

　　　The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Plaintiffs' Motion (ECF No. 132) and **DENIES** Defendant's Motion. (ECF No. 143.)

## I. BACKGROUND

The Court previously certified a class of:

> All persons within the United States who received a telephone call (1) from Prospects, DM, Inc. on behalf of Royal Seas Cruises, Inc. (2) on said Class Member's cellular telephone (3) made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (4) between November 2016 and December 2017, (5) where such calls were placed for the purpose of marketing, (6) to non-customers of Royal Seas Cruises, Inc. at the time of the calls, and (7) whose cellular telephone number is associated in Prospects, DM's records with either diabeteshealth.info or www.yourautohealthlifeinsurance.com.

(ECF No. 87.) The Court further certified a Transfer Subclass of "[a]ll members of the Class whose call resulted in a Transfer to Royal Seas Cruises, Inc." (*Id.*)

## II. MOTION TO DECERTIFY SUBCLASS

Plaintiffs now move to decertify the class in part, leaving only the Transfer Subclass. (ECF No. 132.) Plaintiffs indicate that "neither Defendant's, nor Prospects DM's records will permit Plaintiffs to identify which of the numbers called by Prospects DM . . . were called under the Royal Seas Cruises contract." (Plfs.' Mot. to Decertify at 4–5.) This problem does not apply to the Transfer Subclass, because the individuals in the subclass were actually transferred to Defendant.

Although Defendant filed an opposition (ECF No. 152), it does not object to Plaintiffs' request to the extent Plaintiffs seek decertification of the larger class. Instead, Defendant simply argues that the subclass should be decertified as well. Since that issue will be discussed below and since Defendant does not object to the Plaintiffs' decertification request, the Court **GRANTS** Plaintiffs' request for decertification and will allow Plaintiffs to proceed solely on the Transfer Subclass.

## III. MOTION TO DECERTIFY ENTIRE CLASS

Defendant argues—for a variety of reasons already addressed in the Court's initial Order granting class certification—that the subclass should also be decertified. (ECF No. 143.)

A district court has broad discretion to revisit class certification throughout the legal proceedings before the court. *Armstrong v. Davis,* 275 F.3d 849, 872 n. 28 (9th Cir. 2001) (abrogated on other grounds by *Johnson v. Calif.,* 543 U.S. 499 (2005). For instance, a court may alter or amend an order granting class certification before final judgment. Fed. R. Civ. P. 23(c)(1)(C). A district court may also decertify a class at any time. *Rodriguez v. West Publishing Co.,* 563 F.3d 948, 966 (9th Cir. 2009) (citing *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160 (1982)).

That said, a Motion for Reconsideration merely rehashing arguments already considered and rejected by the Court is a waste of judicial resources. That largely appears to be what Defendant is doing in its instant Motion to Decertify. Notably, the only new evidence presented by Defendant in the Motion for Reconsideration are the declarations already rejected by the Court in its Order granting sanctions against the Defendant. (*See* ECF No. 190.)

As the Court pointed out in its original order, merits arguments are largely inappropriate at the class certification stage. As the parties have filed motions for summary judgment currently pending before the Court, the Court assumes it will address many of these merits arguments when it reaches those motions. Whether Prospects DM made telephone calls with an automatic telephone dialing system or whether there was blanket consent for the calls are issues capable of class resolution. Therefore, for the reasons previously stated by the Court in its Order Certifying the Class in part (ECF No. 87), Defendant's Motion to Decertify (ECF No. 143) is **DENIED**.

## IV. CONCLUSION AND ORDER

Plaintiff's Motion to Decertify in part (ECF No. 132) is **GRANTED**. Defendant's Motion to Decertify (ECF No. 143) is **DENIED**. The Subclass of:

> All persons within the United States who received a telephone call (1) from Prospects, DM, Inc. on behalf of Royal Seas Cruises, Inc. (2) on said Class Member's cellular telephone (3) made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (4) between November 2016 and December 2017, (5) where such calls were placed for the purpose of marketing, (6) to non-customers of Royal Seas Cruises, Inc. at the time of the calls, (7) whose cellular telephone number is associated in

Prospects, DM's records with either diabeteshealth.info or www.yourautohealthlifeinsurance.com, and (8) whose call resulted in a Transfer to Royal Seas Cruises, Inc.

remains certified as a class. Any other class is decertified.

**IT IS SO ORDERED.**

**DATED: August 10, 2020**

Hon. Cynthia Bashant
United States District Judge