**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard Street, Suite 780
Woodland Hills, CA 90212
Telephone:   (877) 206-4741
Facsimile:   (866) 633-0228

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN MCCURLEY AND DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br>v.<br><br>**ROYAL SEAS CRUISES, INC.,**<br><br>Defendant. | **Case No.:** 17-cv-986 BAS (AGS)<br><br>**PETITION FOR ATTORNEYS' FEES AND COSTS IN RESPONSE TO COURT ORDER AWARDING MONETARY SANCTIONS**<br><br>**HON. CYNTHIA A BASHANT** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PETITION FOR ATTORNEYS' FEES AND COSTS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs move the Court for an award of attorneys' fees and costs in response to the Court's Order granting Plaintiffs Motion for Sanctions.  Dkt. No. 190.  Pursuant to the Court's Order, Defendant's and its counsels' conduct with respect to contacting and obtaining evidence from represented absent class members ex parte was coercive and in bad faith, as well as "an attempt to obfuscate the truth."  The Court permitted Class Counsel to file this application for fees and costs "to reimburse Plaintiffs for the costs of bringing this Motion, as well as the costs of investigating the contact made by defense counsel."

Plaintiffs have incurred $73,509.50 in reasonable fees and $3,764.01 in reasonable costs in investigating the improper contact, and in researching, drafting, and arguing the Sanctions Motion, as well as in drafting the Fee Petition.  Notably, the time being requested does not constitute all time spent by Class Counsel on such tasks and has already been reduced to remove duplication by multiple attorneys.  This petition also does not include any of the time spent on related tasks such as the opposition to Defendant's Motion for Decertification, which was premised almost entirely on the same unethically-obtained evidence, and the Court likewise denied and found to be "a waste of judicial resources."  Dkt. No. 191.[1]

The time spent on the tasks was reasonable and necessary.  Class Counsel owe a fiduciary duty to absent Class Members, who as the Court held, are clients of the two firms appointed Class Counsel in this action.  The conduct of Defendant and its counsel was egregiously deceptive and demanded investigation and a response, and the amount of time spent on the tasks was reasonable.  Not all of the time that was actually spent by Class Counsel on related tasks is being requested by this Petition.

---

[1] Plaintiffs reserve the right to separately seek sanctions under 28 U.S. Code § 1927.

Moreover, the hourly rates sought by Class Counsel have been approved by federal courts in California, including in the Southern District.  The hours sought are substantiated by detailed time records and declarations filed contemporaneously herewith.  Under the lodestar method, the fee petition strikes a reasonable and fair balance and should be granted.[2]

## I.    STATEMENT OF FACTS

The Court is already aware of the history leading up to the filing of this Petition, and the Order (Dkt. No. 190) sets forth the relevant facts relating to an entitlement to fees.  A few additional points are worth mentioning, specifically with respect only to the hours expended and the rates requested.

### A. Summary of Fees Incurred

Class Counsel were duty-bound to investigate the conduct of Defendant and its counsel after it was brought to light.  These hours were reasonable and necessary and include but are not limited to the following general categories of tasks:

- Reviewing the Initial Disclosures at issue and discussing an appropriate response and strategy amongst Class Counsel;
- Drafting discovery, i.e. a deposition notice and document request;
- Emails and phone calls with counsel for Defendant relating to the conduct, including meet and confer emails and calls, and attempts to avoid motion practice;
- Legal research relating to the conduct at issue;
- Preparation for, travel to, and attendance of a deposition of Defendant's Rule 30(b)(6) witness on the relevant factual background;
- A review of the evidence and roundtable discussion between Class Counsel as to the appropriate steps
- Drafting the initial Motion for Sanctions, and an Amended Motion after the disclosure of additional relevant evidence;

---

[2] In the event Defendant decided to oppose the Petition, Plaintiffs reserve the right to seek additional fees for any time spent reviewing the opposition and filing a Reply brief, and will substantiate such hours in their Reply with a supplemental declaration.

- Further discussions with counsel for Defendant and their outside ethics counsel to meet and confer on proposed solutions to avoid further motion practice;
- A review of the responsive opposition brief and discussion amongst Class Counsel as to a response;
- An investigation factually into the substance of the improperly obtained declarations;
- The drafting of a Reply brief in support of the Motion
- Preparation for and attendance of the hearing on the Motion for Sanctions;
- A review and discussion between Class Counsel regarding the Court's Order (Dkt. No. 190);
- The preparation of this Motion and the supporting declarations

Declaration of Adrian R. Bacon ("Bacon Decl.") at ¶ 17 and Ex A; Declaration of Abbas Kazerounian ("Kazerounian Decl.") Ex 1. This list represents a very broad overview of the history of the major projects which discretely relate to the conduct at issue. Each task was necessary in order to protect Class members from an improper attempt to decertify or otherwise undermine the rights of Class Members.

Class Counsel spent a total of 126.2 hours directly on matters relating to the investigation of the unethical contact with represented Class Members by Defendant and its counsel, with a total lodestar of $73,509.50. Bacon Decl. ¶¶ 27-28; Ex A; Kazerounian Decl. Ex 1. Class Counsel likewise incurred $3,764.01 in costs associated directly with the investigation into Defendant and its counsels' conduct. Bacon Decl. ¶¶ 19-20. Class Counsel are requesting 90% of their already-reduced fees and 100% of their costs as a sanction. Bacon Decl. ¶ 28.

## II. **LEGAL ARGUMENT**

### a. Legal Standard

The Court correctly laid out the standards with respect to its authority to award monetary sanctions against Defendant and its counsel for their joint conduct:

> District judges have "an 'arsenal of sanctions they can impose for unethical behavior.'" *Terrebonne, Ltd. Of Calif. v. Murray*, 1 F. Supp.

2d 1050, 1054 (E.D. Cal. 1998) (quoting *Erickson v. Newmar Corp*., 87 F.3d 298, 303 (9th Cir. 1996)). "These sanctions include monetary sanctions, contempt and disqualification of counsel." Id. "While the district court should issue sanctions under a rule or statute if possible . . . it is not so limited and has discretion to rely on its inherent powers to sanction attorney misconduct." Id. at 1056 (citations omitted). "Sanctions imposed under the court's inherent power requires a specific finding of bad faith." Id. (citations omitted).

"[T]he primary purpose of sanctions . . . is to deter subsequent abuses." *Matter of Yagman*, 796 F.2d 1165, 1183 (9th Cir. 1986). "It is crucial . . . that a sanctions award be quantifiable with some precision and properly itemized in terms of the perceived misconduct and the sanctioning authority." Id. at 1184. "When the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees. Recovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action." *Id*. at 1184-85. "The measure to be used is not actual expenses and fees but those the court determines to be reasonable." Id. (quotation omitted).

In the Ninth Circuit, the reasonableness of a fee request is judged under the Lodestar method. The Lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *In re Consumer Privacy Cases*, 175 Cal.App. 4th 545, 556–57 (2009). In determining a reasonable rate, the court is to consider the "experience, skill and reputation of the attorney requesting fees." *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996). The court also considers "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The court may then enhance the lodestar by applying a multiplier to take into account the contingent nature and risk associated with the action, as well as other factors such as the degree of skill required and the result achieved for the class. *Serrano v. Priest,* 20 Cal.3d 25, 49 (1977). Class counsel is entitled to "recover as part of the award of attorney's fees those out-of-pocket

expenses that would normally be charged to a fee-paying client."  *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).  "In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law." Fed. R. Civ. P. 23(h).

### b.  The Requested Fee is Reasonable, Fair and Justified as a Sanction Under the Lodestar Method

The first step in the lodestar-multiplier approach is to multiply the number of hours counsel reasonably expended by a reasonable hourly rate.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 2011).  Once this raw lodestar figure is determined, the Court may then adjust that figure based upon its consideration of many of the same "enhancement" factors considered in the percentage-of-the-fund analysis, such as: (1) the results obtained; (2) whether fee is fixed or contingent; (3) the complexity of the issues involved; (4) the preclusion of the other employment due to acceptance of the case; and, (5) the experience, reputation, and ability of the attorneys.  *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Class Counsel are requesting only the reasonable Lodestar, to be paid at hourly rates that have been approved by courts, as to *only some* of their hours that were reasonably and necessarily incurred in litigating the rights of the Class, and for costs that were necessary, with respect to the discrete issues subject to the Court's Order.  See Dkt. No. 190.  The amount of the requested sanction is justified by the actual Lodestar of counsel and is also an appropriate and relatively lenient sanction for the gravity of the conduct at issue.

### i.  Class Counsels' Lodestar is Reasonable

The accompanying declaration of Class Counsel set forth the hours of work and billing rates used to calculate their lodestar. Plaintiff's attorneys' work is summarized as follows:

| NAME | HRS. | RATE | TOTAL |
|------|------|------|-------|
| Todd M. Friedman – Managing Partner | 5.9 | $725 | $4,277.50 |
| Adrian R. Bacon – Partner | 42.5 | $625 | $26,562.50 |
| Thomas E. Wheeler - Associate | 44.1 | $425 | $18,724.50 |
| Abbas Kazerounian – Managing Partner | 33.7 | $710 | $23,927 |
| **TOTAL LODESTAR** | 126.2 | | $73,509.50 |

Bacon Decl. ¶¶ 16-28, Ex A; Kazerounian Decl. Ex 1.   As described in the accompanying declarations, Class Counsel have devoted a total of 126.2 hours (after reasonable reduction) to investigating and defending the issues raised in the Motion for Sanctions and have a reduced Lodestar of $73,509.50.[3]

There can be no dispute that the amount of time spent on tasks was reasonable. Likewise, there can be no dispute that the attached time entries are sufficiently detailed to allow the Court to assess their reasonableness or applicability to the discrete events at issue.   Given the fact that the conduct at issue in this Petition related to unethical conduct with represented absent Class Members in a manner that potentially could have resulted in a decertification of a certified class action, it was appropriate for the partners to be heavily involved in this investigation.   Thus, Class Counsel's lodestar is reasonable.   Bacon Decl., ¶ 16-28.

### ii. Class Counsels' Hourly Rates are Reasonable

Similarly, Class Counsels' hourly rates are also reasonable.   In assessing the reasonableness of an attorney's hourly rate, courts consider whether the claimed rate

---

[3] Class Counsel acknowledge that this figure is significantly larger than was described in the opening brief.   However, that is because the Court's Order permitted for additional tasks to be subject to a sanctions petition than were originally described in the Motion, namely, time spent investigating the conduct, time spent reviewing the Opposition and drafting the Reply, time spent preparing for the hearing, time spent by Kazerouni Law Group, and time spent on this Petition.   This is described by the detailed time records submitted herewith.

is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stevenson*, 465 U.S. 886, 895, n.11 (1994). *See also Davis v. City and County of San Francisco*, 976 F.3d 1536, 1546 (9th Cir. 1992); *Serrano v. Unruh*, 32 Cal. 3d 621, 643 (1982). Class Counsel here are experienced, highly regarded members of the bar with extensive expertise in the area of class actions and complex litigation involving consumer claims like those at issue here. *See* Bacon Decl., ¶¶ 5-15, 21-26, and Ex B; Kazerounian Decl. ¶¶ 11-55.

According to the well-respected Laffey Matrix, last reviewed on August 14, 2020, reasonable rates for a Partner of a law firm practicing 11-19 years (such as Mr. Friedman and Mr. Kazerounian) are calculated at $747 per hour. Bacon Decl. Ex. B. Mr. Friedman has dedicated his career to consumer protection litigation, including class action litigation under various consumer protection statutes. He has secured eight figure class-wide settlements on behalf of millions of consumers nationwide. Thus, the billing rates for Mr. Friedman of $725 and Mr. Kazerounian of $710 per hour are well within the normal range of fees charged by firms in Southern California for partner work.[4] Moreover, the rates have been approved in cases litigated in the Southern District of California, as well as by numerous other courts. Bacon Decl. ¶¶ 21-26 and Ex B; Kazerounian Decl. ¶¶ 12-15

Additionally, Adrian R Bacon, has significant experience in litigating consumer class actions, including false advertising class actions, which justifies his hourly rate of $625. Bacon Decl. ¶¶ 5-26; Ex B. Mr. Bacon is a Partner at The Law

---

[4] See *Hartless v. Clorox Co*., 273 F.R.D. 630, 643-44 (S.D. Cal. 2011), aff'd in part, 473 F. Appx. 716 (9th Cir. 2012) (approving hourly rates of $675-795 for partners, up to $410 for associates, and up to $345 for paralegals); *see also POM Wonderful, LLC v. Purely Juice, Inc.*, 2008 WL 4351842 at *4 (C.D. Cal 2008) (finding partner rates of $750 to $475 and associate rates of $425 to $275 reasonable).

1   Offices of Todd M. Friedman, P.C.  He has recently been approved in numerous
2   class action fee motions wherein Mr. Bacon requested an hourly rate of $650 per
3   hour, and numerous others within the last two years where he was approved at $625
4   per hour, including in the Southern District.  *Id*.  Along with Todd Friedman, Mr.
5   Bacon is the primary managing attorney who oversees litigation efforts in the
6   majority of class action litigation at The Law Offices of Todd Friedman.  Such
7   efforts included recently drafting of class certification motions in six consumer class
8   actions (including this case) which were certified by contested motion under Rule
9   23.  According to the same Laffey Matrix, reasonable rates for a partner with nine
10  years' experience associate are calculated at $661 per hour.  Bacon Decl. Ex B. Thus,
11  the billing rate for Adrian R. Bacon is well within the normal range of fees charged
12  by firms in Southern California.

13          Thomas E. Wheeler is a fourth-year associate, who has extensive experience
14  working on consumer protection class actions in his time practicing.  Bacon Decl.
15  ¶¶ 26.  He assisted Mr. Friedman and Mr. Bacon throughout the recently certified
16  class actions of *Caldera v. American Medical Collection Agency*, 2017 WL 2812898
17  Case No. 2:16-cv-0381-CBM-AJWx (C.D. Cal.  June 27, 2017) and *Makaron v.*
18  *Enagic USA, Inc*., 324 F.R.D. 228 (C.D. Cal. March 13, 2010), as well as serving as
19  a critical role in this action.  According to the same *Laffey* Matrix, reasonable rates
20  for a fourth-year associate are calculated at $458 per hour.  Bacon Decl. Ex B.  Thus,
21  the billing rate for Thomas E. Wheeler of $425 per hour is well within the normal
22  range of fees charged by firms in Southern California.

23          Mr. Kazerounian of Kazerouni Law Group is the firm's managing partner,
24  and a highly decorated consumer protection class action advocate licensed since
25  2007.  He has been appointed class counsel in some of the largest class action
26  settlements involving the TCPA in the history of the statute.  He has argued
27  numerously before the Ninth Circuit, worked as an adjunct professor of consumer

28

law, and has been approved by courts at rates comparable to his requested $710 per hour.  Counsels' hourly rates are reasonable and support the requested fees.

### c.  The Requested Costs Are Fair And Reasonable

The litigation expenses Class Counsel incurred in relationship to this Motion were necessary to secure the result achieved.  *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in class action litigation).  Based upon the discussion herein, Class Counsel believe that the costs incurred are fair and reasonable.

The costs incurred in relation to the Motion for Sanctions stem from travel required to fly from California (where the case is pending) to Florida (where Defendant's 30(b)(6) witness was located) in order to conduct a deposition, as well as the costs associated with hiring a court reporter and obtaining a transcript. Counsel also incurred $1,212.50 in expert expenses directly associated with investigations into the call and consent data for the affiants.  There can be no question that these costs were necessary and reasonably incurred.  Such costs total $3,764.01.  *See* Bacon Decl., ¶¶ 19-20.  These costs were necessary to protect the Class from unethical conduct and Class Counsel put forward said costs without assurance that Class Counsel would ever be repaid.  Such costs represent a reasonable and justifiable component of the sanction.

///

///

///

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Class Counsel respectfully request that the Court grant sanctions in the amount of $69,922.56, comprised of $66,158.55 in fees plus costs of $3,764.01.

Dated**:** August 14th, 2020                **Law Offices of Todd M. Friedman, P.C.**

By:_/s/ Adrian R. Bacon_____
                            Todd M. Friedman, Esq.
                            Adrian R. Bacon, Esq.
                            Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

Filed electronically on this 14th day of August, 2020, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable Cynthia A Bashant
United States District Court
Southern District of California

And All Counsel of Record As Recorded On The Electronic Service List.

This 14th day of August, 2020,

s/Adrian R. Bacon, Esq.
Adrian R. Bacon