**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
21550 Oxnard Street, Suite 780
Woodland Hills, CA 90212
Telephone:   (877) 206-4741
Facsimile:   (866) 633-0228

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCURLEY AND DAN DEFOREST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br>v.<br><br>**ROYAL SEAS CRUISES, INC.,**<br><br>Defendant. | **Case No.:** 17-cv-986 BAS (AGS)<br><br>**DECLARATION OF ADRIAN R. BACON IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND COSTS IN RESPONSE TO COURT ORDER AWARDING MONETARY SANCTIONS**<br><br>**HON. CYNTHIA A BASHANT** |

# DECLARATION OF ADRIAN R. BACON

**I, ADRIAN R. BACON declare:**

1.     I am an attorney in good standing duly admitted to the State Bar of California and an attorney of record for Plaintiffs Dan Deforest and John McCurley ("Plaintiffs") in this action against Royal Seas Cruises, Inc. ("Defendant"). I am a Partner at The Law Offices of Todd M. Friedman, and one of the counsel for Plaintiffs and the Class in this action.

2.     I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

3.     I am writing this declaration in support of Plaintiffs' Petition for Fees and Costs Pursuant to the Court's Order at Dkt. No. 190.

4.     As I stated in my Declaration in support of the Reply regarding Plaintiffs' Motion for Sanctions, my original declaration did not account for all of the time spent investigating and working on the briefs relating to those topics that are raised in the Court's Order at Dkt. No. 190.  As such, this declaration will set forth our firm's time records, justification for our hourly rates, as well as lay out all of our costs.   Notably, the hours spent on the tasks set forth in my prior declaration were accurate reflections of the time spent on the discrete tasks described therein.

## EXPERIENCE OF THE LAW OFFICES OF TODD M. FRIEDMAN

5.     I am a Partner at The Law Offices of Todd M. Friedman, P.C. and the lead litigation attorney at the firm.   I have practiced almost exclusively as a plaintiffs' class action attorney for the duration of my career as a litigator, which

has included both wage and hour and consumer class actions.  I oversee all the firm's class actions and act in either a lead or co-lead role in nearly all of them.

6.     I have been licensed to practice since 2011 and have worked as a plaintiffs' side class action litigation attorney for the duration of my career.  Prior to getting my law license, I worked for the Federal Trade Commission, and was involved in several "sweeps" including one dubbed Operation Shortchange, where we shut down a series of scammers who were taking advantage of consumers during the financial downturn and achieved a multi-nine figure judgment against them which made headlines.  I also worked on and participated in a federal raid, referred to as an "Immediate Access" and thereafter a receivership against a scam boiler room posing as part of the Obamacare plan by selling fake medical discount cards to vulnerable sick people during the last economic downturn.  The company was bilking people out of their last savings by selling them substitutes for medical insurance through bogus discount cards that were not recognized or accepted anywhere that they were advertised.  I was part of the team that shut down their operations in Tempe Arizona along with a team of agents and federal marshals.

7.     Once I was licensed to practice, I began by working at Strange & Carpenter as an associate on consumer protection class actions, including heading up the document production team on the Toyota Unintended Acceleration Litigation.  While I was there, I drafted and worked on several published opinions, including a Ninth Circuit decision *Corvello v. Wells Fargo* and the now heavily-cited opinion *Nguyen v. Barnes & Noble* denying a motion to compel arbitration, which was upheld by the Ninth Circuit.

8.     I left the firm and went to work at Marlin & Saltzman in their Orange County office under Louis M. Marlin, a highly decorated retired class action attorney, and now respected mediator.  Marlin & Saltzman is a class action litigation

firm that specializes in wage and hour class actions.  I worked there for two years and was appointed class counsel on several wage and hour class actions.  I was instrumental in favorably settling one such class action against Ikea for more than twice what the company came to mediation willing to pay, which is cited below.

9.     In 2014 I lateralled over to my current firm, where I have served as the head of litigation at my office for nearly six years.  I was made a partner in 2018 after having certified and settled numerous class actions for clients of our firm and helped revamp our litigation department.  Almost every single one of the class actions that our firm has settled, certified or otherwise litigated in earnest on behalf of our clients out of our California office have been cases that I have overseen. Since 2014, my firm's resume is effectively my resume.

10.     Since my arrival at the Law Offices of Todd M. Friedman, P.C., we have diversified our class action litigation department between TCPA claims, FDCPA claims, invasion of privacy claims, false advertising/unfair competition claims, and wage and hour claims. We also litigate individual employment, unfair debt collection, and lemon law cases.  I estimate that 25% of our case load is comprised of employment cases, with the majority of those claims involving either wage and hour class and/or PAGA claims.   Approximately one third of our practice involves claims under the Telephone Consumer Protection Act.

11.     The Law Offices of Todd M. Friedman has served as plaintiff's counsel in at least the following class actions where a settlement was reached on a class-wide basis and has achieved over $200,000,000 in class-wide relief for consumers and employees.

    a.     *Dancer v. L.A. Times,* Case No. BC472154 (Los Angeles County Superior Court) (common fund class-wide settlement of $3 million to $4 million granted final approval);

b. *Couser v. Comenity Bank*, Case No. 3:12-cv-02484-MMA-BGS (S.D. Cal.) ($8.475 million class-wide settlement achieved and granted final approval);

c. *Stemple v. QC Financial Services Group of California, Inc.*, Case No. 3:12-cv-01997-CAB-WVG (S.D. Cal.) (certified class achieved by motion, and subsequent class-wide settlement of $1.5 million achieved, with final approval granted);

d. *Couser v. Apria Healthcare, Inc.,* Case No. 8:13-cv-00035-JVS-RNB (C.D. Cal.) (common fund class-wide settlement of $400,000 to $750,000, granted final approval);

e. *Abdeljalil v. General Electric Capital Corporation,* Case No. 12-CV-02078-IEG-RBB (S.D. Cal.) (class-wide settlement with common fund of $6.125 million achieved, preliminary approval granted, final approval granted);

f. *Fox v. Asset Acceptance,* Case No. 3:13-CV-00922-DMS-BGS (S.D. Cal.) (common fund of $1 million in class-wide relief achieved, granted final approval);

g. *Friedman v. LAC Basketball Club, Inc.,* Case No. 2:13-cv-00818-CBM-AN (C.D. Cal.) (class-wide settlement achieved and granted final approval);

h. *Gerich et al. v. Chase Bank USA et al.,* Case No 1:12-cv-5510 (N.D. Ill.) (class-wide settlement of $34 million, granted final approval);

i. *Than Zaw v. Nelnet Business Solutions Inc., et al.,* Case No. 3:13-cv-05788 (N.D. Cal.) (Penal Code § 632 class – achieved class-wide settlement of $1,188,110, granted final approval of court);

j. *Medeiros, et al. v. HSBC Card Services Inc., et al.,* Case No. 2:15-cv-

09093-JVS-AFM (C.D. Cal.) (common fund settlement of between $4.5 million and $6.5 million achieved, final approval granted);

k. *Ann Fox v. Spectrum Club Holding Company et al.,* Case No. 2:14-CV-06766-PSG-FFMx (class-wide settlement, final approval granted);

l. *Sayan Aboudi v. T-Mobile USA, Inc.*, Case No. 3:12-cv-02169-BTM-NLS (class-wide settlement in TCPA case, with common fund of $2.5 million to $5 million);

m. *Andrew Roseman v. BGASC, LLC, et al.,* Case No. EDCV 15-1100-VAP (SPx) (C.D. Cal.) (class-wide relief achieved, final approval granted);

n. *Everado Gonzalez v. The Scotts Company,* Case No. BC577875, Consolidated with Case No: BC570350 (Los Angeles County Superior Court) (class-wide settlement of $925,000 in wage and hour class action on behalf of approximately 603 employees achieved, final approval granted);

o. *Payton v. Luxe Valet,* Case No. BC588462 (Los Angeles County Superior Court) (class-wide settlement in wage and hour independent contractor misclassification class action, on behalf of 1,800 employees, settled for $2.4 million, final approval granted);

p. *Shelby v. Two Jinn, Inc.,* Case No. 2:15-cv-03794-AB-GJS (C.D. Cal.) (EFTA class action involving no cognizable actual damages, with net worth of company of $25 million, settled for non-reversionary common fund of $457,000, despite liability under 15 U.S. Code § 1693m(a) likely being only $250,000; final approval granted, zero objections);

q.  *Couser v. Dish One Satellite,* Case No. 5:15-cv-02218-CBM-DTB (C.D. Cal.) (TCPA class action, final approval granted);

r.  *Couser v. Dish One Satellite,* Case No. RIC 1603185 (Riverside S.C.) (Penal Code 632 class action, final approval granted);

s.  *De La Paz v. Accurate Courier NCA LLC,* Case No. 16CV00555 (Santa Cruz County Superior Court) (PAGA and Labor Code class action, final approval granted);

t.  *Ross v. Zurixx LLC,* Case No. 34-2016-00190874 (Sacramento County Superior Court) (UCL, FAL and CLRA class action alleging false advertising for real estate educational courses, non-reversionary common fund settlement for over $600 per class member, final approval granted);

u.  *Eubank v. Terminix International, Inc., et al.,* Case No. 3:15-cv-00145-WQH-JMA (S.D. Cal.) (PAGA settlement reached in wage and hour action on behalf of pest control technicians, final approval granted);

v.  *Holland v. Tenet Healthcare Corporation,* Case No. 15CVP0226 (San Luis Obispo County Superior Court) (PAGA settlement reached in wage and hour action on behalf of nurses, final approval granted);

w.  *Jonathan Weisberg v. HD Supply, Inc.,* Case No. 15-cv-08248-FMO (MRWx) (C.D. Cal.) (class-wide settlement in TCPA class action, settled for $1.225 million, final approval granted);

x.  *Miler v. Pacific Auto Wash Partners,* Case No. 30-2015-00813013-CU-OE-CXC (wage and hour class action, final approval granted);

y.  *Sonia Barrientos v. Law Office of Jeffrey H. Jordan,* Case No. 2:15-cv-06282-JAK-GJS (C.D. Cal.) (FDCPA/RFDCPA letter class action,

settled on class wide basis, final approval granted);

z.   *Tahmasian v. Midway Rent A Car,* Case No. 30-2015-00813013-CU-OE-CXC (Los Angeles County Superior Court) (PAGA and Labor Code class action, final approval granted);

aa.  *Craig Cunningham v. Lexington Law Firm,* Case No. 1:17-cv-00087-EJF (N.D. UT) (TCPA class action MDL involving solicitation prerecorded voice calls made by a third party, vicarious liability alleged, final approval granted);

bb.  *Sheena Raffin v. Medicredit, Inc., et al.,* Case No. 2:15-cv-04912-MWF-PJW (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by Hon. George H. King Ret under Rule 23(b)(2) and (b)(3) by contested motion on behalf of 11,000 class members whose calls were recorded without knowledge or consent, settled for $5 million, final approval granted);

cc.  *Fernandez v. Reliance Home Services, Inc.,* Case No. BC607572 (Los Angeles County Superior Court) (wage and hour plus PAGA class action, final approval granted);

dd.  *Anne Wolf v. Hewlett Packard Company,* Case No. 5:15-cv-01221-TJH-GJS (C.D. Cal.) (CLRA class action certified by contested motion on behalf of tens of thousands of class members who purchased printer that was falsely advertised to include Smart Install feature, settled on a wider multi-state, multi-product basis, final approval granted);

ee.  *Jaylinda Girardot, et al. v. Bail Hotline Bail Bonds, Inc.,* Case No. BC700131 (Los Angeles County Superior Court) (wage and hour plus PAGA class action, final approval granted);

ff.  *Ryoo Dental, Inc. v. OCO Biomedical, Inc.,* Case No. 8:16-cv-01626-

DOC-KES (C.D. Cal.) (TCPA fax blast class action, settled on class wide basis, final approval granted);

gg. *Wondra Curtis v. The Anthem Companies, Inc.,* Case No. 8:16-cv-01654-DOC-JCG (C.D. Cal.) (wage and hour class action for off the clock work, settled on class wide basis, final approval granted);

hh. *Weinberg v. Clarient, Inc.,* Case No. 56-2017-00494914-CU-NP-VTA (Ventura County Superior Court) (Rosenthal Fair Debt Collection Practices Act class action settled on behalf of 1,830 class members for privacy infringements through clear envelope debt collection letters, final approval granted);

ii. *Aliav v. Sunset Eats, LLC,* Case No. BC655401 (Los Angeles County Superior Court) (false advertising class action on behalf of approximately 10,000 class members, settled on class wide basis; final approval granted);

jj. *Alfred Zaklit, et al. v. Nationstar Mortgage LLC,* Case No. 5:15-cv-02190-CAS-KK (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by contested motion under Rule 23(b)(2) and (b)(3) on behalf of over 40,000 class members whose calls were recorded without knowledge or consent, final approval granted);

kk. *Mark Silva v. Olson and Co. Steel,* Case No. 17CV001045 (Contra Costa County Superior Court) (wage and hour class action settled on behalf of 563 class members, final approval granted);

ll. *Cohen v. Coca-Cola Refreshments, USA, Inc.,* Case No. 2:19-cv-04083-JAK (PLAx) (C.D. Cal.) (wage and hour class action settlement on behalf of trucking employees, preliminary approval pending);

mm. *Manopla v. Home Depot USA, Inc.,* Case No. 15-1120 (D. N.J.) (TCPA

class action, final approval granted);

nn.   *Bonilla, et al. v. Windsor Fashion, LLC,* Case No. CIVDS1723088 (wage and hour class action settled on behalf of over 5,000 employees, preliminary approval granted);

oo.   *Cawthorne v. Rush Truck Centers of California, Inc.,* Case No. 5:17-cv-1541-JGB-SP (C.D. Cal.) (wage and hour class action on behalf of 560 employees, final approval granted);

pp.   *Lizama v. Medical Data Systems, Inc.,* Case No. 34-2017-00210986-CU-NP-GDS (Sacramento County Superior Court) (Penal Code 632.7 class action alleging illegal call recording, settled for $2.2 million on behalf of over 30,000 consumers, final approval granted);

qq.   *Romano v. SCI Direct, Inc., et al.,* Case No. 2:17-cv-03537-ODW-JEM (C.D. Cal.) (wage and hour class action for independent contractor misclassification, settled for $2.5 million on behalf of 230 employees, final approval granted);

rr.   *Edward Makaron v. Enagic USA, Inc.,* Case No. 2:15-cv-05145-DDP-E (C.D. Cal.) (TCPA class action certified on behalf of approximately 2,000,000 class members under Rule 23(b)(2) and 23(b)(3), subsequently settled on a Rule 23(b)(2) and 23(b)(3) basis, final approval granted);

ss.   *Audrey Hernandez v. Pegasus Building Services, Inc.,* Case No. 37-2018-00023176-CU-OE-CTL (San Diego County Superior Court) (consolidated wage and hour and PAGA class action on behalf of janitorial workers, final approval granted);

tt.   *Walsh v. Fry's Electronics, Inc.,* Case No. MSC18-01681 (Contra Costa County Superior Court) (Gift Card Act, CLRA, UCL, FAL class

action settled for class-wide public injunctive relief, preliminary approval pending);

uu.  *In RE HP Firmware Update Litigation,* Case No. 5:16-cv-05820-EJD (N.D. Cal.) (co-lead class counsel in consolidated Unfair Competition class action alleging HP pushed a firmware update on consumers' printers that blocked their ability to use third party ink cartridges, final approval granted);

vv.  *Nishimoto v. T&S Business Corporation,* Case No. 34-2017-00211426 (Sacramento County Superior Court) (wage and hour and PAGA class action on behalf of janitorial workers, final approval granted);

ww.  *Rodriguez v. Experian Information Solutions, Inc., et al.,* Case No. 2:15-cv-01224-RAJ (W.D. Wash.) (FCRA class action for improper credit pulls; certified under Rule 23 by contested motion, and settled on class-wide basis, final approval granted);

xx.  *Ahmed v. HSBC Bank USA,* Case No. 5:15-cv-02057-FMO (SPx) (C.D. Cal.) (TCPA class, final approval granted);

yy.  *Garcia, et al. v. HMS Host, Inc.,* Case No. 17-cv-03069-RS (N.D. Cal.) (wage and hour class action, final approval granted);

zz.  *Aiken v. Malcolm Cisneros, A Law Corporation,* Case No. 5:17-cv-02462-JLS-SP (C.D. Cal.) (Fair Debt Collection Practices Act class action, settled on class wide basis, preliminary approval granted);

aaa.  *Marciano, et al. v. Doordash, Inc.,* Case No. CGC 18-567869 (San Francisco County Superior Court) (First-filed and co-lead counsel in consolidated gig economy misclassification class action on behalf of delivery drivers, secured over $40 million common fund settlement, largest gig economy class settlement to date, preliminary approval

pending);

bbb.   *Medina v. Enhanced Recovery Company, LLC,* Case No. 2:15-cv-14342-JEM/MAYNARD (S.D. Fla.) (TCPA class settlement common fund of $1.45M, final approval granted);

ccc.   *Kim v. Tinder, Inc.,* Case No. 2:18-cv-03093-JFW-AS (C.D. Cal.) (Unruh Act class settlement on behalf of 240,000 consumers; granted final approval, case on appeal);

ddd.   *Griffey v. TA Operating, LLC,* Case No. CIVDS1907259 (San Bernardino County Superior Court) (PAGA settlement $390,000 settlement approval pending);

eee.   *D'Angelo Santana v. Rady Children's Hospital,* Case No. 37-2014-00022411-CU-MT-CTL (San Diego County Superior Court) (Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq*. class settlement final approval granted);

fff.   *Chavis v. Three Group, Inc.,* Case No. 18STCV08737 (Los Angeles County Superior Court) (wage and hour PAGA settlement on behalf of dancers alleging contractor misclassification, approval pending);

ggg.   *Hale v. Mana Pro Products, LLC,* Case No. 2:18-cv-00209-KJM-DB (E.D. Cal.) (false advertising class action, preliminary approval granted);

hhh.   *Fabricant v. AmeriSave Mortgage Corporation,* Case No. 2:19-cv-04659-AB-AS (C.D. Cal.) ($6.25 million common fund TCPA class action settlement, preliminary approval granted);

iii.   *El Nasleh v. California Spaghetti Restaurants, Inc.,* Case No. CIVDS1812587 (San Bernardino County Superior Court) (wage and hour class action settlement on behalf of restaurant employees,

1   preliminary approval pending).

2       13.   In addition to the present case, my firm also certified the following

3   cases as class actions by contested motion and was appointed class counsel.  I wrote

4   the certification briefs for the majority of these cases:

    a.   *Anne Wolf v. Hewlett Packard Company,* Case No. 5:15-cv-01221-
         TJH-GJS (C.D. Cal.) (class action certified by contested motion on
         behalf of tens of thousands of class members who purchased printer
         that was falsely advertised to include Smart Install feature);

    b.   *Caldera v. American Medical Collection Association,* Case No.
         2:16-cv-00381-CBM-AJW (C.D. Cal.) (TCPA class action
         certified by contested motion);

    c.   *Alfred Zaklit, et al. v. Nationstar Mortgage LLC,* Case No. 5:15-cv-
         02190-CAS-KK (C.D. Cal.) Cal. Penal Code § 632.7 class action
         certified under Rule 23(b)(2) and (b)(3) on behalf of class members
         whose calls were recorded without knowledge or consent);

    d.   *D'Angelo Santana v. Rady Children's Hospital,* Case No. 37-2014-
         00022411-CU-MT-CTL (San Diego County Superior Court)
         (Confidentiality of Medical Information Act, Cal. Civ. Code § 56,
         *et seq.*);

    e.   *Edward Makaron v. Enagic USA, Inc.,* Case No. 2:15-cv-05145-
         DDP-E (C.D. Cal.) (TCPA class action certified on behalf of
         approximately 2,000,000 class members under Rule 23(b)(2) and
         23(b)(3));

    f.   *Rodriguez v. Experian Information Solutions, Inc., et al.,* Case No.
         2:15-cv-01224-RAJ (W.D. Wash.) (FCRA class action for
         improper credit pulls; certified under Rule 23);

-13-
DECLARATION OF ADRIAN R. BACON

g.     *Sheena Raffin v. Medicredit, Inc., et al.,* Case No. 2:15-cv-04912-MWF-PJW (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by Hon. George H. King Ret. under Rule 23(b)(2) and (b)(3) on behalf of class members whose calls were recorded without knowledge or consent);

h.     *Stemple v. QC Financial Services Group of California, Inc.,* Case No. 3:12-cv-01997-CAB-WVG (S.D. Cal.) (certified class achieved by motion, and subsequent class-wide settlement);

i.     *Abdeljalil v. General Electric Capital Corporation,* Case No. 12-CV-02078-IEG-RBB (S.D. Cal.) (certified class achieved by motion, and subsequent class-wide settlement);

j.     *Aleksanian, et al. v. Enrich Financial, Inc.,* Case No. BC698829 (Los Angeles County Superior Court) (certified class under Credit Repair Organization Act, California Credit Services Act and Federal Credit Repair Organization Act).

14.    I have argued multiple cases before the Ninth Circuit in advance of consumer privacy rights, including *Gallion v* United States, 772 Fed.Appx. 604 (9th Cir. July 8, 2019), the reasoning of which was recently upheld by the Supreme Court in the case of *Barr v. American Association of Political Consultants, Inc*., 140 S.Ct. 2335 (2020), in which I assisted with the briefing. I will also be arguing and am acting as lead counsel in the California Supreme Court case of *Smith v. Loanme*, Case No. S260391, a consumer privacy class action in which the California Supreme Court unanimously granted our petition for review. In addition, I have authored three comments that my firm submitted to the FCC on behalf of advancing consumer privacy rights.

15.    In addition to my firm's experience, I have separately been approved

as class counsel at my prior firm on several wage and hour class action matters, including the following:

    a.   *Miller v. Ikea California, LLC*, Case No.: 30-2009 00331682 (Orange County Superior Court) ($5.75M class settlement granted final approval);

    b.   *David Paiva, et al v. Denny Corporation et al.,* Case No. 37-2010-00103831-CU-OE-CTL (San Diego County Superior Court) (granted final approval); and

    c.   *Juan Martinez, et al v. Valley Pride, Inc. et al.*, Case No. M108688 (Monterey County Superior Court) (granted final approval).

## LODESTAR ANALYSIS

16.    The Court's Order permitted Class Counsel to file a petition for fees and costs relating to investigating and pursuing the Motion for Sanctions. I have reviewed our firm's billing records and confirmed the time spent by various members of my office on these related tasks. Attached hereto as Exhibit A is a true and correct copy of the billing records for myself, Todd M. Friedman and Thomas E. Wheeler, the three attorneys from my office who worked on matters relating to these events. I have taken the liberty of removing time records that could be perceived as duplicative, or related to other tasks in any way, which reduced our requested lodestar by dozens of hours.

17.    Accounting for the hours of my co-counsel's office, our billing records reflect a total of 126.2 hours worked on matters directly related to the Motion for Sanctions. The categories of work are generally described as follows:

- Reviewing the Initial Disclosures at issue and discussing an appropriate response and strategy amongst Class Counsel;
- Drafting discovery, i.e. a deposition notice and document request;

---

**-15-**
DECLARATION OF ADRIAN R. BACON

- Emails and phone calls with counsel for Defendant relating to the conduct, including meet and confer emails and calls, and attempts to avoid motion practice;
- Legal research relating to the conduct at issue;
- Preparation for, travel to, and attendance of a deposition of Defendant's Rule 30(b)(6) witness on the relevant factual background;
- A review of the evidence and roundtable discussion between Class Counsel as to the appropriate steps
- Drafting the initial Motion for Sanctions, and an Amended Motion after the disclosure of additional relevant evidence;
- Further discussions with counsel for Defendant and their outside ethics counsel to meet and confer on proposed solutions to avoid further motion practice;
- A review of the responsive opposition brief and discussion amongst Class Counsel as to a response;
- An investigation factually into the substance of the improperly obtained declarations;
- The drafting of a Reply brief in support of the Motion
- Preparation for and attendance of the hearing on the Motion for Sanctions;
- A review and discussion between Class Counsel regarding the Court's Order (Dkt. No. 190);
- The preparation of this Motion and the supporting declarations

18.    My firm's billing records reflect 5.9 hours from Todd M. Friedman (at a rate of $725), 42.5 hours from me (at a rate of $625), and 44.1 hours from Thomas E. Wheeler (at a rate of $425).  In addition, I understand that my co-counsel Abbas Kazerounian, who was integrally involved in the Motion for Sanctions, has spent at least 33.7 hours on related tasks and is requesting a rate of $710.  This figure does not include any hours that may be spent reviewing and opposing an opposition filed by Defendant.  My requested billing rate is $625 per hour in this case, the billing rate for Todd M. Friedman is $725 per hour, and the billing rate for Thomas E. Wheeler is $425 per hour.  To date, we, along with co-counsel, have incurred 126.2

hours of attorney time on tasks directly relating to the investigation and pursuit of this Motion for Sanctions, with a total lodestar of $73,509.50.

## COSTS INCURRED BY CLASS COUNSEL

19.    Class counsel have incurred litigation costs relating to the Motion for Sanctions in the amount of $3,764.01.  The costs incurred in relation to the Motion for Sanctions stem from travel required to fly from California (where the case is pending) to Florida (where Defendant's 30(b)(6) witness was located) in order to conduct a deposition, as well as the costs associated with hiring a court reporter and obtaining a transcript.  We also incurred $1,212.50 in expert expenses directly associated with investigations into the call and consent data for the affiants.  I asked our experts to provide me with input over a number of questions that we had with respect to data produced in discovery relating to these class members as part of our investigation.  The breakdown in expenses is as follows:

| | |
|---|---|
| Transportation Expense | $207.79 |
| Wifi – Plane | $20.00 |
| Airfare | $795.80 |
| Hotel | $258.77 |
| Deposition | $1,269.15 |
| Expert | $1,212.50 |
| **TOTAL** | $3,764.01 |

20.    I believe these costs were reasonably incurred and necessary to our investigation.

///

///

///

-17-
DECLARATION OF ADRIAN R. BACON

**REASONABLENESS OF CLASS COUNSEL'S HOURLY RATES**

21.     The Law Offices of Todd M. Friedman, P.C.'s hourly rates are reasonable with respect to the ranges charged by comparable law firms in California.[1]   My billing rate in 2020 is actually $650 per hour, which has been approved by several courts this year, but I am requesting $625 per hour for the sake of reasonableness.   The requested rate for Mr. Friedman is $725 per hour, despite his having been approved this year at a rate of $750.   The billing rate for Mr. Wheeler is $425 per hour.

22.     Regarding Mr. Friedman's rate, he has been practicing law since 2001, and is the managing partner of one of the most active consumer protection law firms in California.  Mr. Friedman has been counsel of record on hundreds of class action lawsuits, dozens of which have resolved on a class-wide basis.   In the past five years, our firm has been counsel on cases totaling over $200 million in class-wide relief for consumers, and Mr. Friedman has overseen every one of those cases. Based on the Laffey Matrix, the requested hourly rate falls within the scope of reasonable fees.

23.     The hourly rates sought herein have been approved by numerous courts, before accounting for regular annual increases.  Recently in the case of *Sheena Raffin v. Medicredit, Inc.*, *et al.*, Case No. 2:15-cv-04912-MWF-PJW (C.D. Cal.), Judge Fitzgerald of the Central District of California explicitly found that my rate of $625 and Mr. Friedman's rate of $725 per hour were reasonable.  The court awarded us fees and granted final approval of a class action settlement, which my office had litigated for over three years.  Our fees were also recently approved as reasonable at these same rates in the case of *Jaylinda Girardot, et al. v. Bail Hotline Bail Bonds, Inc.*, Case No. BC700131 (Los Angeles County Superior Court), where

---

[1] *See* the Laffey Matrix attached as **Exhibit B**.

Judge Berle found at oral argument that our hourly rates were fair and reasonable and granted approval.  Judge Hayes of the Southern District of California recently granted our fee petition in a PAGA settlement that my office oversaw.  The court approved our hourly rates at the same rates sought in this matter and found in pertinent part: "The attorneys' fees and costs sought are reasonable and appropriate.  The rates that Plaintiff's Counsel have charged are reasonable and within the range of rates customarily charged by attorneys of comparable skill, qualifications, and experience." *See Eubank v. Terminix International, LLC*, Case No. 3:15-cv-00145-WQH-LL (S.D. Cal.) [Dkt. No. 76].  My firm was approved at the requested rates herein in two other cases within the last year: *Edward Makaron v. Enagic USA, Inc.,* Case No. 2:15-cv-05145-DDP-E (C.D. Cal.), and *Nicole Romano et. al. v. SCI Direct Inc. et. al.*, Case No. 2:17-cv-03537-ODW-JEM (C.D. Cal. 2019).  My hourly rate of $625 was also recently approved in a motion for sanctions filed against a defendant in the case of *Fryt v. SRBV Staffing, LLC,* Case No. BC682078 (Los Angeles County Superior Court).  Multiple other courts have approved these rates over the past year, including the Court in *Anne Wolf v. Hewlett Packard Company,* Case No. 5:15-cv-01221-TJH-GJS (C.D. Cal.), where we filed a contested fee petition and had our hourly rates challenged.  The Court found these same rates were reasonable under the Central District, Northern District and Southern District guidelines, based on substantial briefing.  Such a finding was required because the case involved a consolidated class settlement of four actions, up and down the state of California, which we were litigating in multiple fronts.  Part of the settlement terms allowed my office to file an open-ended fee petition that HP could (and did) challenge.  Mr. Friedman and I applied a $25 per hour increase to our rates in 2020, which is supported by inflationary rates and increased experience.  However, we are not requesting it here.

-19-
DECLARATION OF ADRIAN R. BACON

24.     My experience is generally set forth above.  In only my third year of practice I was approved as class counsel, at an hourly billing rate of $475 per hour in three class action matters that were granted final approval:

    a.    *Miller v. Ikea California, LLC* ;

    b.    *David Paiva, et al v. Denny Corporation et al*., Case No. 37-2010-00103831-CU-OE-CTL ; and

    c.    *Juan Martinez, et al. v. Valley Pride, Inc. et al.,* Case No. M108688.

25.     I am responsible for drafting and filing the majority of the Complex Motions filed by my firm in Class Action cases, as well as managing discovery, taking depositions and overseeing and engaging in virtually every aspect of litigation as either lead or co-lead counsel in hundreds of active cases handled by my firm.  I also oversee and manage the firm's Orange County office.  My office recently successfully achieved class certification by contested motion in numerous hotly contested class actions, in many of which I was tasked with drafting and arguing the class certification brief.

26.     Mr. Wheeler is a graduate of U. Penn Law and a fourth-year associate at my firm.  He has worked extensively on consumer protection matters, including class actions, during his time with my firm.  His work includes assisting on the *Caldera*, *Romano* and *Makaron* matters cited above, all certified class actions which settled on a class-wide basis.  He was approved in the *Makaron* and *Romano* matters at a rate of $425 per hour.  In light of his increasing experience, an hourly rate of $425 is warranted, and is further warranted in light of customary rates for associates on the Laffey Matrix.

## FINAL LODESTAR

27.     The following table sets forth the summary of all hours and rates for Class Counsel:

| Name | Number of Hours | Rate/Hr | Total |
|---|---|---|---|
| Todd M. Friedman – Managing Partner | 5.9 | $725 | $4,277.50 |
| Adrian R. Bacon – Partner | 42.5 | $625 | $26,526.50 |
| Thomas Wheeler – Associate (3 years) | 44.1 | $425 | $18,742.50 |
| Abbas Kazerounian – Managing Partner | 33.7 | $710 | $23,927.00 |
| **TOTAL** | **126.2** | | **$73,509.50** |

28.     For purposes of this Motion, we are requesting a negative multiplier of .9 on these hours, i.e. a 10% reduction.  Thus, the requested sanctions are comprised of $66,158.55 in fees plus costs of $3,764.01, for a total of $69,922.56.  Again, I would like to stress that the actual expenditure of time by my office and my co-counsel's office in working on matters that related to Defendant's unethical efforts to contact represented class members, and oppose that evidence in a variety of questionable motions that otherwise related to this evidence was significantly higher than this figure.  We are not asking for all such time.  We also are asking for hourly rates lower than our current rates, not asking for staff time or time spent by other members of our firm on these issues, and we are further reducing the hours down by 10% in order to be reasonable in our request.

29.     Based on the foregoing, I submit that our request for reimbursement of costs and for reasonable attorneys' fees is substantiated and reasonable.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed on August 14, 2020.

By:/s/ Adrian R. Bacon

Adrian R. Bacon

# EXHIBIT A

DECLARATION OF ADRIAN R. BACON

**MCCURLEY V ROYAL SEAS CRUISES, INC.**
**TIME RECORDS – RELATING TO MOTION FOR SANCTIONS**

**TODD M. FRIEDMAN – MANAGING PARTNER**
**HOURLY RATE: $725**

| Date Created | Task Name | Task Time |
|---|---|---|
| 01/17/2020 | Review defendant's disclosures; extensive roundtable discussions with co-counsel regarding response and next steps | 1 |
| 01/22/2020 | Conference call with Adrian and Abbas regarding sanctions motion for sanctions | 0.7 |
| 01/23/2020 | Roundtable discussion with co-counsel | 0.4 |
| 1/24/2020 | Review results of expert analysis of affiant records and discussion with co-counsel | 0.6 |
| 2/18/2020 | Call with Adrian to relay results of deposition and discuss next steps | 0.2 |
| 3/3/2020 | Review/ Amended Sanctions Motion and evidence in support thereof, | 1 |
| 04/06/2020 | Review opposition to sanctions; discussion with co-counsel | 1 |
| 04/13/2020 | Review final draft of Reply brief, and discuss with Adrian | 1 |

**TOTAL TIME:   5.9**
**HOURLY RATE:      $725**
**LODESTAR:         $4,277.50**

**ADRIAN R. BACON –PARTNER**
**HOURLY RATE: $625**

| Date Created | Task Name | Task Time |
|---|---|---|
| 01/17/2020 | Review of Supplemental Disclosures and attached declarations from represented class members; extensive roundtable discussions with co-counsel regarding appropriate response and legal research re same; review and approve email to defense counsel | 2.2 |
| 1/17/2020 | Revise and approve notice of deposition and email to counsel re meet and confer | 0.5 |
| 1/20/2020 | extensive discussion including emails and phone call with experts regarding call detail records for declarants as part of investigation into sanctions motion; discussion with co-counsel re same | 1.2 |
| 01/22/2020 | Conference call with Todd and Abbas regarding sanctions motion | 0.7 |
| 01/22/2020 | Prepare for meet and confer call with defense counsel, and conduct call | 0.7 |
| 01/23/2020 | Prepare correspondence to send to defense counsel in furtherance of meet and confer efforts; roundtable discussion with co-counsel including call with Abbas | 1.3 |
| 1/24/2020 | Review results of expert analysis of affiant records and discussion with co-counsel | 0.6 |
| 1/26/2020 | Review and respond to correspondence from defense counsel re sanctions motion | 0.1 |
| 01/27/2020 | Call with co-counsel regarding sanctions motion and next steps | 0.6 |
| 1/30/2020 | Review and revise draft of motion to strike/sanctions and revisions to draft of my declaration in support thereof; discussions with Tom Wheeler, including legal research | 2 |
| 2/17/2020 | Lengthy preparation of Tom Wheeler for Deposition, discussion of relevant deposition questions and areas of inquiry, and relevant legal and factual areas of inquiry | 1.3 |

| | | |
|---|---|---|
| 2/18/2020 | Calls with Tom Wheeler before during and after deposition of Rule 30(b)(6) witness to prepare, advise and debrief | 0.8 |
| 2/18/2020 | Calls with co-counsel to relay results of deposition and discuss next steps | 0.4 |
| 04/06/2020 | Review opposition to sanctions; begin outline of Reply, and review additional case law provided by Abbas | 2.5 |
| 04/09/2020 | Draft Reply in support of Motion for sanctions; gather evidence in support of declaration including analysis of Hetchler declaration; prepare declaration in support thereof | 5.5 |
| 4/11/2020 | Further revisions to draft of Reply brief, including additional legal research and draft objections | 6.2 |
| 04/12/2020 | Discuss further revisions with both Todd and Abbas; incorporate proposed changes | 5 |
| 04/13/2020 | Finalize Reply brief and file with court | 1.2 |
| 07/22/2020 | Provide materials to Abbas for his preparation for oral argument; brief discussion with Abbas | 0.3 |
| 07/23/2020 | Discussion of case with Abbas to assist with his preparation for hearing | 0.3 |
| 07/24/2020 | Lengthy call with Abbas to discuss upcoming hearing and discuss strategy, facts, case law, and case history | 1 |
| 07/27/2020 | Assist in further prep for hearing with Abbas | 0.5 |
| 07/27/2020 | Appearance for hearing on Sanctions | 0.5 |
| 08/02/2020 | Review court order; discuss next steps and assignment of work | 0.5 |
| 08/03/2020 | Call with co-counsel regarding assignment of work and next steps | 0.4 |
| 08/13/2020 | draft fee petition and accompanying declaration in support thereof; emails with co-counsel regarding their fee declaration and hours and costs | 4.5 |
| 08/14/2020 | finalize fee petition and declarations, and file | 1.7 |

**TOTAL TIME:**    **42.5**
**HOURLY RATE:**    **$625**
**LODESTAR:**    **$26,562.50**

**THOMAS E. WHEELER – FOURTH-YEAR ASSOCIATE**
**HOURLY RATE: $425**

| Date Created | Task Name | Task Time |
|---|---|---|
| 01/17/2020 | Review of  Disclosures; discussions with co-counsel regarding  response and legal research re same | 1 |
| 1/17/2020 | Draft Notice of Deposition of Rule 30(b)(6) | 0.8 |
| 01/23/2020 | Roundtable discussion with co-counsel regarding sanctions motion | 0.4 |
| 1/24/2020 | Review results of expert analysis of affiant records and discussion with co-counsel | 0.6 |
| 01/29/2020 | Draft motion to strike and for sanctions, along with contemporaneous draft of declaration of Adrian Bacon; gather exhibits in support thereof, legal research regarding the same | 6.8 |
| 1/30/2020 | Further revisions to sanctions motion; discussions with co-counsel and additional legal research | 7.5 |
| 1/31/2020 | Revisions to draft motion, finalize and file motion after approval of all co-counsel | 1.9 |
| 2/16/2020 | Preparation for deposition | 0.7 |
| 2/17/2020 | Preparation for deposition including lengthy call and emails with Adrian Bacon | 1.3 |
| 02/17/2020 | Travel to Fort Lauderdale for deposition; further preparation | 7 |
| 2/18/2020 | Take deposition of defendant's Rule 30b6; calls with Adrian Bacon before during and after re same | 3.1 |
| 2/18/2020 | Travel back to California from Florida | 7.5 |
| 3/2/2020 | Review deposition transcript and begin amended sanctions motion | 3 |
| 3/3/2020 | Further revisions to sanctions motion including discussion with Adrian Bacon | 1.2 |
| 3/4/2020 | Finalize and file amended sanctions motion | 0.3 |
| 04/06/2020 | Review opposition to sanctions; discussion with Adrian Bacon | 1 |

**TOTAL TIME:**    **44.1**
**HOURLY RATE:**    **$425**
**LODESTAR:**    **$18,742.50**

**TOTAL FIRM TIME:**      **92.5**
**LOTF LODESTAR:**      **$49,582.50**

# EXHIBIT B

# LAFFEY MATRIX

History

Case Law

Expert Opinions

See the Matrix

Contact us

Home

Links

`<tr>`

|  | | | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |

| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.