1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

| | |
|---|---|
| JOHN McCURLEY, individually and on behalf of all other similarly situated<br><br>                                          Plaintiffs<br><br>v.<br><br>ROYAL SEAS CRUISES, INC.,<br><br>                                          Defendant. | Case No.:  17-CV-986-RHS-AGS<br><br>**ORDER DENYING DEFENDANT'S RENEWED MOTION TO CERTIFY CLASS AND PROVISIONALLY GRANTING DEFENDANT'S MOTIONS TO EXCLUDE REPORTS AND TESTIMONY**<br><br>**[ECF Nos. 232, 233, 234, 241]** |

19
20
21
22
23
24
25
26
27

        Pending before the Court are four motions filed by defendant Royal Seas Cruises, Inc. ("Royal" or "Defendant"): Defendant's (1) Renewed Motion to Decertify Class (the "Decertification Motion," ECF No. 241); (2) Second Renewed Motion to Exclude Testimony and Reports of Wesley Weeks (the "Weeks Motion," ECF No. 232); (3) Renewed Motion to Exclude Testimony and Reports of Nathan Bacon (the "Bacon Motion," ECF No. 233); and (4) Second Renewed Motion to Exclude Testimony and Reports of Christina Peters-Stasiewicz (the "Peters-Stasiewicz Motion," ECF No. 234). As further described below, the Decertification Motion is denied, and each of the Weeks, Bacon, and Peters-Stasiewicz Motions are provisionally granted.

28

1

## I.   BACKGROUND

2

Each of the four pending motions are styled as "renewals" of previous motions filed

3

by Defendant. The relevant procedural history provides context for the pending motions.

4

### A.   Past Motions To Certify, Decertify, And Exclude

5

On July 30, 2018, Plaintiffs filed a Motion to Certify Class. ECF No. 49. Among the

materials that Plaintiffs filed in support of that motion were two reports by Wesley Weeks,

6

both dated July 29, 2018: a 161-page[1] initial report (the "Weeks Initial Report") and a 59-

7

page supplemental report (the "Weeks Supplemental Report"). ECF Nos. 49-9, 49-10. Also

8

among those supporting materials was a 26-page report by Christina Peters-Stasiewicz

9

dated July 27, 2018 (the "Peters-Stasiewicz Initial Report"). ECF No. 49-8.

10

11

In addition to opposing the certification motion, Defendant moved to exclude under

12

Rule 702 the testimony and reports of Weeks, ECF No. 56, as well as the testimony and

13

report of Peters-Stasiewicz, ECF No. 57.

14

On January 14, 2019, Plaintiffs filed a 79-page report of Nathan Bacon dated January

15

6, 2019 (the "Bacon Report"), ECF No. 78.

16

On March 27, 2019, the Court granted in part and denied in part the motion for class

17

certification, certifying both a Class and a Subclass. ECF No. 87. The Court treated the

18

motions to exclude Weeks and Peters-Stasiewicz as evidentiary objections, and sustained

19

in part and overruled in part those objections. *Id.*

20

On March 4, 2020, Plaintiffs filed a Motion to Decertify Class in Part. ECF No. 132.

21

Due to a manageability problem with the originally certified Class, Plaintiffs sought in

22

effect to replace that Class with the originally certified Subclass. *Id.*

23

On March 17, 2020, Defendant filed a Motion to Decertify Class. ECF No. 143. In

24

connection with that motion, Defendant filed a 16-page supplemental report of Plaintiffs'

25

26

27

[1]      The page-number counts for the respective reports, intended to aid in distinguishing

28

the reports, include exhibits.

expert Peters-Stasiewicz dated August 23, 2019 (the "Peters-Stasiewicz Supplemental Report"). ECF No. 143-2.

On March 23, 2020, Defendant filed a motion to exclude the testimony and report of Bacon. ECF No. 151.

On March 27, 2020, both Defendant and Plaintiffs moved for summary judgment. ECF Nos. 159, 160. Defendant thereafter amended its motion for summary judgment. ECF No. 165.

On March 30, 2020, Defendant filed a motion to exclude the testimony and both reports of Peters-Stasiewicz, as well as the testimony and both reports of Weeks. ECF Nos. 163, 164.

On August 10, 2020, the Court granted Plaintiffs' motion to decertify in part, narrowing the scope of the Class to what had previously been the certified Subclass. ECF No. 191. The Court denied Defendant's motion to decertify that newly narrowed Class. ECF No. 191. The Court explained:

> Defendant argues—for a variety of reasons already addressed in the Court's initial Order granting class certification—that the subclass should also be decertified. (ECF No. 143.)
>
> A district court has broad discretion to revisit class certification throughout the legal proceedings before the court. *Armstrong v. Davis*, 275 F.3d 849, 872 n. 28 (9th Cir. 2001) (abrogated on other grounds by *Johnson v. Calif.*, 543 U.S. 499 (2005). For instance, a court may alter or amend an order granting class certification before final judgment. Fed. R. Civ. P. 23(c)(1)(C). A district court may also decertify a class at any time. *Rodriguez v. West Publishing Co.*, 563 F.3d 948, 966 (9th Cir. 2009) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).
>
> That said, a Motion for Reconsideration merely rehashing arguments already considered and rejected by the Court is a waste of judicial resources. That largely appears to be what Defendant is doing in its instant Motion to Decertify. Notably, the only new evidence presented by Defendant in the Motion for Reconsideration are the declarations

already rejected by the Court in its Order granting sanctions against the Defendant. (See ECF No. 190.)

As the Court pointed out in its original order, merits arguments are largely inappropriate at the class certification stage. As the parties have filed motions for summary judgment currently pending before the Court, the Court assumes it will address many of these merits arguments when it reaches those motions. Whether Prospects DM made telephone calls with an automatic telephone dialing system or whether there was blanket consent for the calls are issues capable of class resolution. Therefore, for the reasons previously stated by the Court in its Order Certifying the Class in part (ECF No. 87), Defendant's Motion to Decertify (ECF No. 143) is DENIED.

ECF No. 191 at 2-3.

On January 29, 2021, the Court denied Plaintiffs' motion for summary judgment, and granted Defendant's motion for summary judgment. ECF No. 208. The Court denied as moot Defendant's motions to exclude as to Weeks, Bacon, and Peters-Stasiewicz. *Id.* at 14.

On April 5, 2022, the U.S. Court of Appeals reversed in part the grant of summary judgment to Defendant. ECF No. 228.

## B.   Pending Motions To Decertify And Exclude

On May 27, 2022, Defendant filed its motions to exclude – that is, the pending (second renewed) Weeks Motion, (renewed) Bacon Motion, and (second renewed) Peters-Stasiewicz Motion. ECF Nos. 232, 233, 234. These motions have been fully briefed. ECF No. 238 (Plaintiffs' Opposition to the Bacon Motion); ECF No. 239 (Plaintiffs' Opposition to the Peters-Stasiewicz Motion); ECF No. 240 (Plaintiffs' Opposition to the Weeks Motion); ECF No. 242 (Defendant's Reply as to the Weeks Motion); ECF No. 243 (Defendant's Reply as to the Peters-Stasiewicz Motion); ECF No. 244 (Defendant's Reply as to the Bacon Motion).

On June 16, 2022, Defendant filed its (renewed) Decertification Motion. ECF No. 241. The Motion has been fully briefed. ECF Nos. 248 (Plaintiffs' Opposition), 252

4

(Defendant's Reply). Ancillary to the Motion, the Parties have filed various evidentiary objections, responses, and a reply. ECF Nos. 249, 253, 254, 256, 257.

### C.   Motion Cutoff

The motion filing cutoff in this case was March 17, 2020. ECF No. 113 (Scheduling Order dated Oct. 10, 2019). Upon joint motion of the parties, this cutoff was extended by the Court by a matter of days or weeks for certain specified motions. ECF No. 140 (Order dated Mar. 13, 2020); ECF No. 147 (Order dated Mar. 18, 2020). Relevant to the pending motions, the Court extended the time for Defendant to move to strike as to Weeks, Peters-Stasiewicz, and Bacon to March 31, 2020. ECF No. 147.

Defendant's initial Motion to Decertify was timely filed on March 17, 2020, the cutoff date. ECF No. 143. As set forth above, this motion was denied. ECF No. 191.

Defendant's motions to exclude as to Weeks, Peters-Stasiewicz, and Bacon were timely filed on or before the extended filing cutoff. As set forth above, these motions were denied as moot when the Court granted summary judgment to Defendant, ECF No. 208, although the Court had previously ruled on the merits for motions to exclude as to the two Weeks reports and the first Peters-Stasiewicz report. ECF No. 87.

## II.   ANALYSIS

### A.   Timeliness

Plaintiffs argue that each of the four pending motions is untimely, and filed without leave of Court over two years beyond the relevant scheduling order's motion cutoff date of March 17, 2020. *See* ECF No. 113 (Scheduling Order dated Oct. 10, 2019).

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)); *accord Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007).

Where there has been no request to modify a scheduling order, a district court may deny late-filed motions solely on the ground that they are filed past the cutoff date. *Johnson*, 975 F.2d at 610 n.7.

Here, Defendant filed its Decertification Motion—in effect, a motion for reconsideration—approximately 27 months after the initial motion cutoff. Defendant did not seek leave to file this motion, and has not asked for an extension of the motion cutoff or attempted to make a showing of good cause. Indeed, although Plaintiffs' opposition brief argues that the Decertification Motion violates the motion cutoff date, ECF No. 248 at 1, Defendant's reply simply ignores the argument and makes no mention whatsoever of the motion cutoff.

The fact that the pending Decertification Motion is seeking reconsideration of a motion that was timely filed, and that was denied by the Court, does not change the analysis of timeliness. Defendant does not claim to be presenting newly discovered evidence or intervening Supreme Court or Ninth Circuit precedent. Nor did the fact of an appeal to the Ninth Circuit of the Court's Order granting summary judgment to Defendants somehow revive or reset the long-since-expired motion cutoff.

Defendant has not undertaken to show good cause for renewing a motion, over two years after the motion filing cutoff, that had previously been denied. The Court declines to exercise its discretion to consider the Decertification Motion. Accordingly, the Decertification Motion is DENIED. The Parties' objections filed in connection with the Decertification Motion, ECF Nos. 249, 253, 254, 256, 257, are OVERRULED as moot.

Defendant's renewed motions to exclude are differently situated. Because these motions were filed after the Orders disposing of class certification, class decertification, and summary judgment motions, the Court construes these motions as being directed toward exclusion of reports and testimony at trial. In ruling on the summary judgment motions, the Court previously declined to address the merits of Defendant's timely-filed motions to exclude, instead denying those motions as moot. The Court will treat the pending motions to exclude as timely.

17-CV-986-RHS-AGS

**B.   Motions To Exclude**

Defendant's motions to exclude are based on Fed. R. Evid. 702. Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise . . ." Fed. R. Evid. 702. The Rule imposes four constraints. First, "the expert's scientific, technical, or other specialized knowledge" must "help the trier of fact to understand the evidence or to determine a fact in issue." *Id.* Second and third, the testimony must be "based on sufficient facts or data" and be "the product of reliable principles and methods." *Id.* Fourth, the expert must have "reliably applied the principles and methods to the facts of the case." *Id.*

These requirements "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation, and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("The requirement that the opinion testimony assist the trier of fact goes primarily to relevance.") (internal quotation marks omitted). "[A] district court's inquiry into admissibility is a flexible one." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (citing *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013)). "[E]xpert testimony is liberally admitted[.]" *Daubert*, 509 U.S. at 588 (noting that Rule 702 is part of the "liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony").

In addressing Defendant's motions, a threshold question for the Court—necessary to determining relevance and reliability—is precisely what opinions each of the experts actually intends to offer at trial. The disclosure and discovery regime provided in Rule 26 is designed to answer this question far in advance of trial. Here, the expert opinions at issue are memorialized in reports that were filed in connection with class certification or summary judgment briefing, and that necessarily preceded the Court's rulings on those motions. Much of the Parties' current briefing on these issues recycles their briefing from

years ago and is not tailored to the impending trial. This is understandable, but it poses difficulties for the Court in ascertaining what is being proposed for use at trial.

For example, each of Defendant's three pending motions to exclude is directed to the "testimony and report[s]" of Weeks, Bacon, and Peters-Stasiewicz. ECF Nos. 232, 233, 234. Although the parties do not address this point in their briefing, the *reports* of these witnesses, if offered for the truth of the reports, are hearsay and presumptively inadmissible at trial. Fed. R. Evid. 802. The Court therefore GRANTS the motions to exclude the reports of the three experts.

The Court considers the *testimony* of the three witnesses below.

### i.   *Weeks*

At the class certification stage, the Court addressed Defendant's motion to exclude as to the two Weeks Reports. ECF No. 87 at 14-19 (Order dated Mar. 27, 2019). In those reports, "Weeks was asked to analyze whether (1) the websites used by third parties Royal has identified as generating leads could 'attract the number of visitors stated by' Royal and (2) whether the personal information identified in the database records could be generated from the third-party websites." *Id.* at 14-15. The Court summarized:

> Royal contends that (1) Weeks is not qualified to offer expert testimony, (2) Weeks's opinions are irrelevant, and (3) Weeks's methods are unreliable. (ECF No. 56-1.) The Court overrules Royal's relevance objection. The Court sustains Royal's particular objections on qualifications and methodology, yet finds that the objections are largely immaterial. Weeks has relevant knowledge for website traffic analysis which could be used to test Plaintiffs' assertions about Royal's lead generation program, but the data from servers of the websites that purportedly generated leads was not available at the time of his reports.

*Id.* at 15. The Court noted that Plaintiffs had outstanding subpoenas to Google and Amazon, which were intended to obtain web traffic data to support a set of conclusions by Weeks. *Id.* at 18. In the absence of such data, the Court "sustain[ed] Royal's objections to Weeks' website traffic conversion-based opinions." *Id.* at 19.

From the briefing on the pending Weeks Motion, it appears that the sought-after web traffic data was not produced. Plaintiffs explain that "neither side obtained the web traffic data," and that "Plaintiffs attempted to obtain the necessary underlying web traffic from Amazon and Google of the web traffic analytics, but hit a dead end when both companies advised Class Counsel that they were not able to locate any responsive documents or data." ECF No. 240 at 5. Plaintiffs therefore concede that it is "effectively correct" that Weeks' expert testimony, offered without the web traffic data, would be incomplete. *Id.* Plaintiffs argue, however, that as currently proposed, Weeks "effectively acts as a rebuttal expert," whose testimony "is only necessary to the extent Defendant produces previously undisclosed web traffic information at the time of trial." *Id.* Defendant argues that Weeks is not a proper rebuttal expert because Defendant has not noticed any experts to testify at trial. ECF No. 242 at 6. Naturally, absent an order of this Court, neither party is entitled to offer at trial previously undisclosed evidence or unnoticed expert testimony. It therefore does not appear that, as currently framed by Plaintiffs, Weeks has relevant testimony to offer at trial.

On the basis of relevance, the Court provisionally GRANTS the Weeks Motion and excludes any testimony to be offered by Weeks at trial. Plaintiffs must seek and obtain leave of Court before presenting such testimony. Such a request must: (1) be tailored to the testimony that Plaintiffs actually seek to present, (2) establish admissibility under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and (3) identify how the testimony is consistent with the disclosure requirements of Fed. R. Civ. P. 26. In briefing the issue, the Parties may not incorporate by reference or cut and paste from prior briefing.

### ii.   *Peters-Stasiewicz*

At the class certification stage, the Court also addressed Defendant's motion to exclude as to the Peters-Stasiewicz Initial Report. ECF No. 87 at 19-22 (Order dated Mar. 27, 2019). In that report, Peters-Stasiewicz "was asked to [1] identify a process for determining which of the telephone numbers in Royal's data were wireless numbers at the

time of the call, … and [2] describe[] a means for identification of class members." *Id.* at 19. Defendant did not object to the qualifications of Peters-Stasiewicz, which the Court found to be sufficient. *Id.* at 19-20. Defendant did object that Peters-Stasiewicz's testimony was not based on sufficient data, and that her methodology was flawed; the Court overruled both objections for purposes of the class certification motion. *Id.* at 20.

The pending Peters-Stasiewicz Motion is directed instead to the opinions in the Peters-Stasiewicz Supplemental Report. Specifically, Defendant moves to exclude her "opinions purporting to associate calls in the consent and call log records produced by Prospects DM, Inc. … to the websites through which the Named Plaintiffs consented to marketing calls." ECF No. 234 at 1.

It is difficult for the Court to determine from the briefing precisely what testimony Plaintiffs will seek to offer at trial. Since the Peters-Stasiewicz Supplemental Report was signed on August 23, 2019, the ground has shifted—namely, upon Plaintiffs' own motion, granted on August 10, 2020, the Court narrowed the scope of the class. ECF No. 191. In opposing the pending Peters-Stasiewicz Motion, Plaintiffs reuse earlier briefing that refers to that narrowing of the class as something expected to happen in the future:

> Because of the pending decertification of the Class, the only relevance of the Outbound Call Records database at this point is that it can be used to determine the number of calls placed by Prospects DM to Transfer Subclass members who are specifically identified by referencing those individuals identified in the Transfer List.

ECF No. 239 at 4. Later in their briefing, Plaintiffs summarize their position as follows:

> At this point, besides confirming that the Subclass's contact information was addressed properly per her methodologies, the only outstanding testimony for Ms. Peters-Stasiewicz is to confirm the number of calls specifically placed to Transfer Subclass members by cross-referencing their information in the Transfer List with the Outbound Call Records and counting up the number of calls.

*Id.* at 6. Plaintiffs then add that "this is a post-trial damages issues [sic]," and that "[c]urrently, Ms. Peters-Stasiewicz report [sic] only includes an analysis of the expected

total number of calls for the Class as a whole, which is irrelevant given the pending decertification of the class." *Id.*[2] The Court is at a loss to determine what opinion testimony of Peters-Stasiewicz, if any, Plaintiffs view as relevant and intend to present at trial.

On the basis of relevance, the Court provisionally GRANTS the Peters-Stasiewicz Motion and excludes any testimony to be offered by Peters-Stasiewicz at trial. Plaintiffs must seek and obtain leave of Court before presenting such testimony. Such a request must: (1) be tailored to the testimony that Plaintiffs actually seek to present, (2) establish admissibility under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and (3) identify how the testimony is consistent with the disclosure requirements of Fed. R. Civ. P. 26. In briefing the issue, the Parties may not incorporate by reference or cut and paste from prior briefing.

### iii.  *Bacon*

Defendant seeks to preclude Nathan Bacon from offering an opinion consistent with the January 6, 2019 Bacon Report. That report, ECF No. 78, was drafted and submitted in response to the Declaration of Kevin Brody, ECF No. 58-7, which Defendant filed with its opposition to Plaintiff's class certification motion. ECF No. 58. The Brody Declaration, in turn, was a response to the two Weeks Reports filed by Plaintiffs in their class certification motion.

The Bacon Report recites that Bacon "was asked by Plaintiffs to opine on the veracity of Mr. Brody's testimony relating to his presentation of Plaintiff McCurley's 'consent' data." ECF No. 78 at ¶ 12. Bacon explains:

> Mr. Brody states in his Declaration that he works with a large network of publishers which control the website www.diabeteshealth.info. See Brody Decl. ¶¶ 8-11. Mr. Brody states that when a consumer accesses the website domain www.diabeteshealth.info, the person is met with a form which needs to be completed in order for the individual to receive telephone calls to learn about the products or services being offered. He

---

[2]   Plaintiffs used identical language in their opposition brief filed on April 27, 2020. ECF No. 177 at 4, 6.

goes on to state that with respect to the phone number for Plaintiff John McCurley, web server records show that Mr. McCurley's phone number was voluntarily provided by a consumer through the www.diabeteshealth.info web portal on April 30, 2017. He attaches what he refers to as a "true and correct copy" of the records pulled from Landfall Data's web server as Exhibit B.

*Id.* at ¶ 13. Bacon's conclusion, based on his analysis of source code, is that "there was no way for the data that is presented by Mr. Brody in Exhibit B to have been submitted through the www.diabeteshealth.info web portal." *Id.* at ¶ 39.

Bacon's expert opinion is thus intended as a rebuttal of the expert opinion of Brody, with respect to the data that had been attached as Exhibit B to Brody's declaration. In short, it is a rebuttal opinion. But Defendant is not offering the expert testimony of Kevin Brody, or any other expert testimony. ECF No. 242 at 6 ("Royal has not offered any expert witnesses for trial.").

In their briefing, Plaintiffs state in general terms that "[t]he jury should be permitted to hear Bacon's expert testimony regarding the inability of www.diabeteshealth.info to generate the alleged prior express consent data." ECF No. 238 at 13. It may be that Defendant does indeed offer the same "alleged prior express consent data" that is the subject of the Bacon Report, and that Bacon's testimony is appropriate rebuttal even without the expert testimony of Kevin Brody. The Court cannot make that determination at this time.

On the basis of relevance, the Court provisionally GRANTS the Bacon Motion and excludes any testimony to be offered by Bacon at trial. Plaintiffs must seek and obtain leave of Court before presenting such testimony. Such a request must: (1) be tailored to the testimony that Plaintiffs actually seek to present, (2) establish admissibility under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and (3) identify how the testimony is consistent with the disclosure requirements of Fed. R. Civ. P. 26. In briefing the issue, the Parties may not incorporate by reference or cut and paste from prior briefing.

**III.   CONCLUSION**

For the reasons stated above:

1.    Defendant's Renewed Motion to Decertify Class (ECF No. 241) is DENIED.

2.    The Parties' objections filed in connection with the above-mentioned motion, ECF Nos. 249, 253, 254, 256, 257, are OVERRULED as moot.

3.    Defendant's Second Renewed Motion to Exclude Testimony and Reports of Wesley Weeks (ECF No. 232) is GRANTED as to the witness's reports on the grounds of hearsay; and is provisionally GRANTED as to the witness's testimony on grounds of relevance, without prejudice to Plaintiff seeking leave to present such testimony as further described above.

4.    Defendant's Second Renewed Motion to Exclude Testimony and Reports of Christina Peters-Stasiewicz (ECF No. 233) is GRANTED as to the witness's reports on the grounds of hearsay; and is provisionally GRANTED as to the witness's testimony on grounds of relevance, without prejudice to Plaintiff seeking leave to present such testimony as further described above.

5.    Defendant's Renewed Motion to Exclude Testimony and Reports of Nathan Bacon (ECF No. 234) is GRANTED as to the witness's report on the grounds of hearsay; and is provisionally GRANTED as to the witness's testimony on grounds of relevance, without prejudice to Plaintiff seeking leave to present such testimony as further described above

**IT IS SO ORDERED**.

Dated:  September 30, 2022

_____
Hon. Robert S. Huie
United States District Judge

17-CV-986-RHS-AGS