**GREENSPOON MARDER LLP**
Richard W. Epstein, Esq. (Admitted *Pro Hac Vice*)
richard.epstein@gmlaw.com
Jeffrey A. Backman, Esq. (Admitted *Pro Hac Vice*)
jeffrey.backman@gmlaw.com
200 E. Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel: 954.527.2427
Fax: 954.333.4027

Attorneys for Defendant Royal Seas Cruises, Inc.
[additional Defendant's counsel on signatory line]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| John McCurley, Individually and and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>Royal Seas Cruises, Inc.,<br><br>          Defendant.<br>-------------------------------------------------<br>Dan DeForest, Individually and and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>Royal Seas Cruises, Inc.,<br><br>          Defendant. | Case No.: 3:17-cv-01988-AJB-AGS<br><br>*consolidated with*<br><br>Case No.: 3:17-cv-00986-BAS-AGS<br><br>**DEFENDANT ROYAL SEAS CRUISES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION TO DECERTIFY CLASS**<br><br>*[filed concurrently with Notice of Motion and Motion]*<br><br>**Hearing**<br>  Date:  December 12, 2022<br>  Judge: Hon. Robert S. Huie<br>  Ctrm:  4B<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

# INTRODUCTION

Whether a scheduling order should be amended to permit filing a motion to decertify the class is "irrelevant" because Rule 23(c)(1)(C) permits the Court to decertify a class anytime before final judgment. *See Rosales v. El Rancho Farms*, 2014 WL 321159, at *4 (E.D. Cal. Jan. 29, 2014) (considering motion for decertification and disregarding argument that Defendant failed to show good cause to file after deadline in scheduling order); *see also Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 596 (2d Cir.1986) (affirming decertification of a class after trial where evidence did not support the existence of the class). Indeed, the Court has the "duty of monitoring its class decisions in light of the evidentiary development of the case." *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983). Moreover, a party is not required to show new law, new facts, or procedural developments in its request for decertification because a motion to decertify a class is not governed by the standard applied to motions for reconsideration. *See Ballard v. Equifax Check Serv., Inc.*, 186 F.R.D. 589, 593 n.6 (E.D. Cal. 1999) (because court can alter or amend a prior class certification order under Rule 23(c)(1), it "need not consider whether 'reconsideration' is also warranted under Fed. R. Civ. P. 60(b)").

The law permits decertification at any time up through a final judgment, but even if a good cause standard needed to be met, the record here shows it has been. The original "motion cut off" date was March 17, 2020. ECF 113. Royal filed its first motion to decertify on that date. The Court denied it five months later without considering the merits of the decertification issues, choosing instead to address identical issues in the context of then-pending summary judgment motions. ECF 191 at 3. And that is what the Court did, disposing of the entire case in favor of Royal. ECF 208. In its summary judgment order, the Court held:

> "[T]here is clear evidence that an artificial or prerecorded voice was used on some occasions, but not every occasion… Plaintiffs now face problems with their certified class, since they now face individual inquiry issues as to which calls made to the class were made using a prerecorded voice and which were made without."

(*Id*. at 10-11).  However, the Court concluded that it "need not reach this issue" because it was entering summary judgment on the claims of the class and the named Plaintiffs based on vicarious liability, effectively mooting the timely raised decertification issues. *Id*. at 11.  Upon entry of summary judgment, the case before the district court was over and there was no reason for Royal to ask for, or for the Court to consider, decertification of the class.  When this case was resurrected fifteen months later by the Ninth Circuit Court of Appeals' partial reversal of summary judgment, the decertification issues were no longer moot, so Royal promptly filed its Second Motion to Decertify Class (ECF 241) (the "Second Motion to Decertify")[1].  The Court's binding factual findings in its summary judgment warrant decertification of the class.

Leave to file a motion to decertify (in a form substantially similar to ECF 241) pursuant to Rule 23(c)(1)(C) should be granted in order to address those timely raised issues for the first time; alternatively, the Court should find good cause for filing the Motion after the expiration of the "motion cut-off" deadline in the prior scheduling order because good cause exists.[2]

---

[1] The Court denied Royal's Second Motion to Decertify as untimely.  ECF 259 ("Order") at 5-6.  The Court found Royal did not seek leave, and identify good cause, to file the Motion beyond a "motion cut-off" date in an outdated scheduling order.  *Id*.  But Royal was not required to do so; and even if the Court determines good cause must be shown, the record satisfies that standard.

[2] In its contemporaneously filed Motion for Certification Pursuant to 28 U.S.C. 1292(b), Royal submits that the passage of a date in a scheduling order does not bar a defendant from bringing a motion to decertify a class based on factual or procedural developments that post-date the due date in the scheduling order, and

# ARGUMENT

## I. Courts Can Decertify a Class at any Time under Rule 23(c)(1)(C), and Have a Continuing Duty to Monitor Compliance with Rule 23 after Certification

### a. Legal Standard for Class Decertification

Under Federal Rule of Civil Procedure 23(c)(1)(C), "[a] district court may decertify a class at any time." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *see also Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 633 (9th Cir.1982) (describing a class certification order as "inherently tentative"). In deciding whether to decertify, a court may consider "subsequent developments in the litigation," *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982), including "previous substantive rulings in the context of the history of the case, and ... the nature and range of proof necessary to establish the class-wide allegations," *Marlo v. UPS*, 251 F.R.D. 476, 479 (N.D. Cal. 2008). Decertification is warranted when "materially changed or clarified circumstances" show the basis for granting class certification no longer exists or never existed. *In re Methionine Antitrust Litig.*, 2003 WL 22048232 * 4 (N.D. Cal. Aug. 26, 2003).

The standard is the same for class decertification as it is with class certification: the plaintiff must satify the district court that the requirements of Rule 23(a) and (b) are met to allow plaintiffs to maintain the action on a representative basis. *Marlo v. UPS*, 639 F.3d 942, 947 (9th Cir. 2011).[3] The court *must* decertify a class if at any time it appears that the requirements for

---

asks the Court to certify that question as a controlling issue of law in its Order denying the Motion.

[3] "To the extent that pre-*Marlo* cases conclude that a defendant bears the burden on a motion to decertify of demonstrating that 'the elements Rule 23 have not been established,' *Gonzales v. Arrow Fin. Servs. LLC*, 489 F.Supp. 2d 1140 (S.D. Cal. 2007), these cases are no longer good law." *Negrete v. Allianz Life Ins. Co.*, 287 F.R.D. 590 (C.D. Cal. 2012).

3

class certification under Rule 23 are not met. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 651 (C.D. Cal. 2000). Indeed, "[u]nder Rule 23 the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case. The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts." *Richardson*, 709 F.2d at 1019; *see also Cole v. CRST, Inc.*, 317 F.R.D. 141, 144 (C.D. Cal. 2016) ("[t]he Court has a continuing duty to ensure compliance with class action requirements pursuant to Rule 23, and therefore may decertify a class at any time") citing *Falcon*, 457 U.S. at 160.

Additionally, a motion to decertify a class is not governed by the standard applied to motions for reconsideration, and does not depend on a showing of new law, new facts, or procedural developments after the original decision. *Ballard*, 186 F.R.D. at 593 n.6 (court can reconsider previously-asserted arguments to decertify class under Rule 23(c)(1)). "Because Defendants' motion assists the Court in performing its role as gatekeeper, or manager, of the class action, the motion should not be denied on the ground that it impermissibly recounts old facts and law....". *Slaven*, 190 F.R.D. at 652.

Moreover, a party *is not* required to satisfy the good cause standard of Rule 16 to file a motion for decertification after the expiration of the motion filing deadline in a scheduling order. *Rosales*, 2014 WL 321159, at * 4. In *Rosales*, the defendant moved for decertification of a class and moved to modify the scheduling order in the case, as the deadline for filing dispositive motions had expired. *Id*. at *2-3. The Court found that the motion for decertification was a dispositive motion, it was filed five months after the deadline for filing such motions, and the defendant failed to act with diligence to satisfy the good cause standard of Rule 16. *Id*. at 4. However, the Court "disregarded" the motion to modify the scheduling order and considered the motion for decertification

"because the court can consider a motion for decertification under Fed.R.Civ. P 23(c)(1)(C) to alter or amend a class certification before final judgment, [so] whether the scheduling order should be amended is irrelevant." *Id.*

> **b. Materially Changed Circumstances and Developments in the Case Require the Court to Exercise its Duty to Monitor its Prior Class Decision and Consider the Merits of Royal's Motion**

The Court granted class certification on March 27, 2019, certifying a Class of persons called on behalf of Royal and a Subclass of those persons whose calls were transferred to Royal. ECF 87. In doing so, the court rejected Royal's arguments that certification should be denied because Plaintiffs lacked evidence to show Royal was vicariously liable for calls placed by non-party Prospects DM, Inc. ("Prospects") or to show calls were made using an automated telephone dialing system ("ATDS") or pre-recorded or artificial voice. The Court found them to be inappropriate "merits arguments" that could be addressed on a classwide basis. *Id.* at 22. The majority of the Court's analysis concerned the heavily briefed issue of consent. The Court rejected Royal's argument that class certification was improper because individual inquiries would be required to refute written records of consent for the calls. The Court noted that Plaintiffs offered a "compelling theory" that all of the consent records were "manufactured" that could possibly address consent on a classwide basis. *Id.* at 60. The Court relied upon Plaintiffs' *proffer* of evidence they *planned* to obtain in discovery that they claimed would support their manufactured-consent theory. *Id.* at 18-19.[4]

After granting class certification, the Court entered a Scheduling Order (ECF 91) requiring fact discovery to be completed by October 18, 2019. The

---

[4] The evidence that Plaintiffs proffered was later found inadmissible, and their expert on the issue, Wesley Weeks, was stricken. ECF 259.

5

Court later entered an Amended Scheduling Order (ECF 113), resetting the discovery cut-off for February 18, 2020, and motion deadline for March 17, 2020, based upon a joint motion from the parties noting that extensions were needed to "permit Plaintiffs to obtain the requested third-party discovery from out-of-country vendor." Plaintiffs never obtained the evidence they had proffered, as they recently acknowledged. ECF 240 at 5. Plaintiffs never pursued discovery from a third-party vendor located in Romania, SC Objects, that was contracted by Prospects to dial all of the calls in this case. On the last day before the discovery cut-off, Plaintiffs deposed Joshua Grant, the president of Prospects, and obtained testimony showing an artificial or prerecorded voice was used on some calls but not all calls. Grant Dep. (ECF 241-2) at 41:167-42:168, 51:225.

After the close of discovery, both Plaintiffs and Royal moved for decertification, citing materially changed circumstances arising from the evidentiary development of this case. On March 4, 2020, Plaintiffs moved for decertification of the Class, citing their lack of evidence to show what calls made by Prospects were placed on behalf of Royal. ECF 132 at 5. On March 17, 2020, Royal moved for decertification of the remaining Subclass, noting that Plaintiff failed to obtain evidence to address consent on a classwide basis. ECF 143 at 2, 12-21. Royal also urged the Court to decertify the Subclass because Plaintiff lacked classwide evidence to prove all calls were made using an ATDS or prerecorded or artificial voice. *Id*. at 22-23.

On August 10, 2020, the Court granted Plaintiffs' motion, decertifying the larger class. ECF 191. In the same Order, *the Court noted it possessed "broad discretion to revisit class certification **throughout** the legal proceedings"* and exercised its discretion to deny Royal's motion *at that time*. *Id*. at 2 [emphasis

added].[5]  In doing so, the Court explained that it would address Royal's arguments in ruling on the parties' then-pending summary judgment motions. *Id*. at 2-3.

Five months after the order on the competing motions to decertify, on January 29, 2021, the Court issued its ruling on the cross-motions for summary judgment. Having now considered the evidentiary record in connection with the summary judgment briefing, the Court concluded that "[t]here is simply no evidence as to whether an ATDS was or was not used." ECF 208 at 10. The Court further found that an artificial or prerecorded voice was used on some calls, but not every call, such that ***"Plaintiffs now face problems with their certified class, since they now face individual inquiry issues as to which calls made to the class were made using a prerecorded voice and which were made without."*** *Id*. at 11 [emphasis added]. Additionally, given that Plaintiffs failed to obtain any evidence to support their manufactured consent theory, the Court noted that only the named Plaintiffs have disputed the validity of consent records for the calls they received, which raised an issue of fact for the jury "with respect to the named Plaintiffs." *Id*. at 14. This means that similar individualized inquiries would be necessary to refute written records of consent for each and every other class member.

Though these rulings – not made until after the ruling on the prior timely-filed first motion to decertify – clearly demonstrate the impropriety of this case proceeding as a class, because the Court entered summary judgment on *all claims* in favor of Royal, the issues supporting decertification were not

---

[5] By the time the Court ruled on these motions, the parties had filed and briefed a plethora of motions, including motions for summary judgment, and the Court had granted the parties' joint motion to vacate the August 18, 2020, trial setting so the Court could rule on the motions, which the Court agreed could significantly impact the evidence and issues for trial. ECF 186.

addressed in the context of Rule 23. There was no need for the Court to then consider decertification,[6] just as the Court chose to deny Royal's three timely-filed motions to exclude Plaintiffs' experts as moot. *Id*. With the partial reversal of summary judgment, all of these issues were back in play and ripe for rulings by the Court. In fact, in the same Order denying the Motion, the Court not only considered, but granted, Royal's renewed motions to exclude Plaintiffs' three experts. ECF 259 at 13. Their exclusion constitutes additional changed circumstances warranting decertification, as the Plaintiffs relied upon these experts in obtaining class certification in the first place.

The evidentiary development of the case – with the close of discovery in 2020, as found by the Court in granting summary judgment in 2021, and with the Court's exclusion of Plaintiffs' experts in September 2022 – requires the Court determine the continued propriety of class certification in this case. Fed.R.Civ. P 23(c)(1)(C); *Marlo v. UPS*, 639 F.3d at 947. The Court independently concluded the "Plaintiffs now face problems with their certified class." ECF 208 at 11. At the same time, the Court ended the case on the merits. That there was a partial reversal on appeal does not mean these issues should not now be resolved in accordance with Rule 23. The Court should address those problems now, before trial. Royal's Second Motion to Decertify will assist the Court in "performing its role as gatekeeper, or manager, of the class action" and discharging its "duty of monitoring its class decisions in light of the evidentiary development of the case." *Slaven*, 190 F.R.D. at 652; *Richardson*, 709 F.2d at 1019.

**II.   To the Extent Required to be Shown, Good Cause Exists**

A scheduling order may be modified on a showing of good cause. Fed. R. Civ. P. 16(b). Ordinarily, good cause will be found to exist when the deadline

---

[6] *See Id*. at 11 (the Court "need not reach" lack of classwide evidence to prove an artificial or prerecorded voice was used); at 14 (consent issue "is moot").

8

could not "be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Factors to consider in assessing diligence include (1) the party was diligent in assisting the Court in creating a Rule 16 Scheduling Order; (2) notwithstanding diligent efforts to comply, the development of unforeseeable or unanticipated matters caused noncompliance with a Rule 16 deadline and (3) there was no delay in seeking an amendment to a Rule 16 order, once the delay became apparent. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012).

Royal has diligently sought consideration of these issues throughout the unforeseeable and unanticipated history of this case. Royal's arguments in support of decertification were first *timely* asserted in March 2020 (ECF 143), prior to the "motion cut off" deadline in the then-controlling Scheduling Order. ECF 113. That timely filed motion was denied. ECF 191. The Court's denial of that motion was in deference to then-pending summary judgment motions. *Id.* at 3. Summary judgment was granted in favor of Royal on January 29, 2021 (ECF 208) – after denial of its first motion to decertify. In the summary judgment order, the Court made several findings – now law of the case – that support decertification. Of course, the Court did not consider those findings in the context of Rule 23 at that time because the case was over. When summary judgment was partially reversed fifteen months later, Royal promptly filed the Second Motion to Decertify. ECF 241.

Moreover, any perceived delay was a result of the case being on appeal and an otherwise reasonable and good faith interpretation of the law, not the lack of diligence. Royal is filing this motion for leave within twenty-one days of the Court's Order.[7] The basis for the Motion did not arise until ***after*** the cut-off date

---

[7] Moreover, the Order also granted Royal's three motions to exclude Plaintiffs' expert witnesses – "materially changed circumstances" from the evidentiary

9

in the then-controlling scheduling order and it just so happened that it was the same day the case was concluded. There could be no perceived delay or no failure to comply with the scheduling order prior to the summary judgment order and now prior to the Court's *Daubert* rulings on September 30, 2022, particularly when the case was on appeal for fifteen months in between. Royal filed the Second Motion to Decertify within a month after this case was returned from appeal and seven days *before* the case was reassigned. ECF 245. There was no delay on the part of Royal in presenting these issues to the Court, and no lack of diligence in seeking a ruling on the merits of these arguments.

Good cause exists for the Court to consider the Second Motion to Decertify and address the merits of arguments supporting decertification that were timely presented to the Court in March 2020, and found by the Court to be meritorious but disregarded only as moot given the entry of summary judgment. The issues raised by Royal *and the Court* about the insufficiency of classwide evidence in this case trigger the Court's duty to ensure that the class certified years earlier remains in compliance with the requirements of Rule 23.

## CONCLUSION

Based upon the forgoing, Royal respectfully requests entry of an Order granting Royal leave to re-file its Second Motion to Decertify (ECF 241).

DATED: October 24, 2022.

                            Respectfully submitted,

                            **GREENSPOON MARDER LLP**

                            /s/ *Jeffrey A, Backman*
                            JEFFREY A. BACKMAN (Fla. Bar No. 662501)

---

development of the case that arose *after the Motion was filed* and constitute additional grounds to revisit the propriety of class certification under Rule 23.

Jeffrey.Backman@gmlaw.com
RICHARD W. EPSTEIN (Fla Bar No. 229091)
Richard.Epstein@gmlaw.com
200 E. Broward Blvd, Suite 1800
Fort Lauderdale, Florida 33301
Tel: 954.527.2427
Fax: 954.333.4027
*Admitted Pro Hac Vice*

BRIAN R. CUMMINGS (Fla. Bar No. 25854)
Brian.Cummings@gmlaw.com
401 E. Jackson St., Suite 3650
Tampa, Florida 33602
Tel: 813.769.7020
Fax: 813.426.8582
*Admitted Pro Hac Vice*

GERMAIN D. LABAT (Calif. Bar No. 203907)
Germain.Labat@gmlaw.com
1925 Century Park East, Suite 1900
Los Angeles, CA 90067-3004
Tel: 424.204.7700
Fax: 424.204.7702

Attorneys for Defendant *Royal Seas Cruises, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was has been served electronically filed with the Clerk of Court by using CM/ECF service which will provide copies to all counsel of record set forth on the Service List below who are registered to receive CM/ECF notification as reflected on the Service List on this 24th day of October, 2022.

By:     /s/ *Jeffrey A, Backman*
         Jeffrey A. Backman

## SERVICE LIST

Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
Kevin Lemieux, Esq.
kevin@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, Esq.
ak@kazlg.com
Matthew M. Loker, Esq.
ml@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff John McCurley*

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Meghan E. George, Esq.
Thomas Wheeler, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
(877) 206-4741
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff Dan DeForest*