UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCURLEY, individually and on behalf of all others similarly situated, et al.<br><br>Plaintiffs<br><br>v.<br><br>ROYAL SEAS CRUISES, INC.,<br><br>Defendant. | Case No.: 17-CV-986-RHS-AGS<br><br>**ORDER DENYING DEFENDANT'S (1) MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. 1292(b) AND (2) MOTION FOR LEAVE TO FILE MOTION TO DECERTIFY CLASS**<br><br>**[ECF Nos. 264, 265]** |

Pending before the Court are two motions filed by defendant Royal Seas Cruises, Inc. ("Royal" or "Defendant"): Defendant's (1) Motion for Certification Pursuant to 28 U.S.C. § 1292(b) (ECF No. 264, the "Motion for Certification"), and (2) Motion for Leave to File a Motion to Decertify the Class (ECF No. 265, the "Motion for Leave"). As further described below, both Motions are denied.

I.   **BACKGROUND**

Defendant's Motions were filed against the backdrop of the Court's Order, dated September 30, 2022, denying as untimely Defendant's renewed motion to decertify the

class, and provisionally granting Defendant's motions to exclude reports and testimony of Plaintiff's experts (the "Order"). ECF No. 259.

The Order sets forth the relevant procedural history, but in brief: The motion filing cutoff in this case was March 17, 2020. ECF No. 113 (Scheduling Order dated Oct. 10, 2019). Defendant timely filed its initial motion to decertify on that date. ECF No. 143. On August 10, 2020, the Court denied that motion to decertify. ECF No. 191. On June 16, 2022, Defendant filed its (renewed) decertification motion. ECF No. 241.

In denying Defendant's renewed decertification motion as untimely, the Court explained in the Order:

> Here, Defendant filed its Decertification Motion—in effect, a motion for reconsideration—approximately 27 months after the initial motion cutoff. Defendant did not seek leave to file this motion, and has not asked for an extension of the motion cutoff or attempted to make a showing of good cause. Indeed, although Plaintiffs' opposition brief argues that the Decertification Motion violates the motion cutoff date, ECF No. 248 at 1, Defendant's reply simply ignores the argument and makes no mention whatsoever of the motion cutoff.
>
> The fact that the pending Decertification Motion is seeking reconsideration of a motion that was timely filed, and that was denied by the Court, does not change the analysis of timeliness. Defendant does not claim to be presenting newly discovered evidence or intervening Supreme Court or Ninth Circuit precedent. Nor did the fact of an appeal to the Ninth Circuit of the Court's Order granting summary judgment to Defendants somehow revive or reset the long-since-expired motion cutoff.
>
> Defendant has not undertaken to show good cause for renewing a motion, over two years after the motion filing cutoff, that had previously been denied. The Court declines to exercise its discretion to consider the Decertification Motion. Accordingly, the Decertification Motion is DENIED.

ECF No. 259 at 6.

Defendant had also timely filed motions to exclude testimony of Plaintiffs' expert witnesses. These motions were denied as moot when the Court granted summary judgment

to Defendant. ECF No. 208. After the Court of Appeals reversed in part this Court's grant of summary judgment, ECF No. 228, Defendant renewed these motions. In its Order, the Court chose to treat these renewed motions as timely, construing them as being directed to the exclusion of expert testimony at trial. ECF No. 259 at 6. However, the Parties' briefing on these motions was largely a re-filing of briefing from years ago at the class certification or summary judgment stage and was not focused on trial. In its Order, the Court *provisionally* granted the motions, specifying for Plaintiff in each instance the conditions that would need to be met before expert testimony could be offered at trial. *Id.* at 7-12. Defendant's current Motions do not take issue with this aspect of the Order.

In Defendant's Motion for Leave, Defendant now seeks leave to file, in substance, the renewed decertification motion that it previously filed on June 16, 2022. ECF No. 265-1 at 3. Separately, Defendant's Motion for Certification requests that this Court certify for interlocutory appeal the following question:

> Can the passage of a date in a scheduling order bar a defendant from bringing a motion to decertify a class, when the motion to decertify is based on factual or procedural developments that post-date the due date in the scheduling order?

ECF No. 264-1 at 2.

## II.  MOTION FOR CERTIFICATION

Pursuant to 28 U.S.C. § 1292(b), this Court may certify an otherwise unappealable interlocutory order for immediate appellate review, where it concludes: (1) that there is a controlling question of law (2) as to which there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* Even when these certification requirements of section 1292(b) are met, the district court retains discretion to deny a motion to certify. *See Smith v. Martorello*, No.

18-cv-1651-AC, 2022 WL 1749875, at *1 (D. Or. Mar. 4, 2022). District courts should certify non-final orders under § 1292(b) only in "rare circumstances," and "[e]ven where the district court makes such a certification, the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

Here, the question that Defendant poses is not appropriate for certification. As explained in the Order, the problem for Defendant was not merely "the passage of a date in a scheduling order." The problem was that Defendant did not request leave for renewing its motion to decertify years after the motion cutoff, did not attempt to show good cause, and chose to ignore altogether – in effect, chose not to oppose – Plaintiff's argument that the motion cutoff had passed. These factors together led the Court to decline to exercise its discretion to hear the motion.

Furthermore, although Defendant's proposed question for certification refers to "factual or procedural developments that post-date the due date in the scheduling order," Defendant does not identify any such *factual* developments – only what Defendant insists is the Plaintiff's failure to further develop facts. With regard to *procedural* developments, Defendant principally argues that its renewed motion to decertify should have been granted because of comments made by the Court in its order granting Defendant's motion for summary judgment (a ruling that was later reversed in part on appeal). ECF No. 264-1 at 2. These comments were, on their face, dicta; although the Court stated that "Plaintiffs now face problems with their certified class," it continued that it "need not reach this issue." ECF No. 208 at 11. These remarks do not entitle Defendant to decertification.

In short, the question that Defendant proposes for certification, while it may be of interest in the abstract, is not consistent with the record before the Court – either with the language of the Court's Order that Defendant seeks to appeal, or with the state of the factual record that Defendant has put forward. Certification of such a question would create undue delay and result in prejudice to Plaintiff without materially advancing the ultimate termination of this case.

### III. MOTION FOR LEAVE

Defendant's Motion for Leave argues that a district court may decertify a class at any time prior to final judgment, that Defendant was not required to seek leave to file its motion to decertify 27 months after the motion cutoff; and that Defendant had "good cause" to file such a motion. ECF 265-1 at 4, 8.

The Court agrees that it has the authority to revisit the issue of decertification prior to final judgment. This case is but months away from trial. Based on the evidence actually presented at trial, there may be a basis for the Court to again consider decertification at that time.

The Court respectfully disagrees with Defendant on the remaining points. Nothing in the applicable scheduling orders indicated an exception to the motion cutoff to allow Defendant to reiterate its arguments in favor of decertification. In Defendant's briefing on its renewed motion for decertification, Defendant could have responded to Plaintiff's argument that the motion was untimely under the Court's scheduling order. Defendant simply ignored that argument, and ignored the Court's scheduling order.

The Court is familiar with the language that Defendant quotes from the Court's order granting summary judgment, to the effect that "Plaintiffs now face problems with their certified class." ECF No. 208 at 11. However, as explained above, that language is dicta. The Court declines to use it as a basis to revisit decertification where there have been no meaningful developments in the factual record. Nor does the Court's recent provisional granting of Defendant's motion to exclude Plaintiff's experts create an occasion to revisit decertification at this time. At trial, Plaintiff either will or will not succeed in offering admissible testimony through its experts consistent with the Court's Order. Based on the evidence presented at trial, renewed consideration of decertification may be appropriate.

//
//
//
//

IV.  **CONCLUSION**

For the reasons stated above, Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [ECF No. 264] and Motion for Leave to File a Motion to Decertify the Class [ECF no. 265] are **DENIED**.

**IT IS SO ORDERED**.

Dated:  January 20, 2023

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge